IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Hawkins and HawkLaw, PA, | ) | C/A No.: |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| | ) | |
| versus | ) | |
| | ) | |
| The South Carolina Commission on | ) | |
| Lawyer Conduct, Christopher G. Isgett | ) | |
| The South Carolina Office of Disciplinary | ) | |
| Counsel, John S. Nichols and Alan Wilson, | ) | |
| South Carolina Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NATURE OF CASE

1. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against Defendants challenging unconstitutional rules Defendants have attempted to enforce against Plaintiffs.  As outlined and pleaded more fully below, Plaintiffs are an attorney and a law firm licensed to practice law and in fact practicing law in South Carolina.  Collectively, Defendants have implemented and attempted to enforce various rules regulating Plaintiffs' commercial speech in violation of the First and Fourteenth Amendments to the United States Constitution.  As outlined and pleaded more specifically below, these rules, as written and on their face violate the First Amendment and Fourteenth Amendment and Defendants' attempted enforcement of these rules against Plaintiffs also violates the First Amendment and Fourteenth Amendment.

## JURISDICTION

2. This lawsuit raises issues of federal Constitutional law and the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

1

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events giving rise to action occurred predominantly in this judicial district.

## PARTIES

4. Plaintiff, John Hawkins, is a lawyer licensed to practice law and in fact practicing law in the State of South Carolina. At all times relevant to this action Mr. Hawkins has remained a practicing lawyer in good standing with the South Carolina Bar. Mr. Hawkins is a resident of South Carolina.

5. Plaintiff, HawkLaw, PA is a professional association organized and existing under the laws of the state of South Carolina with its principal place of business located in South Carolina.

6. On information and belief, the South Carolina Commission on Lawyer Conduct (hereinafter "Commission") was created by the South Carolina Supreme Court for the purpose of investigating and prosecuting complaints of attorney misconduct by attorneys in South Carolina. More specifically, the Commission is charged with investigating and prosecuting attorneys who are accused of violating the South Carolina Rules of Professional Conduct (hereinafter "RPC").

7. At all times relevant to this action, Defendant, Christopher Isgett, was the Chairman of the Commission and as such was acting as a state actor at all times relevant to this action.

8. On information and belief, the South Carolina Office of Disciplinary Counsel (hereinafter "ODC") was created by the South Carolina Supreme Court for the purpose of investigating and prosecuting complaints of attorney misconduct by attorneys in South

Carolina. More specifically, ODC is charged with investigating and prosecuting attorneys who are accused of violating the RPC.

9. Defendant, John S. Nichols, is the Chief Disciplinary Counsel at ODC and is lead prosecutor in attorney misconduct cases brought by ODC. As such he was acting as a state actor at all times relevant to this action.

10. Defendant, Alan Wilson, is Attorney General for South Carolina. He is a named party in his official capacity as Attorney General and as chief prosecutor for the State of South Carolina.

## FACTUAL ALLEGATIONS

11. Lawyers in South Carolina, specifically including Plaintiffs, are required to fully and completely comply with the South Carolina Rules of Professional Conduct, SCACR 403 (hereinafter "RPC").

12. The failure to comply with the RPC or the violation of the RPC could subject a lawyer including the Plaintiffs to discipline including disbarment or suspension of their law license.

13. Among other requirements, Rule 7.2(b) RPC provides that "[a] lawyer is responsible for the content of any advertisement or solicitation placed or disseminated…."

14. Rule 7.2(d) RPC also provides: "Any communication made pursuant to this Rule shall include the name and office address of at least one lawyer responsible for its content."

15. In compliance with Rule 7.2(d) Plaintiff, John Hawkins, is the "lawyer responsible for the content" of ads and communications from HawkLaw, PA for all ads and communications relevant to this action.

16. As such, ads from HawkLaw, PA that Defendants seek to prosecute for failing to comply with the RPC could subject John Hawkins to disciplinary action up to disbarment or suspension of his law license.

17. On multiple occasions, Defendants have implemented investigations against Plaintiffs based on allegations that Plaintiffs have violated the RPC with regard to various advertising Plaintiffs utilize.

18. Defendants are currently prosecuting Plaintiffs because they allege Plaintiffs violated the RPC in various advertisements and communications with prospective clients.

19. As outlined and pleaded more specifically below, Defendants' actions violate Plaintiff's vital rights of free expression prohibited by the First and Fourteenth Amendments to the United States Constitution.

