#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct, The South Carolina Office of Disciplinary Counsel,<br><br>　　　　　Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

Defendants The South Carolina Commission on Lawyer Conduct ("Commission") and The South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), for their answer and affirmative defenses to the Complaint of John Hawkins and HawkLaw, PA ("Plaintiffs"), allege as follows[1]:

### AS TO "NATURE OF CASE"

1.　　Paragraph 1 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants only admit that Plaintiffs are an attorney and a law firm licensed to practice law and practicing law in South Carolina and that they have brought this lawsuit pursuant to 42 USC § 1983. Defendants deny the remaining allegations in Paragraph 1 of Plaintiffs' Complaint and specifically deny that they have violated the First and Fourteenth Amendments to the United States Constitution. Defendants would show the Court that commercial speech protections under the United States Constitution extend only to

---

[1] Christopher G. Isgett and John S. Nichols were dismissed as defendants in this action on May 25, 2021, pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(i). ECF No. 13. South Carolina Attorney General Alan Wilson was dismissed on May 24, 2021, pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 12.

restrained and truthful attorney advertisements, and that the First Amendment does not protect attorney advertisements that mislead or deceive the public. Indeed, Defendants would show the Court that the government has a responsibility to the public to regulate commercial speech that is not truthful or that is misleading. As such, it may freely regulate commercial speech that is inherently misleading and may regulate speech that is potentially misleading when certain criteria are met.

## AS TO "JURISDICTION"

2.      Paragraph 2 of Plaintiffs' Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants only admit that Plaintiffs' Complaint asserts allegations that implicate the United States Constitution. Defendants deny any remaining allegations in Paragraph 2 of Plaintiffs' Complaint.

## AS TO "VENUE"

3.      Paragraph 3 of Plaintiffs' Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper but specifically deny any and all liability to Plaintiffs.

## AS TO "PARTIES"

4.      Defendants admit upon information and belief the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants admit upon information and belief the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendants admit the allegations in Paragraph 6 of Plaintiffs' Complaint subject to the proviso, and by way of additional answer, that the allegations in Paragraph 6 of Plaintiffs' Complaint do not set forth all of the powers and duties of the Commission as created under Rule 413 of the South Carolina Appellate Court Rules.

7. Paragraph 7 of Plaintiffs' Complaint contains legal conclusions to which no response is required and is directed at an individual who is not a Defendant in this action. To the extent a response is required, Defendants only admit that Christopher G. Isgett is the Chairman of the Commission. Defendants deny any remaining allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations in Paragraph 8 of Plaintiffs' Complaint subject to the proviso, and by way of additional answer, that the allegations in Paragraph 8 of Plaintiffs' Complaint do not set forth all of the powers and duties of the ODC.

9. Paragraph 9 of Plaintiffs' Complaint contains legal conclusions to which no response is required and is directed at an individual who is not a Defendant in this action. To the extent a response is required, Defendants only admit that John S. Nichols is the Disciplinary Counsel of the ODC. Defendants deny any remaining allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Paragraph 10 of Plaintiffs' Complaint contains legal conclusions to which no response is required and is directed at an individual who is not a Defendant in this action. To the extent a response is required, Defendants only admit that Alan Wilson is South Carolina's Attorney General. Defendants deny any remaining allegations in Paragraph 10 of Plaintiffs' Complaint.

## AS TO "FACTUAL ALLEGATIONS"

11. Defendants admit the allegations in Paragraph 11 of Plaintiffs' Complaint only insofar as they apply to Plaintiff John Hawkins ("Mr. Hawkins"). Defendants deny any remaining allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit the allegations of Paragraph 12 of Plaintiffs' Complaint only insofar as they apply to Mr. Hawkins and subject to the proviso, and by way of additional answer, that the allegations in Paragraph 12 of Plaintiffs' Complaint do not set forth all of the dispositions, including sanctions, available upon the violation of the Rules of Professional Conduct, found at Rule 407, of the South Carolina Appellate Court Rules (hereinafter, "RPC"). Defendants deny any remaining allegations in Paragraph 12 of Plaintiffs' Complaint.

