IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA ) | C/A No.: 3:21-cv-01319-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | **PLAINTIFFS' LOCAL RULE 26.03** |
| vs. ) | **RESPONSES** |
| ) | |
| The South Carolina Commission on ) | |
| Lawyer Conduct and The South ) | |
| Carolina Office of Disciplinary Counsel, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pursuant to Local Rule 26.03, Plaintiffs' Counsel submits the following:

**RESPONSES**

(1) A short statement of the facts of the case.

**RESPONSE**:

John Hawkins is a South Carolina lawyer and owns HawkLaw, PA. From 2017 through 2019 he ran various television ads. Defendant, The South Carolina Office of Disciplinary Counsel (hereinafter "ODC"), opened separate investigations in 2017, 2018 and 2019 about these ads. On April 20, 2021 ODC filed Formal Charges against Mr. Hawkins. The Formal Charges, which were filed in The Commission on Lawyer Conduct (hereinafter "Commission"), allege the ads violate various provisions of the South Carolina Rules of Professional Conduct, specifically parts of Rules 7.1 and 7.2. The Formal Charges seek "public sanctions" up to and including disbarment.

Plaintiffs initiated the current action because parts of Rules 7.1 and 7.2 are facially unconstitutional and violate the First Amendment free speech clause. In addition, ODC's

**enforcement of 7.1 and 7.2 is unconstitutional as applied to Plaintiffs' advertisements. Defendants have denied these material allegations of unconstitutionality.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE**:

**Because this case involves First Amendment free speech issues it can probably be resolved by the Court on cross motions for summary judgment. To the extent a bench trial is necessary, John Hawkins may testify and Plaintiffs' may call one or more representatives of Defendants to testify. In addition, Plaintiffs may call an expert witness (see response to #3 below).**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**At this time, Plaintiffs have not retained an expert witness. Plaintiffs reserve the right to retain an expert witness to test the veracity of ODC's Formal Charges and any evidence ODC may offer to support its Formal Charges. By way of example, some of Plaintiffs' ads truthfully and accurately state settlements he has achieved in other cases. ODC's Formal Charges state that some of these ads "have the potential to lead viewers to believe mistakenly Respondent's firm achieved the same results in multiple cases." Plaintiffs reserve the right to name an expert to test the veracity of ODC's formal charges and evidence.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE**:

Commercial free speech cases are reviewed by courts under the four-part standard first articulated by the Supreme Court in <u>Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n</u>, 447 U.S. 557, 100 S. Ct. 2343, 651 L. Ed. 2d. 341 (1980).  Subsequent case law has utilized this same four-part standard in attorney advertising and communication cases involving First Amendment free speech claims.  *See* <u>In re R.M.J.</u>, 455 U.S. 191, 102 S. Ct. 929, 71 L. Ed. 64 (1982); <u>Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio</u>, 471 U.S. 626, 105 S. Ct. 2265, 85 L. Ed. 652 (1985); <u>Shapero v. Kentucky Bar Ass'n</u>, 486 U.S. 466, 108 S. Ct. 1916, 100 L. Ed. 475 (1988);  <u>Peel v. Attorney Registration and Disciplinary Commission of Illinois</u>, 496 U.S. 91, 110 S. Ct. 2281, 110 L. Ed. 83 (1990);  <u>Ibanez v. Fla. Dep't of Bus. & Prof'l Regulation</u>, 512 U.S. 136, 114 S. Ct. 2084, 129 L. Ed. 118 (1994); <u>Fla. Bar v. Went for It</u>, 515 U.S. 618, 115 S. Ct. 2371, 132 L. Ed. 2d. 541 (1995); <u>Alexander v. Cahill</u>, 598 F. 3d 79 (2nd Cir. 2010); <u>Public Citizen, Inc. v. La. Atty. Disciplinary Bd.</u>, 632 F. 3d 212 (5th Cir. 2011); <u>Allen v. Williams</u>, 254 F. Supp. 614 (E.D. Va. 2003); <u>Recht v. Justice</u>, 2020 U.S. Dist. Lexis 193166 (D.W.V. 2020)**.**

(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.

**<u>RESPONSE</u>**:

**Plaintiffs are prepared to meet the expert disclosure deadline in the existing Scheduling Order.  Plaintiffs believe discovery in this case should be completed by the existing deadline in the Scheduling Order.**

(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**<u>RESPONSE</u>**:

**Plaintiffs are not requesting any changes to the Scheduling Order issued on June 22, 2021. Plaintiffs believe the deadlines in that Scheduling Order give both parties sufficient time to prepare their case. Because the issues are non-jury, First Amendment free speech issues, they can likely be resolved by the court on cross motions for summary judgment.**

(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**RESPONSE**:

**Counsel have already conducted a 26(f) conference and have largely agreed on a discovery plan. Plaintiffs served written discovery July 15. Counsel have agreed to initial disclosures being made on or before August 2, 2021. The only disagreement was on amending the existing Scheduling Order. As indicated above, Plaintiffs' Counsel believes the existing Scheduling Order gives both parties sufficient time to prepare their case.**

**At the 26(f) conference and in subsequent communications, Defense Counsel proposed an alternative Scheduling Order because the existing Scheduling Order has a "Motions due" deadline of December 22, 2021. That date might conflict with the Christmas Holidays. To address this concern, Plaintiffs' Counsel agreed to modify the "Motions due" date to January 31, 2022. Defendants rejected this compromise.**

**Plaintiffs oppose the alternative Scheduling Order proposed by Defendants because it provides an unnecessarily long and protracted time frame for resolution of this case. ODC's Formal Charges against Plaintiffs date back to investigations it started in 2017, 2018 and 2019. ODC filed Formal Charges based on these investigations in April, 2021. Plaintiffs are reasonable in their request for timely resolution of this case.**

          Respectfully submitted,

          <u>/s/ Robert D. Dodson</u>
          Robert D. Dodson
          Federal I.D. Number 7249
          Law Offices of Robert Dodson, P.A.
          1722 Main Street, Suite 200
          Columbia, SC  29201
          Telephone (803) 252-2600
          Facsimile (803) 771-2259
          Email: rdodson@rdodsonlaw.com

July 26, 2021