IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA ) | C/A No.: 3:21-cv-01319-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | **PLAINTIFFS' RULE 26(f) REPORT** |
| vs. ) | **AND PROPOSED DISCOVERY PLAN** |
| ) | |
| The South Carolina Commission on ) | |
| Lawyer Conduct and The South ) | |
| Carolina Office of Disciplinary Counsel, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pursuant to Fed. R. Civ. P. 26(f), Counsel held a 26(f) telephone conference July 8, 2021 Robert D. Dodson, appeared for Plaintiffs. Sara Svedberg appeared for Defendants.

In accordance with Fed. R. Civ. P. 26(f), Plaintiffs submit this discovery report and plan as follows:

**(A)** [Responding to Fed. R. Civ. P. 26(f)(3)(A)]: What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?

**At the 26(f) conference, the parties agreed to exchange disclosures under Rule 26(a)(1) by August 2, 2021.**

**(B)** [Fed. R. Civ. P. 26(f)(3)(B)]: The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**At the 26(f) conference the parties agreed that discovery should be had on all matters set forth in Plaintiffs' Complaint and Defendants' Answer, or amendments thereto. There should be no need to bifurcate discovery.**

**Plaintiffs' Counsel believes the existing Scheduling Order gives both parties sufficient time to prepare their case.**

**At the 26(f) conference and in subsequent communications, Defense Counsel proposed an alternative Scheduling Order because the existing Scheduling Order has a "Motions due" deadline of December 22, 2021. That date might conflict with the Christmas Holidays. To address this concern, Plaintiffs' Counsel agreed to modify the "Motions due" date to January 31, 2022. Defendants rejected this compromise.**

**Plaintiffs oppose the alternative Scheduling Order proposed by Defendants because it provides an unnecessarily long and protracted time frame for resolution of this case. ODC's Formal Charges against Plaintiffs date back to investigations it started in 2017, 2018 and 2019. ODC filed Formal Charges based on these investigations in April, 2021. Plaintiffs are reasonable in their request for timely resolution of this case.**

    **(C)**    [Fed. R. Civ. P. 26(f)(3)C]: Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**At this time, Plaintiffs do not anticipate any issues.**

    **(D)**    [Fed. R. Civ. P. 26(f) (3) (D)]: Any issues about claims of privilege or of protection as trial-preparation materials, including – if the Parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.

**At this time, none known to the Plaintiffs.**

    **(E)**    [Fed. R. Civ. P. 26(f)(3)(E)]: What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**At this time, Plaintiffs do not anticipate the need for changes to the existing limitations on discovery or the imposition of additional limitations.**

    **(F)**    Fed. R. Civ. P. 26(f)(3)(F)]: Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**None at this time.**

Respectfully submitted,

/s/ Robert D. Dodson
Robert D. Dodson
Federal I.D. Number 7249
Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, SC  29201
Telephone (803) 252-2600
Facsimile (803) 771-2259
Email: rdodson@rdodsonlaw.com

July 26, 2021