**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| John Hawkins and HawkLaw, PA, <br><br>　　　　　Plaintiffs, <br><br>　　vs. <br><br>The South Carolina Commission on Lawyer Conduct, The South Carolina Office of Disciplinary Counsel, <br><br>　　　　　Defendants. | Civil Action No. 3:21-cv-01319-JMC <br><br> **DEFENDANTS' FED. R. CIV. P. 26(f) REPORT AND LOCAL RULE 26.03 ANSWERS** |

　　　　Defendants, having consulted with Plaintiffs pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☐　We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐　We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒　We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

I.  **SOUTH CAROLINA DISTRICT COURT LOCAL CIVIL RULE 26.03 RESPONSES:**

   A.  **[26.03(A)(1)]: A short statement of the facts of the case:**

The South Carolina Commission on Lawyer Conduct ("Commission") and the South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants") have duties relating to lawyer discipline in South Carolina as outlined by Rule 413 of the South Carolina Appellate Court Rules.  In connection with these duties, they receive and investigate complaints of lawyer misconduct and alleged violations of the South Carolina Rules of Professional Conduct ("Rules") in an effort to maintain the highest principles of ethical conduct and professionalism among South Carolina Bar members.

John Hawkins is an attorney licensed to practice law in the State of South Carolina and owns and operates a law firm called HawkLaw, PA (collectively, "Plaintiffs").  As a lawyer licensed in South Carolina, Mr. Hawkins is subject to the Rules.  Each state in the nation has its own rules of professional responsibility governing lawyer conduct, and each state has a rule governing legal advertisements, including South Carolina.  These rules are imposed for a number of substantial state and governmental purposes, including to protect the public against false and/or misleading lawyer advertisements.

Over the past five years, Defendants have received complaints regarding Mr. Hawkins' television and other advertisements, and whether or not those advertisements violate the Rules.  The ODC has investigated the complaints regarding the advertisements.  The investigations and their results are strictly confidential.  A formal charge resulted from the investigations on April 20, 2021.  On May 4, 2021, about two weeks after the formal charge was filed against Mr. Hawkins, Plaintiffs filed the instant Complaint challenging the Constitutionality of some of the Rules.  Specifically, Plaintiffs assert facial and as-applied Constitutional challenges to the following:

Rules 7.1(c) and 7.1(e):

A lawyer shall not make false, misleading, or deceptive communications about the lawyer or lawyer's services. A communication violates this rule if it:
. . .
(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated.
. . .
(e) contains a nickname, moniker or trade name that implies an ability to obtain results in a matter.

Rule 7.2(a):

Subject to the requirements of this Rule and Rules 7.1 and 7.3, a lawyer may advertise services through written, recorded or electronic communication, including public media. All advertisements shall be predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selection of a lawyer predominates and the communication includes only a minimal amount of content designed to attract attention to and create interest in the communication.

Plaintiffs argue that these Rules, regulating commercial speech, on their face violate the First and Fourteenth Amendments to the United States Constitution and that Defendants' attempted enforcement of these Rules against Plaintiffs also violates the First and Fourteenth Amendments.

Defendants deny that the Rules violate the First and Fourteenth Amendments to the United States Constitution, whether facially or as applied to Plaintiffs. Defendants would show that commercial speech protections under the United States Constitution extend only to restrained and truthful advertisements, and that the First Amendment does not protect attorney advertisements that mislead or deceive the public. Indeed, Defendants would show that the state has a substantial governmental interest and a responsibility to regulate commercial speech that is not truthful or that is misleading. As such, it may freely regulate commercial speech that is inherently misleading and may regulate speech that is potentially misleading when certain criteria are met. The challenged Rules are lawful and Constitutional.

**B.     [26.03(A)(2)]:  The names of the fact witnesses likely to be called by the parties and a brief summary of their expected testimony.**

At this time, Defendants believe its witnesses may include, without limitation:

1. **John Hawkins:** Mr. Hawkins is expected to testify about the events giving rise to the complaint, any other matter concerning Plaintiffs' allegations.

