# Exhibit 2

Initial Responses

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA, | Civil Action No. 3:21-cv-01319-JMC |
| Plaintiffs, | |
| vs. | |
| The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, | **DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| Defendants. | |

**TO:    ROBERT D. DODSON, ESQ., ATTORNEY FOR THE PLAINTIFFS:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants, The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel (collectively, "Defendants"), hereby respond, subject to specific objections, to Plaintiffs' First Set of Interrogatories to Defendants ("Plaintiffs' Interrogatories") served by Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs") as follows:

### INTRODUCTION

1.      Defendants specifically reserve the right to object or withhold information to the extent Plaintiffs' Interrogatories seek information that contains, or otherwise reveals private confidential or personal information pertaining to Defendants until a Confidentiality Order is entered in this case.

2.      By responding to Plaintiffs' Interrogatories, Defendants do not waive their right to object or withhold information on the grounds of attorney-client privilege, the work product doctrine, or other applicable privilege or immunity, as well as on the grounds that the obligations imposed upon Defendants are in excess of those set forth in the Federal Rules of Civil Procedure.

3.      Defendants respond to Plaintiffs' Interrogatories without waiving or intending to waive any objection to competency, relevancy, or admissibility as evidence of any matter referred to or made the subject of any response provided, including at any trial of this action.  Defendants reserve the right to object to further discovery of the subject matter of any of the information and the introduction into evidence of any information.  A partial response that also has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.      Defendants further reserve the right to amend, supplement, or change any responses to the Interrogatories with information learned in the course of further investigation and discovery.

<u>**ANSWERS AND OBJECTIONS TO INTERROGATORIES**</u>

1.      **Rules 7.1 and 7.2. of the Rules of Professional Conduct restrict otherwise protected First Amendment speech. State with particularity each and every governmental interest which you claim justifies these rules including all subparts to the rules.**

**ANSWER TO INTERROGATORY NO. 1:** Defendants object to Interrogatory No. 1 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth each and every basis for a defense to Plaintiffs' claims when discovery is still ongoing. Defendants further object to Interrogatory No. 1 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case.

2.      **State with particularity how and why you contend these rules (7.1 and 7.2) directly advance the governmental interest identified by you in response to the preceding interrogatory and identify all evidence you claim supports your claims and assertions.**

**ANSWER TO INTERROGATORY NO. 2:** Defendants object to Interrogatory No. 2 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to

2

set forth "all evidence," to the extent that will ever be necessary, when discovery is still ongoing. Defendants have not completed the discovery process and/or decided on the information they intend to offer at trial and/or for dispositive motions. Defendants further object to Interrogatory No. 2 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case.

3. **Prior to or after enacting Rule 7.1(e) of the Rules of Professional Conduct, did Defendants or the government conduct any studies, focus groups, or research or did Defendants or the government commission any studies, focus groups or research showing whether nicknames being used in South Carolina were misleading to the public or otherwise conflicted with any governmental interest identified in response to interrogatory number 1? If so, identify all such studies, focus groups or research.**

**ANSWER TO INTERROGATORY NO. 3:** Defendants object to Interrogatory No. 3 on the grounds that it appears to misapprehend the process for adopting the South Carolina Rules of Professional Conduct contained in Rule 407, SCACR. Defendants further object to Interrogatory No. 3 on the grounds that it is vague and ambiguous, particularly through the use of the broad and undefined terms "the government" and "nicknames," and on the grounds that it is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case. Subject to and without waiving the foregoing objections, Defendants answer that the American Bar Association Model Rules of Professional Conduct are adopted by the ABA House of Delegates. They serve as models for the ethics rules of most jurisdictions, including South Carolina. In South Carolina, the South Carolina Supreme Court adopts the South Carolina Rules of Professional Conduct. As such, and by way of further answer to Interrogatory No. 3, Defendants did not conduct or commission any studies, focus groups, or research.

4.    Part of Rule 7.2(a) states: "All advertisements shall be predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selected of a lawyer predominates and the communication includes only a minimal amount of content designed to attract attention to and create and interest in the communication." State with particularity any and all governmental interests you maintain this rule promotes and identify all evidence which you contend supports this assertion.

