# Exhibit 3

# 9/13/2021 Letter

Law Offices of
# ROBERT DODSON, P.A.
1722 Main Street, Suite 200
Columbia, South Carolina 29201

Robert D. Dodson*
Attorney at Law

*Also Licensed
 in North Carolina



Telephone: 803.252.2600
Facsimile: 803.310.2545

September 13, 2021
**VIA EMAIL ONLY**

Susan Pedrick McWilliams, Esquire
Angus H. Macaulay, Jr., Esquire
Sara Sofia Svedberg, Esquire
Brittany Nicole Clark, Esquire

  RE : **Hawkins et. al. v. ODC et. al.**
     **Docket No.: 3:21-cv-01319 JMC**

Dear Counsel:

  Defendants' Answers to Plaintiffs' First Set of Interrogatories and Defendants' Responses to Plaintiffs' First Set of Requests for Production are elusive and incomplete. Amended responses that comply with discovery rules and fairly and adequately respond to written discovery are needed on or by September 20, 2021. Please accept this letter as my consultation letter pursuant to Rule 37, Local Rule 7.02 and other applicable court rules and law. Please allow me to explain further.

## **GENERAL OBJECTIONS AND RESPONSES**

  Defendants objected to every single RFP and every interrogatory with the exception of two interrogatories which asked for the names of witnesses and their expected testimony. Defendants did not produce a single document in response to the RFPs and have not otherwise produced a single document through the course of this litigation.

  In general objections and in response to specific RFPs and/or interrogatories, Defendants have objected based on claims of privilege. However, Defendants have not produced a privilege log as required. Please timely produce a privilege log in response to any document being withheld under a claim of privilege or any interrogatory not answered or answered incompletely based on a claim of privilege.

## REQUESTS FOR PRODUCTION

As noted above, Defendants have not produced a single document in this case. The only documents identified by Defendants are those documents Mr. Hawkins produced to ODC as part of its investigation of the underlying charges. Those documents were produced by Mr. Hawkins before the current Federal Court action was filed. A more detailed discussion of the deficiencies in Defendants' responses is outlined below.

RFP 1. To the extent Defendants are claiming privilege, please produce a privilege log.

RFPs 2 & 3. These RFPs pertain to the "Law Tigers" settlement in the Kirkendall Dwyer, LLP v. ODC matter. These documents are directly related to this action and to the pending ODC charges against Mr. Hawkins. I will explain.

While we appreciate ODC dismissing with prejudice the 2017 charges related to "The Hawk," the 2018 charges relate to additional uses of a hawk bird in his ads. For example, ODC alleges multiple times that paid actors who do screeching hawk sounds violate the Rules of Professional Conduct. ODC's Formal Charges complain about paid actors "dancing" while flapping their arms like a hawk might flap its wings.

One reason the "Law Tigers" settlement is relevant is because it involves more than just the name, "Law Tigers." The "Law Tigers" have at least one rolling billboard in South Carolina on the side of a large camper van that is licensed, registered, and regularly garaged in South Carolina. We provided photographs of that van to you through the initial disclosure. The van has not only the "Law Tigers" name but also the image of a tiger. Mr. Hawkins' ads use the sounds of a hawk and actions like a hawk while the "Law Tigers" use imagery.

Respectfully, Defendants cannot have it both ways. They cannot seek to sanction Mr. Hawkins for using hawk screeches in his ads, while at the same time allowing a competing firm to use the images of a tiger in its South Carolina ads. In discovery, Plaintiffs are entitled to the documentation that would allow to them to make these arguments to the District Court.

Just as importantly, in 2012 the South Carolina Supreme Court privately admonished Jonathan Kirk Fisher for using "Law Tigers" and various images and recordings of tigers in his ads. Since that was a private admonishment, I understand you cannot disclose it or comment on it. The RFPs do not ask you to. However, Michael Virzi and Barbara Seymour taught the Bar's advertising school, and they taught the holdings from that opinion without disclosing Mr. Fisher's identity. Apparently, in reaching a settlement with Law Tigers, ODC has changed its mind. It appears that "law tigers" and images of a tiger are now acceptable in lawyer advertising despite the 2012 Fisher matter. Our argument would be this inconsistency by Defendants shows exactly how vague, ambiguous, and nebulous its rules are and how arbitrary and capricious its enforcement is. In discovery, Plaintiffs are entitled to the documentation that would allow to them to make these arguments to the District Court.

