# Exhibit 4

# 9/20/2021 Letter

**Brittany N. Clark**
Associate

September 20, 2021

**VIA ELECTRONIC MAIL**

Robert D. Dodson, Esq.
Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, South Carolina 29201
rdodson@rdodsonlaw.com

Re: **Hawkins et al. v. ODC et al.**
C/A No: 3:21-cv-01319-JMC

Dear Robert:

This is in response to your September 13, 2021 consultation letter ("Letter") alleging Defendants' Answers to Plaintiffs' First Set of Interrogatories ("Interrogatories") and Responses to Plaintiffs' First Set of Requests for Production ("RFP"), both served on September 10, 2021, are somehow "elusive and incomplete." Defendants address your concerns below. Please consider this communication as continued "meet and confer" as required by the Local Rules.

As an initial matter, we are currently in the process of converting and creating an electronic copy of the full and complete file materials of the Office of Disciplinary Counsel ("ODC") relating to ODC Matter Nos. 18-DE-L-0241 and 19-DE-L-1228, as expressly stated in Defendants' Response to RFP No. 1, as well as in response to other RFPs. These materials are voluminous and substantial. As noted in Defendants' responses, we "will produce" those materials. When produced, we will provide Plaintiff with an electronic copy, with bates numbers applied, as well as a privilege log. As also noted in the specific responses below, where indicated, **we will provide Defendants' first supplemental and/or amended responses to Plaintiffs' first set of discovery on or before close of business on September 22, 2021.**

Charleston
Charlotte
Columbia
Greensboro
**Greenville**
Hilton Head
Myrtle Beach
Raleigh

55 East Camperdown Way
Suite 400 (29601)
PO BOX 10648
Greenville, SC 29603-0648
www.nexsenpruet.com

**T** (864) 282-1167
**F** 864.477.2627
**E** BClark@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

Robert D. Dodson, Esq.
Page 2

_____

We will not be producing documents relating to ODC Matter No. Matter 17-DE-L-0398. As you know, and as stated in Defendants' discovery responses, that Matter has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. Documents or information requested related to that Matter and/or Rule 7.1(e) are therefore not relevant to any viable claim asserted by Plaintiff in this case. We also do not intend to produce the videos of the numerous television advertisements as we presume you already have them.

1. General Objections and Responses: Your Letter alleges that Defendants have not yet "produced a single document" in connection with the section of the Letter titled "General Objections and Responses." While Defendants are unclear as to how the failure to produce documents at this time is related to and/or somehow constitutes or could constitute a "general objection," Defendants refer you to the comment above, as well as their response to RFP No. 1, and the others noted below, which provide that Defendants will produce the responsive documents both electronically and via mail, as well as a privilege log, by close of business on September 22, 2021. We expect that privilege log will address the concerns you set forth in this section of the Letter.

   Moreover, to the extent Defendants objected on the basis of any privilege, including in response to an Interrogatory, the privilege log will be supplemented as appropriate and in accordance with the Federal Rules of Civil Procedure. As noted in several of Defendants' objections to Plaintiffs' discovery requests, many of Plaintiffs' requests are premature as discovery is still ongoing and investigation into the claims is still occurring. Because the discovery process is still ongoing, Plaintiffs cannot reasonably expect Defendants to respond in full and/or have the required information to reasonably and appropriately respond to premature contention interrogatories and premature RFPs. For this reason, Defendants often reserve the right to supplement and/or to amend certain responses once more discovery and investigation into the claims has been had. Furthermore, some of the documents requested or information sought in Plaintiffs' discovery requests may be confidential and/or subject to restrictions on that or similar bases. As noted, because the discovery process is still ongoing; it is premature to ask that Defendants identify each and every document that could be potentially privileged and/or confidential because Defendants may not yet have that information or document. This information will be supplemented and provided in accordance with the Federal Rules of Civil Procedure.

   Additionally, as you undoubtedly know, revisions to the South Carolina Rules of Professional Conduct have been considered on many occasions since they

Robert D. Dodson, Esq.
Page 3

were adopted in 1990, and those Rules have been amended on a fairly frequent basis. As none of Plaintiffs' discovery requests include a reasonable timeframe for the documents and information sought, Plaintiffs' discovery requests are overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. In your letter, you do not appear to have accounted for any of Defendants' appropriate objections on this issue, nor have they responded to valid objections on many other issues. To be sure, Plaintiffs have not acknowledged the Defendants' legitimate issues with many of the discovery requests, and have failed to even offer to narrow or address any of Defendants' valid concerns and objections.

