IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>  Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>  Defendants. | Civil Action No. 3:21-cv-01319-JMC |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) AND/OR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), AND MOTION TO HOLD PLAINTIFFS' MOTION TO COMPEL IN ABEYANCE**

Defendants, the South Carolina Commission on Lawyer Conduct ("Commission") and the South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), respectfully move this Court to dismiss the Complaint filed by Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs"), under Federal Rule of Civil Procedure 12(c) and/or Federal Rule of Civil Procedure 12(b)(1). The grounds for this Motion are as follows:

1. The Court should enter judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismiss this case with prejudice on the basis of *Younger v. Harris*, 401 U.S. 37, 45 (1971), abstention because this case involves a pending attorney disciplinary proceeding that implicates important state interests and that provides an adequate opportunity to raise the federal constitutional claims advanced in the Complaint.

The *Younger* doctrine, which applies to state attorney disciplinary actions, requires abstention by a federal district court absent a showing of "bad faith, harassment, or some other *extraordinary* circumstance" that would make abstention inappropriate—extraordinary

circumstances clearly not present here. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–34 (1982) (emphasis added).

In the alternative,

2. The Court should dismiss certain claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs lack standing to pursue those claims.

3. This Court should dismiss Plaintiffs' claims seeking declaratory relief under Federal Rule of Civil Procedure 12(c) because no good reason exists to resolve these issues in this Court when they would be more efficiently resolved in the pending attorney disciplinary proceeding.

In light of this Motion, Defendants also respectfully ask that this Court hold Plaintiffs' motion to compel in abeyance until it has ruled on this request for dismissal. (*See* ECF No. 25.) Defendants' response to the motion to compel is due on October 12, 2021, but would be rendered moot in whole or in part should the Court grant Defendants' Motion.

The grounds for this Motion are more fully set forth in the Memorandum in Support contemporaneously filed herewith. Wherefore, Defendants respectfully asks that the Court grant this Motion and dismiss this case with prejudice.

Respectfully submitted,

s/ Angus H. Macaulay
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

October 11, 2021
Columbia, South Carolina

3