### Rule 7.1(e) is Facially Unconstitutional

20. In relevant part, RPC Rule 7.1(e) provides:  "A lawyer shall not make false, misleading or deceptive communications about the lawyer or the lawyer's services.  A communication violates this rule if it: (e) contains a nickname, moniker or trade name that implies an ability to obtain results in a matter."

21. Rule 7.1(e) is facially unconstitutional because it violates the First Amendment in that it does not directly advance any substantial government interest.

22. In addition, Rule 7.1(e) is facially unconstitutional because it violates the First Amendment in that it is not narrowly tailored because it does not reasonably fit in advancing any purported government interest.

## Rule 7.1(e) is Unconstitutional as Applied to Plaintiffs by Defendants

23. As applied by Defendants against Plaintiffs, Rule 7.1(e) is unconstitutional because Plaintiffs' use of the terms "HawkLaw" and "The Hawk" are not misleading.

24. On information and belief, Defendants have no evidence that Plaintiffs' use of the terms "HawkLaw" or "The Hawk" "implies an ability to obtain results in a matter."

25. Without evidence that Plaintiffs use of the terms "HawkLaw" or "The Hawk" are misleading and without evidence that either term "implies an ability to obtain results in a matter," Defendants have no substantial state interest in prohibiting Plaintiffs from using these terms.

26. Moreover, Defendants attempts to investigate and prosecute Plaintiffs for using "HawkLaw" and "The Hawk" in advertising and communications are unconstitutional because Defendants' efforts are not narrowly tailored in advancing any substantial interest Defendants may have, and Defendants' initiation of disciplinary actions against Plaintiffs have a chilling effect on free speech in violation of the First Amendment.

## Portions of Rule 7.2(a) are Facially Unconstitutional

27. RPC Rule 7.2(a) provides in relevant part:  "All advertisements shall be predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selection of a lawyer predominates and the communication includes only a minimal amount of content designed to attract attention to and create interest in the communication."

28. That portion of Rule 7.2(a) quoted in the preceding paragraph is facially unconstitutional under the First Amendment because it dictates the content of lawyer advertisements "in both quantity and quality" without advancing any substantial government interest.

29. That portion of Rule 7.2(a) referenced and quoted in the preceding paragraphs is facially unconstitutional under the First Amendment because it is not narrowly tailored and does not reasonably fit in advancing any purported government interest.

30. That portion of Rule 7.2(a) referenced and quoted in the preceding paragraphs is facially unconstitutional under the Fourteenth Amendment's Due Process Clause because it is vague and ambiguous.

31. More specifically, as written the rule draws a distinction between "content designed to attract attention to and create interest in the communication" and "factual information rationally related to the need for and selection of a lawyer."  As written the rule implies these are mutually exclusive when in truth and in reality, they are not (i.e. content designed to attract attention to and create interest in the communication" may also convey "factual information rationally related to the need for and selection of a lawyer").

32. Moreover, what a "minimal amount of content designed to attract attention," what "predominates" the ad, and what is "factual information rationally related to the need for and selection of a lawyer" are so subjective, vague and ambiguous the entire rule as written should be declared unconstitutional.

**Portions of Rule 7.2(a) are Unconstitutional as Applied by Defendants to Plaintiffs' ads**

33. That portion of Rule 7.2(a) referenced and quoted in the preceding paragraphs is unconstitutional as applied to Plaintiffs by Defendants.

34. More specifically, Defendants' attempts to restrict Plaintiffs' use of the terms "Hawk Law," "The Hawk" or the sound of a screeching hawk are arbitrary and capricious because they do not promote any substantial government interest and are not narrowly tailored in promoting any state interest.

35. Rather, Defendants have attempted to unconstitutionally enforce these rules selectively against Plaintiffs because Defendants personally find Plaintiffs' ads distasteful and unlikeable without evidence that they mislead, cause confusion, or otherwise undermine any substantial government interest.

36. Defendants' initiation of disciplinary actions against Plaintiffs has a chilling effect on free speech in violation of the First Amendment.

### Rule 7.1(c)  is Facially Unconstitutional

37. In relevant part, RPC Rule 7.1 provides: "A lawyer shall not make false, misleading, or deceptive communications about the lawyer or lawyers services.  A communication violates this rule if it: … (c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated."

38. As written the rule quoted in the preceding paragraph violates the First Amendment because not all comparisons that cannot be factually substantiated are necessarily false, misleading or deceptive nor do they necessarily mislead or confuse the public.