13. No response is required to the allegations in Paragraph 13 of Plaintiffs' Complaint because Rule 7.2 (b) of the RPC speaks for itself, including the entirety of its text and content. To the extent a response is required, Defendants crave reference to Rule 7.2(b) of the RPC and deny any allegations in Paragraph 13 of Plaintiffs' Complaint inconsistent therewith.

14. No response is required to the allegations in Paragraph 14 of Plaintiffs' Complaint because Rule 7.2(d) of the RPC speaks for itself, including the entirety of its text and content. To the extent a response is required, Defendants crave reference to Rule 7.2(d) of the RPC and deny any allegations in Paragraph 14 of Plaintiffs' Complaint inconsistent therewith.

15. Paragraph 15 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit upon information and belief only that Mr. Hawkins "is the 'lawyer responsible for the content' of ads and communications from HawkLaw, PA, for all ads and communications relevant to this action." Defendants deny any remaining allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants admit, upon information and belief, the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants admit the allegations in Paragraph 17 of Plaintiffs' Complaint only insofar as they apply to Mr. Hawkins. Defendants deny any remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants admit only so much of the allegations in Paragraph 18 of Plaintiffs' Complaint as they allege, or may be construed to allege, that Defendants have investigated Mr. Hawkins for possible violations of the RPC in various advertisements. Except as is specifically admitted herein, any remaining allegations in Paragraph 18 of Plaintiffs' Complaint are denied.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiffs' Complaint.

### AS TO THE CLAIM THAT "RULE 7.1(e) IS _FACIALLY UNCONSTITUTIONAL"

20.     No response is required to the allegations in Paragraph 20 of Plaintiffs' Complaint because Rule 7.1(e) of the RPC speaks for itself, including the entirety of its text and content. To the extent a response is required, Defendants crave reference to Rule 7.1(e) of the RPC and deny any allegations in Paragraph 20 of Plaintiffs' Complaint inconsistent therewith.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint.

### AS TO CLAIM THAT "RULE 7.1(e) IS UNCONSTITUTIONAL AS APPLIED TO PLAINTIFFS BY DEFENDANTS"

23.     Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

### AS TO CLAIM THAT "PORTIONS OF RULE 7.2(a) ARE FACIALLY UNCONSTITUTIONAL"

27.     No response is required to the allegations in Paragraph 27 of Plaintiffs' Complaint because Rule 7.2(a) of the RPC speaks for itself, including the entirety of its text and content. To

the extent a response is required, Defendants crave reference to Rule 7.2(a) of the RPC and deny any allegations in Paragraph 27 of Plaintiffs' Complaint inconsistent therewith.

28. Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

### AS TO CLAIM THAT "PORTIONS OF RULE 7.2(a) ARE UNCONSTITUTIONAL AS APPLIED BY DEFENDANTS TO PLAINTIFFS' ADS"

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

### AS TO CLAIM THAT "RULE 7.1(c) IS FACIALLY UNCONSTITUTIONAL"

37. No response is required to the allegations in Paragraph 37 of Plaintiffs' Complaint because Rule 7.1(c) of the RPC speaks for itself, including the entirety of its text and content. To the extent a response is required, Defendants crave reference to Rule 7.1(c) of the RPC and deny any allegations in Paragraph 37 of Plaintiffs' Complaint inconsistent therewith.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

### AS TO CLAIM THAT "RULE 7.1(c) IS UNCONSTITUTIONAL AS APPLIED BY DEFENDANTS TO PLAINTIFFS' ADS"

41. Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants admit, upon information and belief, the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

**AS TO CLAIM THAT "DEFENDANTS' SELECTIVE ENFORCEMENT OF RULES 7.1 AND 7.2 TO PARTICULAR ADS IS UNCONSTITUTIONAL"**

49. Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants admit, upon information and belief, the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants are without information or belief to form an opinion as to the truth of the allegations in Paragraph 54 of Plaintiffs' Complaint and, therefore, deny the same.