2. **Hawklaw PA 30(b)(6):** A representative of Hawklaw PA is expected to testify about the events giving rise to the complaint, and any other matter concerning Plaintiffs' allegations, including, but not limited to, the law firm's marketing campaign and alleged targeting of specific types of clients for representation.

3. **Michael Virzi:** Mr. Virzi is expected to testify about the events giving rise to the complaint, as well as any other non-privileged matter concerning Plaintiffs' allegations of which he has knowledge.

4. **Representative(s) of the ODC:** A representative of the ODC is expected to testify regarding non-confidential facts and circumstances leading to the formal charge against Mr. Hawkins and functions and procedures of the ODC.

5. **Representative(s) of the Commission:** A representative of the Commission is expected to testify regarding the functions and procedures of the Commission.

Defendants also may choose to call witnesses identified by Plaintiffs.  Defendants have not yet identified all of the witnesses that may have knowledge of the allegations and expressly reserve the right to supplement this response to add other witnesses as discovery progresses.

**C.     ([26.03(A)(3)]:   The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Defendants have not yet identified any expert witnesses for the purposes of testifying at trial and reserve the right to do so in accordance with the schedule set for this case and the applicable procedural rules.

**D.     [26.03(A)(4)]:  A summary of the claims or defenses with statutory and/or case citations supporting same.**

Please see response to Section A above.  Further, Defendants' defenses to Plaintiffs' claims and relevant authority include, without limitation:

1. **Failure to State a Claim.** Plaintiffs' Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
2. **Abstention.** This case involves issues that the Court should decline to hear pursuant to the Abstention Doctrines. *See Klein v. Burke Constr. Co.*, 260 U.S. 266 (1922); *Younger v. Harris*, 401 U.S. 37 (1971); *see also Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).
3. **Lack of Standing.** Plaintiffs lack standing to pursue the claims alleged in the Complaint. There is no "injury in fact," and thus no justiciable case or controversy. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).
4. **Not Ripe.** Plaintiffs' claims are not ripe for disposition and this Court therefore lacks subject matter jurisdiction. *See Sansotta v. Town of Nags Head*, 724 F.3d at 533, 548 (4th Cir. 2013); *see also Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992).
5. **Qualified Immunity.** Even if Plaintiffs have standing and the Court has subject matter jurisdiction, Defendants are protected from liability by Eleventh Amendment Immunity and the Doctrine of Qualified Immunity. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

The citations presented by Defendants are meant to be exemplary only, and Defendants expressly reserve the right to rely on additional and/or different citations. Defendants further reserve the right to add defenses as the factual record is developed in the course of discovery and as additional defenses become apparent. These exemplary citations shall not, and are not meant to, limit the available defenses in this case.

**E.     [26.03(A)(5)]: Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**(1)     Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

Defendants propose deadlines as set forth in the Amended Scheduling Order submitted herewith.

**(2)     Completion of Discovery**

Defendants propose deadlines as set forth in the Amended Scheduling Order submitted herewith.

**F.     [26.03(A)(6)]:  The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. See generally Local Civil Rule 16.02(C) (Content of Scheduling Order).**

Defendants believe that special circumstances could potentially affect the time frames of the Scheduling Order, including preparation of certain focus groups, expert reports, and/or other evidence necessary for the disposition of this case.  Defendants specifically reserve the right to submit proposed amended scheduling orders throughout the course of this litigation as deemed necessary, given various circumstances which may arise.

**G.     [26.03(A)(7)]: The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

At this time, Defendants do not consent to a trial before a United States Magistrate Judge.

/s/ Angus H. Macaulay
Angus H. Macaulay     Fed ID No. 5248
AMacaulay@nexsenpruet.com
Susan P. McWilliams    Fed ID No. 3351
smcwilliams@nexsenpruet.com
Sara S. Svedberg       Fed ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark      Fed ID No. 12891
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, S.C. 29202
PHONE: (803) 771-8900
FACSIMILE: (803) 253.8277

**ATTORNEYS FOR DEFENDANTS, THE SOUTH CAROLINA COMMISSION ON LAWYER CONDUCT AND THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL**

Columbia, South Carolina
July 26, 2021