**ANSWER TO INTERROGATORY NO. 4:** Defendants object to Interrogatory No. 4 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth "all evidence," to the extent that will ever be necessary, when discovery is still ongoing. Defendants have not completed the discovery process and/or decided on the information they intend to offer at trial and/or for dispositive motions. Defendants further object to Interrogatory No. 4 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

5.    Prior to or after adopting that portion of Rule 7.2(a) quoted in the preceding interrogatory, did Defendants or the government conduct any studies, focus groups or research, or did Defendants or the government commission any studies, focus groups or research showing that the rule quoted in the preceding interrogatory directly advanced the governmental interests identified by you in response to the preceding interrogatories. If so, identify such studies, focus groups, or research.

**ANSWER TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that it appears to misapprehend the process for adopting the South Carolina Rules of Professional Conduct contained in Rule 407, SCACR. Defendants further object to Interrogatory No. 5 on the grounds that it is vague and ambiguous, particularly through the use of the broad and undefined term "the government." Subject to and without waiving the foregoing objections, Defendants answer that the American Bar Association Model Rules of Professional Conduct are adopted by the ABA House of Delegates. They serve as models for the ethics rules of most jurisdictions, including South Carolina. In South Carolina, the South Carolina Supreme Court

4

adopts the South Carolina Rules of Professional Conduct. As such, and by way of further answer to Interrogatory No. 5, Defendants did not conduct or commission any studies, focus groups, or research.

6.  **For all ads identified in Defendants' Notice of Filing of Formal Charges dated April 20, 2021 where Defendants allege the ads are not predominately informational what specific criteria, standard or test did Defendants utilize to make these assertions.**

    **ANSWER TO INTERROGATORY NO. 6:** Defendants object to Interrogatory No. 6 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

7.  **For each ad identified in Defendants' Notice of Filing of Formal Charges dated April 20, 2021 that Defendants allege likely created an unjustified expectation about results the Plaintiffs could achieve what specific criteria, standard or test did Defendants utilize to make this determination and what evidence do Defendants have that the ads created an unjustified expectation about the results that could be achieved.**

    **ANSWER TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

8.  **What lawyers or law firms do Defendants contend Plaintiffs compared themselves to in their ads from June 3, 2019 to October 31, 2019 as alleged in your Notice of Filing of Formal Charges dated April 20, 2021? Your answer should specifically name and identify each individual lawyer or law firm you claim Plaintiffs compared themselves to and/or types or groups of lawyers Plaintiffs compared themselves to.**

    **ANSWER TO INTERROGATORY NO. 8:** Defendants object to Interrogatory No. 8 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to

and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

9.  **Do Defendants maintain that any of Plaintiffs' ads which you reviewed which utilize the terms "Hawk Law" or "HawkLaw" violate any Rules of Professional conduct? If your answer is anything but an unqualified "no" please identify which specific ads and explain which Rules you maintain Plaintiffs violated by using "Hawk Law" or "HawkLaw"**

**ANSWER TO INTERROGATORY NO. 9:** Defendants object to Interrogatory No. 9 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Interrogatory No. 9 on the grounds that it is both vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond that ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. As such, any request for information related to Matter 17-DE-L-0398 is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

10. **Identify and provide the name, address and telephone number for all persons known to you or your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.**

**ANSWER TO INTERROGATORY NO. 10:** Defendants refer to their responses to the initial disclosures served on Plaintiffs' counsel by email dated August 2, 2021 pursuant to Federal Rule of Civil Procedure 26(a)(1), and Defendants' Local Rule 26.03 interrogatory answers filed with the Court on July 26, 2021 (ECF No. 21). Defendants further respond that no written or recorded statements have been taken. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

11.    **For each person known to you or your counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.**

    **ANSWER TO INTERROGATORY NO. 11:** See Response to Interrogatory No. 10.

12.    **Describe with particularity all First Amendment Analysis Defendants conducted before issuing the Notice of Filing of Formal Charges dated April 20, 2021 and identify all documents associated with any First Amendment analysis.**

    **ANSWER TO INTERROGATORY NO. 12:** Defendants object to Interrogatory No. 12 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

13.    **Other than the current lawsuit and <u>Kirkendall Dwyer, LLP v. ODC</u> (Docket No.: 3:20-02192-JMC), have Defendants ever been sued by other attorneys, lawyers, law firms or public interest organizations where any allegation is made that Defendants have violated the First and/or Fourteenth in restricting speech and/or attempted disciplinary action related to attorney advertising. If so, identify all such lawsuits by case caption, docket number and court.**

    **ANSWER TO INTERROGATORY NO. 13:** Defendants object to Interrogatory No. 13 on the grounds that it is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case, in that it asks for information about other matters and in that it contains no reasonable temporal scope. Subject to and without waiving the foregoing objection, Defendants answer *Bieber v. The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, et al.*, 6:08-cv-02215-HMH (D.S.C.).