There is no justifiable reason these documents shouldn't be produced. They are not privileged documents. To the contrary, attorneys who advertise ought to be afforded a full and fair understanding of how Defendants enforce the Rules of Professional Conduct, so they do not inadvertently violate the rules.

Moreover, the South Carolina Supreme Court passed Rule 41.1(c) in the state Rules of Civil Procedure. In relevant part, that Rule provides: "Under no circumstances shall a court approve sealing a settlement agreement which involves a public body or institution." The Court's intent was clear – no secret settlements utilizing courts that involve a "public body or institution." With all due respect to the Supreme Court and its members, it cannot have it both ways. It cannot pass a rule that effectively forbids secret settlements, but then expect that settlements ODC and the Commission on Lawyer Conduct reach as a result to public litigation remain hidden from public view and public scrutiny.

Please timely produce the requested documents from the Law Tigers settlement.

RFP 4. The RFP asks for complaints made to ODC about Mr. Hawkins' ads. We are aware of the substance and content of the complaints from attorneys, Dusty Rhodes, Bob Wells and Richard Smith. However, if consumers, as opposed to competing attorneys, have made complaints about Plaintiffs' ads, those complaints should be produced. Such complaints would be directly relevant to whether members of the public are actually confused or misled as suggested in ODC's Formal Charges. Please amend your response and provide the requested documents. If such documents do not exist, please affirmatively indicate that.

RFPs 5, 6 & 7. In its Formal Charges, ODC has alleged various ads have the potential to mislead consumers. Under Central Hudson v. Pub. Serv. Comm., 447 U.S. 557, 100 S. Ct. 2343, 65 L. Ed. 341 (1980) the government may prohibit false or misleading commercial speech. These RFPs seek evidence Defendants have that Mr. Hawkins ads are in fact false and misleading. Therefore, the requested documents are directly relevant and should be produced. Please respond to them appropriately and without further objection.

RFPs 9 through 19. ODC has made several specific charges against Mr. Hawkins. These RFPs request documents which ODC claims supports the allegations in its Formal Charges. For example, if ODC has specific information that Mr. Hawkins' ads are false, misleading, etc. it needs to produce that information or disclose that it has no specific information beyond its own subjective opinions. Simply objecting or referencing the ads themselves is not responsive. Please respond to RFP without further objection or delay.

## INTERROGATORIES

As outlined above, Defendants objected to all but two interrogatories. In response to those two interrogatories, Defendants simply referenced their initial disclosures for the names of witnesses and their expected testimony. It is noteworthy that the initial disclosures only identified one individual, Michael Virzi. Mr. Virzi represents Mr. Hawkins in the underlying ODC action and investigation.

In addition, the interrogatory responses were not signed as required under Rule 34(b)(5). Please have the interrogatories signed as required and mandated by the rule. Other deficiencies in Defendants' interrogatory responses are outlined below.

Interrogatory 1: Commercial free speech cases are governed by the four-part standard first articulated in Central Hudson v. Pub. Serv. Comm., 447 U.S. 557, 566, 100 S. Ct. 2343, 2351, 65 L. Ed. 341, 351 (1980). The second factor articulated by the Court in Central Hudson is "whether the asserted governmental interest is substantial…" "[T]he party seeking to uphold a restriction on commercial speech carries the burden of justifying it." Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 71 n. 20, 103 S. Ct. 2875, 77 L. Ed. 2d 469 (1983).

Interrogatory No. 1 is directly relevant to the legal standards noted above. It asks Defendants to "State with particularity each and every governmental interest which you claim justifies [Rules 7.1 and 7.2]…" It is noteworthy that Plaintiffs' Complaint makes facial challenges to these Rules as well as as-applied challenges. Please timely respond.