2. <u>Requests for Production Responses</u>: You allege again at the outset of the "Requests for Production" section of your Letter that "Defendants have not produced a single document in the case." Defendants referenced multiple documents throughout their responses. This is to be expected because there has already been an underlying investigation, for which Plaintiffs were represented by counsel. Therefore, Plaintiffs are already in possession of many of the documents responsive to these RFPs. Moreover, Defendants' responses stated that the entirety of certain files (with the exception of documents protected by privilege) would be produced, and this issue is addressed above in response to the "General Objections and Responses" section of your Letter. Any additional alleged deficiencies with Defendants' Responses to Plaintiffs' RFPs set forth in your Letter are specifically addressed in turn below:

- <u>RFP No. 1.</u>: The request for a privilege log is addressed above in response to the "General Objections and Responses" section. By way of further response, **we intend to supplement/amend Defendants' answer on or before September 22, 2021 and to produce responsive documents.**

- <u>RFP Nos. 2 & 3:</u> We stand by the objections made to these RFPs. The documents requested are not relevant to any viable claim asserted by the Plaintiffs in this case. ODC Matter No. 17-DE-L-0398 has been dismissed, *with prejudice.* Notwithstanding the foregoing, **we intend to supplement/amend one or more of Defendants' responses on or before September 22, 2021 and to produce responsive documents.**

- <u>RFP No. 4</u>: We stand by the objections and the original response provided. Subject to and without waiving the objections set forth in the original response, and by way of further response, Defendants respond that the responsive documents have been identified, and were previously produced to Plaintiffs' counsel. Notwithstanding the foregoing, **we**

Robert D. Dodson, Esq.
Page 4

---

> intend to supplement/amend Defendants' response on or before September 22, 2021 and to produce responsive documents.

- <u>RFP Nos. 5, 6 & 7</u>: We stand by the objections and the original responses provided. As noted above, in response to the "General Objections and Responses" section of your Letter, as well as stated, in addition to other things, in Defendants' original responses to RFP Nos. 5, 6, & 7, Defendants "will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228." **Notwithstanding the foregoing, we intend to supplement/amend one or more of Defendants' responses on or before September 22, 2021 and to produce responsive documents.**

- <u>RFP Nos. 9 through 19</u>: We stand by the objections and the original responses provided, in addition to the information or clarifications contained herein. Defendants also disagree with your contention that "[s]imply objecting" to objectionable requests, and/or "simply [] referencing the ads themselves is not responsive." However, **we intend to supplement/amend one or more of Defendants' responses on or before September 22, 2021 and to produce responsive documents.**

3. <u>Interrogatory Responses</u>: Your Letter states in an introductory paragraph to this section that "the interrogatory responses were not signed as required under Rule 34(b)(5)" and requested that the "interrogatories [be] signed as required and mandated by the rule." However, Rule 34(b)(5) does not exist and thus does not govern responses to Interrogatories. Moreover, the Interrogatory Responses and objections were signed by counsel of record. If your Letter intended to request the signed Verifications, we will provide those to you. Additionally, we refute any contention or implication set forth in your Letter's introductory paragraph regarding Plaintiffs' Interrogatories that lodging an objection to "all but two interrogatories" renders any and/or all responses deficient on their face.

    - <u>Interrogatory No. 1</u>: We stand by the objections provided. By way of further objection, the Interrogatory improperly calls for a legal conclusion, and to the extent it could be read as a contention interrogatory, Defendants further object because it is premature, overly broad and unduly burdensome. *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (finding that "contention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense") (internal citation omitted). Moreover, the cases cited in your Letter do not contemplate that "the party seeking to uphold a restriction on

Robert D. Dodson, Esq.
Page 5

_____

commercial speech [be required to] carr[y] the burden of justifying it" at this early stage of the proceeding, and before the completion of discovery. However, **we intend to supplement/amend Defendants' response on or before September 22, 2021.**

- Interrogatory No. 2: We stand by the objections provided. *See also* the response to alleged deficiencies with Defendants' answer to Interrogatory No. 1, *supra*.