39. As such the rule quoted above is unconstitutionally overbroad in that the state has not narrowly tailored a rule that reasonably fits a substantial government interest.

40. Additionally, the rule quoted above is unconstitutionally vague and ambiguous.

### Rule 7.1(c) is Unconstitutional as Applied by Defendants to Plaintiffs' ads

41. Defendants' application of Rule 7.1(c) (as quoted above) is unconstitutional.

42. In various ads, Plaintiffs have used the phrase "expect more."

43. On multiple occasions Defendants have instituted actions against Plaintiffs pursuant to Rule 7.1(c) for the specific use of the phrase "expect more" with no evidence that this

phrase specifically or as used in the context of Plaintiffs' advertising is false, misleading or deceptive.

44. Without evidence that Plaintiffs' advertising use of the phrase "expect more" is false, misleading or deceptive, Defendants cannot demonstrate that their attempted enforcement against Plaintiffs advances any substantial governmental interest.

45. In other advertisements, Plaintiffs indicate that they are not "funny money guys in suits," and Defendants have opened an investigation into Plaintiffs' use of this phrase by claiming Plaintiffs' ads compare Plaintiffs to other lawyers in violation of Rule 7.1(c).

46. On information and belief, Defendants have no evidence that Plaintiffs' advertisements claiming they are not "funny money guys in suits" are false, misleading or deceptive.

47. Without such evidence, Defendants have no legitimate interest in restricting Plaintiffs' speech where Plaintiffs claim they are not "funny money guys in suits" and Defendants' initiation of disciplinary actions against Plaintiffs have a chilling effect on free speech in violation of the First Amendment.

48. Moreover, Defendants' arbitrary and capricious enforcement of Rule 7.1(c) is not narrowly tailored to promote any legitimate governmental interest and is therefore unconstitutional.

## Defendants' Selective Enforcement of Rules 7.1 and 7.2 to Particular Ads is Unconstitutional

49. Defendants have selectively enforced Rules 7.1 and 7.2 against Plaintiffs in ways that unconstitutionally infringe on Plaintiffs' First Amendment free speech rights.

50. Some of Plaintiffs television ads have the sound of a screeching hawk in the background or portray actors or actresses making a screeching sound.

51. On information and belief, Defendants have no evidence that the screeching hawk sound misleads the public, implies that Plaintiffs can achieve results superior to other lawyers or promotes any other legitimate state interest.

52. Nonetheless, Defendants have opened investigations and are prosecuting Plaintiffs for, *inter alia*, using the screeching hawk sound which they now claim violates various provisions of Rules 7.1 and 7.2 despite having asserted in the past that the same sound did not violate those rules in other advertisements.

53. Without a legitimate state interest or actual evidence (beyond Defendants' subjective conclusions about the tastefulness of the screeching hawk), Defendants cannot infringe on Plaintiffs' Constitutionally protected free speech rights and Defendants' attempts to do so violate the First Amendment.

54. In other television ads Plaintiffs have used paid actors to present testimonials regarding settlements Plaintiffs have won for actual clients.

55. In compliance with applicable RPC, the ads disclose that they are using paid actors, the ads make clear that the results in one case do not guarantee similar results in another case, and the actual clients whose cases are reported in the advertisements have given written consent to Plaintiffs to advertise the results.

56. Moreover, the actual amounts and results advertised are truthful – i.e. Plaintiffs have in fact achieved the settlements and results they are advertising.

57. Nonetheless, Defendants have selectively and unconstitutionally attempted to sanction Plaintiffs for these ads in violation of Plaintiffs' First Amendment free speech rights.

58. More specifically, Defendants have claimed that an ad featuring a $3,000,000 settlement violates various provisions of the RPC because it features a paid actor who is dancing related to his satisfaction with the $3,000,000 settlement.

59. Defendants have also claimed that this ad does not provide enough information about the facts and circumstances giving rise to the $3,000,000 settlement (specifically "details of the severity of the accident"), while making no attempt to impose any such "details of the severity" requirement on other ads by Plaintiffs, and other South Carolina lawyers, that involve satisfied clients or actors portraying satisfied clients.

60. Furthermore, the RPC contains no such "details of the severity of the accident" requirement, and Defendants' attempt to selectively impose one only on specific advertisements is a selective and unconstitutional attempt to regulate personal taste and has a chilling effect on free speech in violation of the First Amendment.