55. Defendants are without information or belief to form an opinion as to the truth of the allegations in Paragraph 55 of Plaintiffs' Complaint and, therefore, deny the same.

56. Defendants are without information or belief to form an opinion as to the truth of the allegations in Paragraph 56 of Plaintiffs' Complaint and, therefore, deny the same.

57. Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

58. Defendants admit the allegations in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants only admit so much of the allegations in Paragraph 59 of Plaintiffs' Complaint as they allege, or may be construed to allege, that the referenced "ad does not provide enough information about the facts and circumstances giving rise to the $3,000,000 settlement (specifically 'details of the severity of the accident') . . ." Except as is specifically admitted herein, any remaining allegations in Paragraph 59 of Plaintiffs' Complaint are denied.

60. Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint.

63. Defendants deny the allegations in Paragraph 63 of Plaintiffs' Complaint.

64. Defendants admit only so much of the allegations in Paragraph 64 of Plaintiffs' Complaint as they allege that in "different ads featuring paid actors giving testimonials about a $1,000,000 settlement Defendants have also claimed that using paid actors with different genders and ethnicities gives the impression that Plaintiffs have achieved multiple $1,000,000 settlements as opposed to a single settlement." Except as is specifically admitted herein, any remaining allegations in Paragraph 64 of Plaintiffs' Complaint are denied.

65. Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint.

66. Defendants admit the allegations in Paragraph 66 of Plaintiffs' Complaint.

67. Defendants are without information or belief to form an opinion as to the truth of the allegations in Paragraph 67 of Plaintiffs' Complaint and, therefore, deny the same.

68. Defendants admit only so much of the allegations in Paragraph 68 of Plaintiffs' Complaint as they allege, or may be construed to allege, that the referenced ads "are misleading because they do not include 'details of severity of the accident[] that formed the basis for the

settlement.'" Except as is specifically admitted herein, any remaining allegations in Paragraph 68 of Plaintiffs' Complaint are denied.

69. Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the allegations in Paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the allegations in Paragraph 71 of Plaintiffs' Complaint.

72. Defendants deny the allegations contained in the final Paragraphs A through H of Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

73. This Court should decline to hear arguments related to Plaintiffs' Complaint pursuant to the Abstention Doctrine.

## SECOND AFFIRMATIVE DEFENSE

74. Plaintiffs' Complaint fails to state claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

75. Plaintiffs lack standing to pursue claims based on any alleged enforcement because Plaintiffs' advertising practices and techniques have not been restricted by the Commission and the ODC.

## FOURTH AFFIRMATIVE DEFENSE

76. Plaintiffs' purported causes of action do not set forth an actual controversy upon which a judgment may be rendered to the extent that the dispute between Plaintiffs and Defendants is not ripe for adjudication.

## FIFTH AFFIRMATIVE DEFENSE

77. To the extent Plaintiffs request monetary relief, Defendants are protected from liability and suit by Eleventh Amendment Immunity and the Doctrine of Qualified Immunity.

WHEREFORE, having fully answered and asserted affirmative defenses to Plaintiffs' Complaint, Defendants The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Conduct request that the Court dismiss the Complaint, in its entirety, with prejudice, and that Defendants be granted costs and fees incurred by the defense of this matter.

s/Angus H. Macaulay
Susan P. McWilliams    Fed ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay     Fed ID No. 5248
AMacaulay@nexsenpruet.com
Sara S. Svedberg       Fed ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark      Fed ID No. 12891
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, S.C. 29202
PHONE:  (803) 771-8900
FACSIMILE:  (803) 253.8277

**ATTORNEYS FOR DEFENDANTS, THE SOUTH CAROLINA COMMISSION ON LAWYER CONDUCT AND THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL**

Columbia, South Carolina
June 22, 2021