14.    **Identify each expert witness whom the party proposes to use as a witness at the trial of the case and state:**

    a)    **the subject matter on which the expert is expected to testify;**
    b)    **the substance of the facts and opinions to which the expert is expected to testify; and**

c)    **a summary of the grounds for each opinion.**

**ANSWER TO INTERROGATORY NO. 14:** Defendants object to Interrogatory No. 14

on the grounds that it is premature. Subject to and without waiving the foregoing objection,

Defendants answer that they reserve the right to identify any expert in accordance with the

schedule set forth in this case and to supplement this response in accordance with the Federal Rules

of Civil Procedure.

Respectfully submitted,

*Brittany N. Clark*

Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants the South Carolina*
*Commission on Lawyer Conduct and the South*
*Carolina Office of Disciplinary Counsel*

September 10, 2021
Columbia, South Carolina

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA, | CIVIL ACTION NO. 3:21-cv-01319-JMC |
| Plaintiffs, | |
| vs. | **CERTIFICATE OF SERVICE** |
| The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, | |
| Defendants. | |

The undersigned employee of Nexsen Pruet, LLC hereby certifies that on September 10, 2021 a copy of the foregoing **DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was duly served upon counsel for the Plaintiffs, in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure via electronic mail, with a hard copy to follow by mail, addressed as follows:

> Robert D. Dodson
> Law Offices of Robert Dodson, P.A.
> 1722 Main Street, Suite 200
> Columbia, SC 29201
> rdodson@rdodsonlaw.com

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

**TO:  ROBERT D. DODSON, ESQ., ATTORNEY FOR THE PLAINTIFFS:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel (collectively, "Defendants"), hereby respond, subject to specific objections, to Plaintiffs' First Set of Requests for Production to Defendants ("Plaintiffs' Requests") served by Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs") as follows:

### INTRODUCTION

1.      Defendants specifically reserve the right to object or withhold information to the extent Plaintiffs' Requests seek information that contains, or otherwise reveals private confidential or personal information pertaining to Defendants until a Confidentiality Order is entered in this case.

2.      By responding to Plaintiffs' Requests, Defendants do not waive their right to object or withhold information on the grounds of attorney-client privilege, the work product doctrine, or other applicable privilege or immunity, as well as on the grounds that the obligations imposed upon Defendants are in excess of those set forth in the Federal Rules of Civil Procedure.

3.      Defendants respond to Plaintiffs' Requests without waiving or intending to waive any objection to competency, relevancy, or admissibility as evidence of any matter referred to or made the subject of any response provided, including at any trial of this action. Defendants reserve the right to object to further discovery of the subject matter of any of the information and the introduction into evidence of any information. A partial response that also has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.      Defendants further reserve the right to amend, supplement, or change any responses to the Interrogatories with information learned in the course of further investigation and discovery.

## RESPONSES AND OBJECTIONS TO REQUESTS

**1.      Produce copies of any and all documents utilized in answering Plaintiffs' interrogatories or identified in responding the Plaintiffs' interrogatories.**

**RESPONSE TO REQUEST NO. 1:** Defendants object to Request No. 1 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants respond that they will produce Office of Disciplinary Counsel's ("ODC") file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**2.      Identify and produce all settlement agreements, memorandum of understanding or like or similar documents that arose out of or were reached in or as a result of litigation captioned: Kirkendall Dwyer, LLP v. ODC (Docket No.: 3:20-02192-JMC).**

**RESPONSE TO REQUEST NO. 2:** Defendants object to Request No. 2 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 2 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case, as it is a mere fishing expedition into another matter to which Plaintiffs were not parties . Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 2 seeks discovery of documents relating in

2

any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

3.   **Identify and produce all settlement agreements, memorandum of understanding or like or similar documents related to the nickname "law tigers," "lawtigers" or with Kirkendall Dwyer, LLP, its members, agents, representatives, lawyers, partners and/or employees.**

   **RESPONSE TO REQUEST NO. 3:** Defendants object to Request No. 3 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 3 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks information that is not discoverable and that bears no relevance to any claim or defense at issue. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 3 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

4.   **Identify and produce all complaints from consumers related to the content or substance of any of Plaintiffs' ads which are identified in ODC's Notice of Filing of Formal Charges dated April 20, 2021. The request would include even those complaints which did not result in investigations and/or formal charges by ODC.**

   **RESPONSE TO REQUEST NO. 4:** Defendants object to Request No. 4 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 4 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendants refer to Bob Wells' Letter dated November 7, 2019,

and Richard Smith's Letter dated March 5, 2018, both of which were previously produced to Plaintiffs' counsel.