Interrogatory 2: Under Central Hudson the court must "determine whether the regulation directly advances the governmental interest asserted…" The second interrogatory is directly related to this factor. It should be answered in a timely manner.

Interrogatory 3: Defendants' objection is without merit and should be withdrawn.

Interrogatory 4: Similar to Interrogatory 1, Interrogatory 4 tracks part of the language from the Central Hudson standard. This interrogatory should be answered without further delay.

Interrogatory 5: Defendants' objection is without merit and should be withdrawn.

Interrogatory 6: In ODC's Formal Charges ODC seeks discipline against Mr. Hawkins up to and including disbarment. ODC has claimed that particular ads are "not predominately informational" in violation of Rule 7.2(a). The interrogatory asks what "specific criteria, standard or test did Defendants utilize" to reach these claims and conclusions. Defendants' objection to the interrogatory is circular and flawed. It simply refers to the Formal Charges, but the Formal Charges do not set forth the "specific criteria, standard or test." Rather, the Formal Charges simply make allegations without any explanation of a "specific criteria, standard or test."

If Defendants seek disciplinary misconduct against Mr. Hawkins based on a vaguely written and hopelessly ambiguous rule, they should identify the "specific criteria, standard or test" they utilize to determine whether an ad is "predominately informational." Please respond appropriately to the interrogatory.

Interrogatory 7. Defendants' objection is similar to their objection to other interrogatories and is equally inappropriate. In Formal Charges seeking discipline, Defendants have maintained that Mr. Hawkins' ads "likely created an unjustified expectation about results Plaintiffs' could achieve." The interrogatory asks, "what specific criteria, standard or test… Defendants utilize[d]… and what evidence [they] have that the ads created an unjustified expectation about the results that could be achieved."

Based on the objection and lack of response, presumably Defendants have no criteria, standard or test. Nor do they have any evidence to support these allegations beyond their own subjective opinions. Assuming that is the situation, they need to state that clearly. In the alternative, they need to answer the interrogatory and provide specific criteria and specific evidence.

Interrogatory 8. As with Defendants' objections to the prior interrogatories, Defendants are simply avoiding legitimate discovery by objecting. If Defendants are going to disbar, suspend or otherwise discipline Mr. Hawkins because they claim his ads compare himself to other lawyers, they need to identify who these lawyers are "and/or types or groups of lawyers" are. Please timely respond to the interrogatory in an appropriate way.

Interrogatory 9. Defendants' dismissal of one of three pending charges do not relieve Defendants of their duties to answer the interrogatory because the interrogatory asks whether "**any** of Plaintiffs ads which you reviewed which utilize the terms 'Hawk Law' or 'HawkLaw violate **any** Rule of Professional conduct." (Emphasis added). While we appreciate Defendants dismissing the 2017 charges, that does not end the inquiry because the 2018 charges specifically allege that the "Hawk Law Screech" and other ads using a hawk bird violate the Rules of Professional Conduct.

The interrogatory seeks specific clarification of exactly what aspects of these ads Defendants contend violate the RPC and which specific rules. Please timely answer the interrogatory.

Interrogatories 10 & 11. These interrogatories ask for Defendants to identify witnesses, summarize their expected testimony and indicate whether they have given written or recorded statements. While we appreciate that discovery is ongoing, Defendants should know who the representative(s) are who will be called to testify or give affidavits. Please provide this information in supplemental responses.

Interrogatory 12. The interrogatory asks about any First Amendment analysis Defendants conducted. You objected by claiming privilege and by referring back to the Formal Charges. To the extent you are claiming privilege please provide a privilege log. The Formal Charges provide no First Amendment analysis and are not a sufficient response. Please provide an amended response and/or privilege log in a timely manner.

Because we have already granted Defendants' a thirty extension to answer discovery and were provided with little meaningful information and no documentation and because of time deadlines imposed by Local Rule 37.01 we cannot grant further extensions of time. I trust you understand my position. Please contact me if you have questions or concerns. Otherwise, we look forward to receiving supplemental responses and document production on or before September 20, 2021.

With kind regards, I am,

Very truly yours,

s/ Robert D. Dodson

Robert D. Dodson

RDD:dph