- Interrogatory No. 3: We stand by the objections and the original response provided. By way of further response, and subject to and without waiving Defendants' objections, ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. As such, any request for information related to Matter 17-DE-L-0398 is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Additionally, you have failed to set forth sufficient grounds for your objection to the original response provided, and have not included a statement explaining why the discovery should be had within the context of this action as contemplated by Local Rule 7.04 (D.S.C.). Notwithstanding the foregoing, **we intend to supplement/amend this response on or before September 22, 2021.**

- Interrogatory No. 4: We stand by the objections provided. *See also* the response to alleged deficiencies with Defendants' answer to Interrogatory No. 1, *supra*. Nevertheless, **we intend to supplement/amend this response on or before September 22, 2021.**

- Interrogatory No. 5: We stand by the objections and the original response provided. Additionally, you have failed to set forth sufficient grounds for your objection to the original response provided, and have not included a statement explaining why the discovery should be had within the context of this action as contemplated by Local Rule 7.04 (D.S.C.). However, **we intend to supplement/amend this response on or before September 22, 2021.**

- Interrogatory No. 6: We stand by the objections and the original response provided. By way of further objection, Plaintiffs' Interrogatory is vague and ambiguous, including through the use of broad, undefined terms including "criteria," "standard," and "test," and appears to improperly call for a legal conclusion.

Robert D. Dodson, Esq.
Page 6

- Interrogatory No. 7: We stand by the objections and the original response provided. Additionally, you have failed to set forth sufficient grounds for your objection to the original response provided, and have not included a statement explaining why the discovery should be had within the context of this action as contemplated by Local Rule 7.04 (D.S.C.). Additionally, we reject the apparent presumptions and/or assumptions you have improperly made based on the objections and the original response provided to this Interrogatory. Subject to and without waiving the foregoing, and by way of further objection, the Interrogatory improperly calls for a legal conclusion, and to the extent it could be read as a contention interrogatory, Defendants further object because it is premature, overly broad, and unduly burdensome. *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (finding that "contention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense") (internal citation omitted). Moreover, the cases cited in your Letter do not contemplate that "the party seeking to uphold a restriction on commercial speech [be required to] carr[y] the burden of justifying it" at this early stage of the proceeding, and before the completion of discovery.

- Interrogatory No. 8: We stand by the objections and the original response provided. By way of further objection, Plaintiffs' Interrogatory improperly calls for a legal conclusion.

- Interrogatory No. 9: We stand by the objections and the original response provided. By way of further objection, the Interrogatory improperly calls for a legal conclusion, and to the extent it could be read as a contention interrogatory, Defendants further object because it is premature, overly broad, and unduly burdensome. *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (finding that "contention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense") (internal citation omitted). Moreover, the cases cited in your Letter do not contemplate that "the party seeking to uphold a restriction on commercial speech [be required to] carr[y] the burden of justifying it" at this early stage of the proceeding, and before the completion of discovery.

- Interrogatory Nos. 10 & 11: We stand by the original responses provided. Further, the responses noted that Defendants reserve the right to supplement the responses, in accordance and as permitted by the

Robert D. Dodson, Esq.
Page 7

        Federal Rules. While we appreciate that Plaintiffs "appreciate that discovery is ongoing," we disagree that, at this early stage of the litigation, "Defendants should know who the representative(s) are who will be called to testify or give affidavits." Defendants expect that additional information will be provided in supplemental responses as that information becomes known and/or is finalized.

- Interrogatory No. 12: We stand by the objections and the original response provided. Further, the request for a privilege log is addressed above in response to the "General Objections and Responses" section. By way of further objection, the Interrogatory improperly calls for a legal conclusion, and to the extent it could be read as a contention interrogatory, Defendants further object because it is premature, overly broad, and unduly burdensome. *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (finding that "contention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense") (internal citation omitted). Moreover, the cases cited in your Letter do not contemplate that "the party seeking to uphold a restriction on commercial speech [be required to] carr[y] the burden of justifying it" at this early stage of the proceeding, and before the completion of discovery.

As you know, Defendants recently served Plaintiffs with their First Sets of Requests for Production of Documents and Interrogatories, and the discovery process is still ongoing in this case. We trust you understand that some of our responses may be limited because we do not yet have Plaintiffs' responses, and are still in the investigative and discovery stage of this case. In addition to the intended supplemented and/or amended responses that will be provided no later than end of business on September 22, 2021, Defendants will continue to supplement their responses, as this matter proceeds and as discovery continues, to all of Plaintiffs' discovery requests as is required and as appropriate, and in accordance with the Federal Rules of Civil Procedure.

Robert D. Dodson, Esq.
Page 8

---

                                          Very truly yours,

                                          Brittany N. Clark

BNC/klm