61. On information and belief, Defendants have no evidence beyond their own subjective opinions that the ads featuring the $3,000,000 settlement misleads the public or that Defendants are furthering any other legitimate state interest.

62. Moreover, Defendants have no substantial governmental or state interest in restricting Plaintiffs' speech by prosecuting him for the $3,000,000 testimonial ad referenced above.

63. With no legitimate governmental or state interest, Defendants have and are currently violating Plaintiffs' First Amendment rights to free speech in prosecuting Plaintiffs using the disciplinary process to chill free speech.

64. In different ads featuring paid actors giving testimonials about a $1,000,000 settlement Defendants have also claimed that using paid actors with different genders and ethnicities gives the impression that Plaintiffs have achieved multiple $1,000,000 settlements as

opposed to a single settlement even though Plaintiffs' ads make no such claim or imply multiple settlements.

65. On information and belief, Defendants have no evidence to support their claims and have and continue to violate Plaintiffs' First Amendment free speech rights by prosecuting Plaintiffs with the force and power of the ODC process.

66. Defendants are also prosecuting Plaintiffs' use of various other advertisements featuring paid actors and actresses presenting other settlements Plaintiffs have obtained for other clients for $575,000, $360,000, $162,000, and $100,000.

67. As with the other ads referenced above, the fact that paid actors and actresses are used is disclosed in the ads in conformity with the RPC; actual clients have consented to the ads and the ads are, in fact, truthful representations about real results and real settlements.

68. In investigating and prosecuting Plaintiffs, Defendants claim that the ads referenced above are misleading because they do not include "details of the severity of the accident" that formed the basis for the settlement", while making no attempt to impose any such "details of the severity" requirement on other ads by Plaintiffs, and other South Carolina lawyers, that involve satisfied clients or actors portraying satisfied clients.

69. Furthermore, the RPC contains no such "details of the severity of the accident" requirement, and Defendants' attempt to selectively impose one only on specific advertisements is a selective and unconstitutional attempt to regulate personal taste and has a chilling effect on free speech in violation of the First Amendment.

70. On information and belief, Defendants have no evidence that these ads mislead the public or that Defendants' attempts to chill Plaintiffs' First Amendment free speech rights promotes any substantial government interest.

71. Nonetheless, Defendants have violated and continue to violate Plaintiff's fundamental right of free speech, protected by the First and Fourteenth Amendments, by prosecuting Plaintiff with the force and power of the ODC process for these ads including but not limited to filing and pursuing formal disciplinary charges against Plaintiffs based solely on Plaintiffs' constitutionally protected speech.

**WHEREFORE**, Plaintiffs seek the following relief from the court:

A. Issue an Order(s) declaring Rules 7.1(c), 7.1(e) and 7.2(a) of the South Carolina Rules of Professional Conduct facially unconstitutional as written;

B. In addition and/or in the alternative, issue an Order(s) declaring Defendants' enforcement of Rules 7.1(c), 7.1(e) and 7.2(a) of the South Carolina Rules of Professional Conduct against Plaintiffs unconstitutional as outlined and pleaded more fully above;

C. Issue an Order(s) declaring Defendants' enforcement of Rules 7.1 and 7.2 of the South Carolina Rules of Professional Conduct against Plaintiffs unconstitutional as outlined and pleaded more fully above;

D. Issue an Order that permanently enjoins Defendants from enforcing Rules 7.1(c), 7.1(e) and 7.2(a) of the South Carolina Rules of Professional Conduct;

E. Issue an Order(s) that permanently enjoins Defendants from enforcing Rules 7.1(c), 7.1(e) and 7.2(a) of the South Carolina Rules of Professional Conduct against Plaintiffs under the facts and circumstances outlined and pleaded more fully above;

F. Issue an Order(s) that permanently enjoins Defendants from enforcing Rules 7.1. and 7.2 of the South Carolina Rules of Professional Conduct against Plaintiffs under the facts and circumstances outlined and pleaded more fully above;

G. Issue an Order(s) granting Plaintiffs costs and attorney's fees pursuant to statutory law and/or court rules;

H. Grant such additional and further relief Plaintiffs are entitled to under the Constitution and law.

Respectfully submitted,

/s/ Robert D. Dodson
Robert D. Dodson
Federal I.D. Number 7249
Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, SC  29201
Telephone (803) 252-2600
Facsimile (803) 771-2259
Email: rdodson@rdodsonlaw.com