5.    **Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 are false advertising or make false claims.**

**RESPONSE TO REQUEST NO. 5:**  Defendants object to Request No. 5 to the extent that it seeks information protected by privilege or is otherwise confidential.  Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 5 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.  Defendants also object to Request No. 6 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when discovery process is still ongoing.  Defendants further object to Request No. 5 as vague and ambiguous as the terms "false advertising" and "false claims" are undefined and never appeared in the referenced April 20, 2021 Notice of Formal Charges.   Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

6.    **Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 are misleading.**

**RESPONSE TO REQUEST NO. 6:**  Defendants object to Request No. 6 to the extent that it seeks information protected by privilege or is otherwise confidential.  Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent

Request No. 6 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object to Request No. 6 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when the discovery process is still ongoing. Subject to and without waiving the foregoing objections, Defendants respond as follows: (1) Television Advertisements related to ODC Matter 18-DE-L-0241, previously identified by Hawkins' counsel, Michael Virzi, Esquire, as: HLFSCRCHV2W315H, HLFSCRCHV230H, HLFSCRCHV2W215H, HLFSCRCHV2MB15H, HLFSCRCHV2MW15H, HLFSCRCHV2W115H, HLFSCRCHV2MA15H, HLFSCRCHV2M215H, HLFSCRCHV2M315H, HLFSCRCHGSAW215H, HLFSCRCHGSAW315H, HLFSCRCHGSAW415H, HLFSCRCHGSAW115H, HLFSCRCHGSAMA15H, HLFSCRCHGSAMB15H, HLFSCRCHGSAMW15H, HLFSCRCHGSAF15H, HLFSCRCHGSAM115H, HLFSCRCHGSAM215H, HLFSCRCHGSAC15H, HLFSCRCHGSAE15H, HLFSCRCHGSAB15H, HLFSCRCHGSAA15H, HLFSCRCHGSAA15H, HLFSCRCHGSA330H, HLFSCRCHCHF15H, HLFSCRCHGSA30H, HLFSCRCHCHB15H, HLFSCRCHCHC15H, HLFSCRCHCHE15, HLFSCRCHCH30H, HLFSCRCHCHA15H, HLFJUSTGSAG15H, HLFJUSTGSAE15H, HLFJUSTCHE15H, HLFJUSTCHG15H, HLFJUSTCHD15H, HLFIMAGCHC30H, HLFJUSTCHA15H, HLFCWECH15FH, HLFCWECH30H, HLFCWECH15DH, CWE12072CH15BH, CWE12072CH15CH, HLFCWECH15BH, HLFCWECH15CH, CWE12072CH15AH; (2) dissemination records of those Television Advertisements related to ODC Matter 18-DE-L-0241 as provided by Hawkins' counsel, Michael Virzi, Esquire; (3) the chart provided by Hawkins' counsel, Michael Virzi, Esquire, in his email of January 10, 2019; and (4) the summary of evidence as set forth in the

Formal Charges related to ODC Matter 18-DE-L-0241. Defendants also refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

7.    **Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 is potentially misleading.**

   **RESPONSE TO REQUEST NO. 7:** See Defendants' response to Request No. 6.

8.    **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's February 20, 2017 to March 24, 2017 series of television commercials which refer to Respondent as 'the Hawk' contain a nickname, moniker or trade name that imply and ability to obtain results in a matter." Identify and produce all evidence that you have which you claim supports this allegation.**

   **RESPONSE TO REQUEST NO. 8:** Defendants object to Request No. 8 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 8 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case because ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

9.    **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The March 20, 2018 to March 25, 2018 series of television commercials likely created an unjustified expectation about results Respondent could achieve for other clients, in violation of Rule 7.1(b)." Identify and produce all evidence that you have which you claim supports this allegation.**

   **RESPONSE TO REQUEST NO. 9:** See Defendants' response to Request No. 6.

10.    **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The March 20, 2018 to March 25, 201 series of television commercials were not predominately informational." Identify and produce all evidence that you have which you claim supports this allegation.**

6

**RESPONSE TO REQUEST NO. 10:** See Defendants' response to Request No. 6.

11. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write "The March 20, 2018 to March 25, 2018 series of television commercials contained more than a minimal amount of content designed to attract attention to and create interest in the communication." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 11:** See Defendants' response to Request No. 6.

12. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write "The March 20, 2018 to March 25, 2018 series of television commercials violate Rule 7.2(a)." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 12:** See Defendants' response to Request No. 6.

13. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The October 9, 2017 to March 14, 2018 series of television commercials likely created an unjustified expectation about results the Respondent could achieve for others, in violation of Rule 7.1(b)." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 13:** See Defendants' response to Request No. 6.

14. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The October 9, 2017 to March 14, 2018 series of television commercials were not predominately information." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 14:** See Defendants' response to Request No. 6.

15. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The October 9, 2017 to March 14, 2018 series of television commercials contained more than a minimal amount of content designed to attract attention to and create interest in the communication." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 15:** See Defendants' response to Request No. 6.

16. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's October 9, 2017 to March 14, 2018 series of television commercials wherein different actors and actresses portray the same client during the same television show had the potential to lead viewers to believe mistakenly Respondent's firm achieved the same results in multiple cases. In this way, the October 9, 2017 to

7

March 14, 2018 television commercials were misleading and violated Rule 7.1(a)." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 16:** See Defendants' response to Request No. 6.

17.    In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's October 9, 2017 to March 14, 2018 series of television commercials wherein different actors and actresses portray the same client during the same television show had the potential to lead viewers to believe mistakenly Respondent's firm achieved the same results in multiple cases. In this way, the October 9, 2017 to March 14, 2018 television commercials were misleading and violated Rule 7.1(a)." Identify and produce all evidence that you have which shows any members of the general public were misled by the advertisements from October 9, 2017 to March 14, 2018 referenced in your Notice of Filing of Formal Charges.

**RESPONSE TO REQUEST NO. 17:** See Defendants' response to Request No. 6.

18.    In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The September 25, 2017 to March 25, 2018 series of television commercials likely created an unjustified expectation about results Respondent could achieve for others, in violation of Rule 7.1(b)." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 18:** See Defendants' response to Request No. 6.

19.    In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The June 3, 2019 to October 31, 2019 series of television advertising compare Respondent's services with that of other lawyers' services where such a comparison cannot be factually substantiated, in violation of Rule 7.1(c)." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 19:** Defendants object to Request No. 19 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 19 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object to Request No. 19 as overly broad and premature because it seeks "*all* evidence that

[Defendants] have" when the discovery process is still ongoing. Subject to and without waiving the foregoing objections, Defendants respond as follows: (1) Television Advertisements related to ODC Matter 19-DE-L-1228, previously identified by Hawkins' counsel, Michael Virzi, Esquire, as: HLFSPOKEN2CHS15, HLFSPOKEN2CHS30, HLFSPOKEN2COL15, HLFSPOKEN2COL30, HLFSPOKEN2GSA15, HLFSPOKEN2GSA30; (2) dissemination records of those Television Advertisements related to ODC Matter 19-DE-L-1228 as provided by Hawkins' counsel, Michael Virzi, Esquire; and (3) the summary of evidence as set forth in the Formal Charges related to ODC Matter 19-DE-L-1228. Defendants also refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**20.    Produce all documents furnished or produced to any expert witness you may use.**

**RESPONSE TO REQUEST NO. 20**: See Defendants' answer to Interrogatory No. 14. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

**21.    Produce any and all documents of any types, nature or description which were identified in answering any Interrogatory.**

**RESPONSE TO REQUEST NO. 21**: See Defendants' response to Request No. 1. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

**22.    Produce any and all statements of possible witnesses, whether written, recorded, summarized or otherwise preserved in any manner concerning the facts or issues in this action.**

**RESPONSE TO REQUEST NO. 22**: See Defendants' answers to Interrogatory Nos. 10 and 11. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

**23.    Produce all documents, reports, memoranda, correspondence, summaries, statements, contracts, agreements, corporate documents, work reports, photographs**

or other materials, documents or physical evidence relating in any way to any claim or defense in this action.

**RESPONSE TO REQUEST NO. 23:**  See Defendants' response to Request No. 1. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

24.  **For each expert you identified in your answers to any Interrogatories propounded on you in this lawsuit who will or may testify at the time of the trial or give opinion in another manner, produce all documents and tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by each expert or for each such expert. This request includes all documents prepared by or produced through consulting experts which have been reviewed by the expert who may or will testify.**

**RESPONSE TO REQUEST NO. 24:**  See Defendants' answer to Interrogatory No. 14 and response to Request No. 20.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

25.  **Produce all studies, treatises, publications, reports or presentations, including presentations at seminars, prepared or given by an expert you designate in this lawsuit related to the area of expertise in which they intend to testify in this lawsuit.**

**RESPONSE TO REQUEST NO. 25:**  See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20 and 24.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

26.  **Produce a current *curriculum vitae* or resume for each expert you designated in this case.**

**RESPONSE TO REQUEST NO. 26:**  See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–25.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

27.  **Produce all documents or other tangible things provided by you to any expert designated by you in this case in any way relating to this case.**

**RESPONSE TO REQUEST NO. 27**: See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–26.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

28.    **Produce all documents or tangible things provided to you by any expert designated by you in this case in any way relating to this case.**

**RESPONSE TO REQUEST NO. 28**:  See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–27.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

29.    **Produce all documents in the file of any expert you designate in this case relating to this case.**

**RESPONSE TO REQUEST NO. 29**:  See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–28.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

30.    **Produce all bills, invoices, or other documents reflecting charges by any expert you have designated in this case in any way relating to this case.**

**RESPONSE TO REQUEST NO. 30**:  See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–29.  Defendants reserve the right to supplement this response in accordance with the Federal Rules.

31.    **Produce copies of every rule proposal either Defendant has sent or received from any court, organization, or individual.**

**RESPONSE TO REQUEST NO. 31**:  Defendants object to Request No. 31 to the extent that it seeks information protected by privilege or is otherwise confidential.  Defendants further object Request No. 31 as unduly burdensome, overly broad, and neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks copies of "every rule proposal . . . sent or received" by Defendants and seeks information without a reasonable temporal

scope. Defendants further object to Request No. 31 as vague and ambiguous through its use of the undefined term "rule proposal."

32. **Produce all communications, letters, emails, white-papers, or other proposals, opinions, or position papers Defendants have sent or received from any court, bar (including but not limited to the South Carolina Bar or American Bar Association) regarding any of the communication & advertising rules in the Rules of Professional Conduct.**

<u>**RESPONSE TO REQUEST NO. 32**</u>: Defendants object to Request No. 32 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object Request No. 32 as unduly burdensome, overly broad, and neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks copies of "*all* communications, letters, emails, white-papers, or other proposals, opinions, or position papers" "sent or received" from "any court [or] bar" regarding "*any* of the communication & advertising rules in the Rules of Professional Conduct," and seeks information without a reasonable temporal scope. Defendants further object to Request No. 32 as vague and ambiguous through its use of the undefined term "communication & advertising rules."

33. **Produce copies of all documents or correspondence related to any First Amendment analysis ODC conducted before bringing the Notice of Filing of Formal Charges dated April 20, 2021.**

<u>**RESPONSE TO REQUEST NO. 33**</u>: Defendants object to Request No. 33 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 33 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object Request No. 33 as unduly burdensome, overly broad, and neither relevant to the parties'

claims or defenses, nor proportional to the needs of the case as it seeks copies of "all documents or correspondence related to any First Amendment analysis," and seeks information without a reasonable temporal scope.

Respectfully submitted,

*Brittany N. Clark*

Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
PHONE: 803.771.8900
FACSIMILE: 803.727.1435

*Counsel for Defendants the South Carolina*
*Commission on Lawyer Conduct and the South*
*Carolina Office of Disciplinary Counsel*

September 10, 2021
Columbia, South Carolina

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

John Hawkins and HawkLaw, PA,

           Plaintiffs,

vs.

The South Carolina Commission on Lawyer
Conduct and The South Carolina Office of
Disciplinary Counsel,

           Defendants.

CIVIL ACTION NO. 3: 21-cv-01319-JMC

**CERTIFICATE OF SERVICE**

The undersigned employee of Nexsen Pruet, LLC hereby certifies that on September 10, 2021 a copy of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** was duly served upon counsel for the Plaintiffs, in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure via electronic mail, with a hard copy to follow by mail, addressed as follows:

        Robert D. Dodson
        Law Offices of Robert Dodson, P.A.
        1722 Main Street, Suite 200
        Columbia, SC 29201
        rdodson@rdodsonlaw.com