IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA, <br><br> Plaintiffs, <br><br> vs. <br><br> The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, <br><br> Defendants. | Civil Action No. 3:21-cv-01319-JMC |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c)
AND/OR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1),
AND MOTION TO HOLD PLAINTIFFS' MOTION TO COMPEL IN ABEYANCE**

Defendants, the South Carolina Commission on Lawyer Conduct ("Commission") and the South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), respectfully submit the following Memorandum in Support of their Motion to Dismiss made pursuant to Rules 12(c)(1) and/or 12(b)(1) of the Federal Rules of Civil Procedure.

For the reasons set forth below, the Complaint should be dismissed with prejudice:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs"), filed their Complaint on May 4, 2021, seeking a permanent injunction of Defendants' enforcement of the state court rules related to lawyer advertising against Plaintiffs and against others. (*See* Compl., ECF No. 1.) They also are seeking a declaration from this Court that those same lawyer advertising rules are unenforceable and unconstitutional, both facially and as applied to Plaintiffs. (*Id.*)

Mr. Hawkins is an attorney licensed to practice law in the State of South Carolina. (*See* Compl. at ¶ 4.) Mr. Hawkins is currently the subject of disciplinary proceedings pending before the Commission. (*See* Compl. at ¶¶ 16–18; *see also* Compl. at ¶¶ 11–15.) HawkLaw, PA, is a professional association organized and existing under the laws of the State of South Carolina. (*Id.* at ¶ 5.) As a lawyer licensed in South Carolina, Mr. Hawkins is subject to the South Carolina Rules of Professional Conduct, Rule 407, South Carolina Appellate Court Rules ("SCACR") (hereinafter, "Rules"). (*See id.* at ¶ 11.)

The Commission was created by the South Carolina Supreme Court pursuant to the state constitution and state law. (*See* Compl. ¶ 6; *see also* Rules 3(a), (c), Rules for Lawyer Disciplinary Enforcement ("RLDE"), Rule 413, SCACR.) Commission panels investigate complaints against attorneys and try all disciplinary proceedings. (*See* Compl. ¶ 6; *see also* Rules 4(f), (g), RLDE, Rule 413, SCACR.) The South Carolina Supreme Court also appoints a member of the South Carolina Bar to serve as disciplinary counsel in the ODC. (*See* Compl. ¶¶ 8–9; *see also* Rule 5(a), RLDE, Rule 413, SCACR.) The ODC has the authority to receive and screen complaints against lawyers; to conduct preliminary investigations; to make recommendations to an investigative panel of the Commission and, upon authorization, conduct full investigations; to file formal charges when directed to do so by an investigative panel; to prosecute formal charges; and to file briefs and other appropriate petitions with the Supreme Court. (*See* Compl. ¶¶ 8–9; *see also* Rule 5(b), RLDE, Rule 413, SCACR.)

As such, an attorney disciplinary proceeding generally involves: (1) the initial screening of a complaint, or complaints, received by the ODC from the public; (2) a preliminary investigation of the complaint; (3) a full investigation by the ODC; and, then, (4) formal charges if authorized by the Commission. (*See* Rules 19, 23, 25, 26, and 27, RLDE; Rule 413, SCACR.) If formal

charges are filed, the attorney subject to the proceedings is permitted to conduct discovery. (*Id.*) Additionally, at any time during the proceedings, the lawyer and disciplinary counsel may reach an agreement about the imposition of a sanction or the issuance of a letter of caution in exchange for the lawyer's admission of some or all of the allegations of misconduct at issue. (*See* Rule 21, RLDE; 413, SCACR.) If no agreement is reached with the lawyer, a hearing is conducted before a hearing panel of the Commission once discovery is complete. (*Id.*) The decision by the panel is subject to review by the South Carolina Supreme Court. (*Id.*)

Here, in the underlying attorney-disciplinary matter, the investigation of complaints received by the ODC concerning Mr. Hawkins' television advertising culminated in Formal Charges filed against Mr. Hawkins on April 20, 2021. The Formal Charges alleged violations of Rules 7.1(a)–(c), (e), and 7.2(a). Fourteen days later, Plaintiffs brought this lawsuit. (*See* Compl.) In their Complaint, Plaintiffs alleged that the Rules implicated by the ongoing and pending disciplinary proceedings initiated against Mr. Hawkins by the Commission are unconstitutional both on their face and as applied to Plaintiffs.[1] (*Id.*)

---

[1] The Complaint challenges Rules 7.1(c) and 7.1(e), which state:

> A lawyer shall not make false, misleading, or deceptive communications about the lawyer or lawyer's services. A communication violates this rule if it . . .
>
> > (c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated. . . .
> >
> > (e) contains a nickname, moniker or trade name that implies an ability to obtain results in a matter.

It also challenges Rule 7.2(a), which provides:

> Subject to the requirements of this Rule and Rules 7.1 and 7.3, a lawyer may advertise services through written, recorded or electronic communication, including public media. All advertisements shall be predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selection of a lawyer predominates and the communication includes only a minimal amount of content designed to attract attention to and create interest in the communication.

After the lawsuit was filed, Defendants answered the Complaint in this matter while preserving their right to move for dismissal on abstention grounds. (*See* Answer, First Aff. Def. at ¶ 73, ECF No. 16.) As part of their continued efforts to reach an agreement, short of a formal hearing, in the underlying proceedings, on August 10, 2021, the ODC dismissed with prejudice the portion of the Formal Charges implicating Rule 7.1(e). (*See* ECF No. 25.) Also, for purposes of moving toward a resolution before full discovery and a hearing, the ODC moved and the Commission granted on August 17, 2021, the ODC's request to withdraw without prejudice the other portions of the Formal Charges that addressed alleged violations of Rules 7.1(a)–(c) and 7.2(a). (*See id.*) Those remaining portions of the Formal Charges are still pending in the underlying disciplinary proceedings, however, as Plaintiffs themselves point out in a recent filing of a motion to compel. (*Id.*) It is now clear there will be no early resolution. (*See id.*)

In light of this procedural posture, Defendants are constrained to move this Court for a dismissal on abstention grounds. As the disciplinary proceedings move forward, these constitutional challenges should be raised in the forthcoming hearing before the Commission, and before the South Carolina Supreme Court. Intervention by this Court before the Commission has had a chance to hear and decide the underlying disciplinary proceeding, or the Supreme Court has had the opportunity to review the Commission's decision and recommendation, would undermine and disrupt the state's interest in regulating the professional conduct of the attorneys licensed by the state. Accordingly, Defendants move to dismiss.

## II.  LEGAL STANDARD

Motions brought under Rule 12(c) of the Federal Rules of Civil Procedure are governed by the same standard as motions made pursuant to Rule 12(b)(6). *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir.2002). When ruling on such a motion, "a

4

court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff." *Darcangelo v. Verizon Commc'ns Inc.*, 292 F.3d 181, 189 (4th Cir. 2002). A court must enter judgment on the pleadings when a complaint fails to contain sufficient facts "to raise a right to relief above the speculative level" and fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007); *see also Booker v. Peterson Companies*, 412 F. App'x 615, 616 (4th Cir. 2011). With respect to a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1), the standard is different. Motions to dismiss for lack of subject matter jurisdiction examine whether the complaint fails to state facts upon which jurisdiction can be founded. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). It is Plaintiffs' burden to prove jurisdiction, and a court is to regard the pleading allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting it to one for summary judgment. *Id.*

### III. ARGUMENT

**A.     THIS COURT SHOULD ABSTAIN FROM HEARING THIS CASE AND DISMISS IT IN ITS ENTIRETY.**

Under the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, if there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests, and that (3) provides a plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982). The Fourth Circuit Court of Appeals has stated the following:

> The purpose of abstention is "to ensure that state courts may construe state law in a way that avoids unwarranted determinations of federal constitutional questions and to maintain comity between the state and federal courts." . . . Accordingly,

5

> where a plaintiff fails "to exhaust its administrative remedies, and could have asserted its constitutional claims in the state proceedings ... [the] principles of comity demand application of *Younger* abstention."

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 166, 167 (4th Cir. 2008) (internal citation omitted). The *Younger* doctrine captures a "strong federal policy against federal-court interference with pending state judicial proceedings absent *extraordinary circumstances*." *Middlesex Ethics Comm.*, 457 U.S. at 431 (emphasis added). The doctrine further "recognizes that state courts are fully competent to decide issues of federal law." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993) (citing *Lynch v. Snepp*, 472 F.2d 769, 774 (4th Cir.1973), *cert. denied*, 415 U.S. 983 (1974)). It "has as a corollary the idea that all state and federal claims should be presented to the state courts." *Id.* at 251. Abstention under *Younger* is "fully applicable to civil proceedings in which important state interests are involved," such as those implicated in the instant case relating to the regulation of the legal profession and handling of attorney disciplinary matters. *Moore v. Sims*, 442 U.S. 415, 423 (1979); *Middlesex*, 457 U.S. at 433–34 (finding that the *Younger* abstention doctrine applies to state attorney disciplinary proceedings). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435.

In light of these standards and these strong policy grounds, this Court should abstain from hearing this case and dismiss it in its entirety with prejudice.

### 1. Plaintiffs Challenge the Rules that are the Subject of Pending and Ongoing State Disciplinary Proceedings.

First, it is undisputed that this matter involves a challenge to the constitutionality of the disciplinary rules that are the subject of pending and ongoing disciplinary proceedings. The Formal Charges were filed April 20, 2021, and Plaintiffs' lawsuit was filed on May 4, 2021. (*See* ECF

6

Nos. 1 and 25); *see also New Orleans Public Serv. v. Council of New Orleans*, 491 U.S. 350, 374 (1989) (holding that administrative proceedings that are "judicial in nature . . . should be regarded as 'ongoing' for the purposes of *Younger* abstention until state appellate review is completed . . .") (concurring). Importantly, even if the Formal Charges had not been filed first, their filing "is not the initial stage of disciplinary proceedings." *Bieber v. S.C. Comm'n on Law*. Conduct, No. C.A. 6:08-2215-HMH, 2008 WL 4442629, at *2 (D.S.C. Sept. 24, 2008) (finding that the first prong of *Younger* abstention had been met because, at the time the plaintiff filed the action, the plaintiff was aware that formal charges were pending). "Disciplinary proceedings begin with screening, followed by a preliminary investigation, full investigation, filing of formal charges, discovery, hearing, and a review by the South Carolina Supreme Court. See S.C.A.C.R. Rule 413, Rules 19, 22, 23, 25, 26, 27." *Id.* Here, the very nature of Plaintiffs' pleadings demonstrates that they were unequivocally aware of the ongoing disciplinary proceedings and that Formal Charges were pending. As such, this portion of the *Younger* abstention test has been met.

    **2.**    **Disciplinary Proceedings Implicate Important State Interests.**

Second, the state has an obvious and compelling interest in regulating the practice of law and in conducting disciplinary proceedings, and it should be able to fulfill those duties free from interference by a federal court. *See* S.C. Const. art. V, § 4 (giving the Supreme Court "jurisdiction over the admission to the practice of law and the discipline of persons admitted").

"[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45. One reason for this "longstanding public policy" is the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving

7

party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44.

Another reason is "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44; *see also Fieger v. Thomas*, 74 F.3d 740, 744–45 (6th Cir. 1996) (abstaining based on *Younger* and noting that "[r]egulating lawyers' conduct is a fundamentally important state interest. . . . Because the administration of justice in Michigan and the entire Michigan judicial system is dependent upon the ethical and professional proficiency of Michigan lawyers, the State has an important interest in the pending State proceedings."); *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792 (1975) (noting that the regulation of lawyers is of "especially great" interest to the state, as lawyers are "essential to the primary governmental function of administering justice, and have historically been "officers of the courts"); *Hafter v. Bare*, No. 2:10-CV-00553-PMP-LR, 2010 WL 4736496, at *1 (D. Nev. Nov. 16, 2010) (finding "state attorney disciplinary proceedings implicate important state interests.").

Federal courts also have universally recognized that they should abstain from hearing matters raised in pending attorney disciplinary proceedings, including challenges to the constitutionality of disciplinary rules. *E.g., Middlesex*, 457 U.S. 423; *Danner v. Bd. of Pro. Resp. of Tennessee Supreme Ct.*, 277 F. App'x 575, 578 (6th Cir. 2008) (abstaining under *Younger* and holding that Tennessee disciplinary proceedings relating to enforcement of attorney rules of professional conduct are judicial for purposes of *Younger*); *Am. Fam. Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 333 n.3 (6th Cir. 2007) (abstaining under *Younger* and noting

8

that Ohio state bar proceedings are judicial in nature); *Squire v. Coughlan*, 469 F.3d 551, 557 (6th Cir. 2006) (abstaining under *Younger* when judge alleged constitutional and due process challenges to her ongoing disciplinary process, noting that the Court in *Middlesex* rejected a similar argument where the "attorney had failed to respond to the complaint filed by the local Ethics Committee and failed even to *attempt* to raise any federal constitutional challenge in the state proceedings," like the Plaintiffs in the this case); *Crenshaw v. The Supreme Court of Indiana*, 170 F.3d 725 (7th Cir. 1999); *Hirsh v. Justices of Supreme Court of State of California*, 67 F.3d 708 (9th Cir. 1995); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718 (6th Cir. 1993); *Mason v. Departmental Disciplinary Comm.*, 894 F.2d 512 (2d Cir. 1990); *Wightman v. Texas Supreme Court*, 84 F.3d 188 (5th Cir. 1996); *Hensler v. Dist. Four Grievance Comm. Of the State Bar of Texas*, 790 F.2d 390 (5th Cir. 1986); *Hefner v. Alexander*, 779 F.2d 277 (5th Cir. 1985); *Dir. of Lawyers Prof'l Responsibility Bd. of the State of Minnesota v. Perl*, 752 F.2d 352 (8th Cir. 1985); *Richardson v. Florida Bar*, 1990 WL 116727 (D.D.C. 1990).

### 3. Commission and South Carolina Supreme Court Provide Adequate Forum.

Third, the Commission and certainly the South Carolina Supreme Court provide more than an adequate forum in which Mr. Hawkins can raise the constitutional challenges raised here. Plaintiffs bear the burden of showing that the state procedural law prevents them from presenting their federal claims in the state forum. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also In re Pavilack*, 488 S.E.2d 309, 310 n.1 (S.C. 1997) (involving a constitutional challenge to the restrictions on lawyer advertising); *Bieber v. S.C. Comm'n on Law. Conduct*, Civil Action No. 6:08-2215-HMH, 2008 WL 4442629, at *2 (D.S.C. Sept. 24, 2008) (finding that the Commission and the South Carolina Supreme Court provided an adequate forum and dismissing federal case on abstention grounds).

Like here, *Bieber* involved a state attorney disciplinary action challenged by the lawyer in federal court. In dismissing the case on abstention grounds, the district court recognized that,

> Plaintiff has an opportunity to raise his constitutional claims in the hearing before Defendants and on appeal to the South Carolina Supreme Court. Nothing in the disciplinary rules bars Plaintiff from raising his First Amendment challenges. To hold that the state proceedings are inadequate for resolving federal claims would erode the well-established presumption that state courts will safeguard federal constitutional rights. As such, the court finds that Plaintiff is presented with an adequate opportunity to raise his federal claims.

*Bieber*, Civil Action No. 6:08-2215-HMH, 2008 WL 4442629, at *2–3; *compare*, *In re Anonymous Member*, 709 S.E.2d 633 (S.C. 2011) (addressing First Amendment challenge in a disciplinary matter involving the civility oath); *In re White*; 707 S.E.2d 411 (S.C. 2011) (addressing First Amendment challenge to application of civility oath); *In re Anonymous Member*, 684 S.E.2d 560 (S.C. 2009) (addressing First Amendment challenge to disciplinary enforcement in case involving attorney advertisements); *In re Brown*, 605 S.E.2d 509 (S.C. 2004) (addressing *ex post facto* aspect of applying disciplinary rules to conduct that occurred prior to lawyer's admission to practice); *In re Chastain*, 532 S.E.2d 264 (S.C. 2000) (addressing Double Jeopardy challenge to disciplinary prosecution); *In re Chipley*, 176 S.E.2d 412 (S.C. 1970) (addressing Due Process challenge to sufficiency of disciplinary rules).

Here, Plaintiffs have not made, and cannot make, a showing that state procedural laws prevent raising the federal claims in the underlying disciplinary action. Accordingly, Plaintiffs cannot show there is no adequate forum.

### 4.     There Has Been No Showing of Bad Faith.

Finally, Plaintiffs have not alleged any extraordinary circumstance, such as bad faith or harassment, that would make abstention inappropriate. Plaintiffs merely contend that the Rules have been interpreted in an "arbitrary and capricious" manner that have led Defendants to

"selectively enforce[]" the Rules against Plaintiffs (*See* Compl. ¶¶ 48–49.) Such an allegation goes to the merits of the underlying disciplinary proceeding and can be raised at the hearing before the Commission or, later, before the South Carolina Supreme Court. Furthermore, such an allegation does not rise to the level of bad faith or harassment. *Berger*, 983 F.2d at 724 ("Since the bar association is a self[-]governing body, it is inevitable that attorneys who have disagreed in prior matters will eventually be called upon to discipline each other."). Furthermore, the bad faith exception is "narrow and should be granted parsimoniously." *Hefner*, 779 F.2d at 280.

In fact, as set out above, Defendants have demonstrated only good faith and have attempted to work toward a resolution short of a hearing in accordance with Rule 21, RLDE; 413, SCACR. While Plaintiffs have made it clear, as is their right, that they want to push ahead, Defendants' attempt to work toward a resolution by dismissing with prejudice a portion of the Formal Charges and withdrawing for a period of time the other portions to allow time to resolve matters all shows that there is no bad faith or other extraordinary circumstance. *See Bieber*, Civil Action No. 6:08-2215-HMH, 2008 WL 4442629, at *3 ("Defendants' attempt to bring the matter to a halt via a proposed agreement contradicts Plaintiff's allegation of bad faith and harassment. Consequently, the court finds that there is insufficient evidence of bad faith and/or harassment on the part of Defendants."). Accordingly, Plaintiffs have not alleged, and cannot allege, any extraordinary circumstance, such as bad faith or harassment, that would make abstention inappropriate.

For all of these reasons, and the strong policies in favor of abstention, this Court should abstain from hearing this case under the *Younger* abstention doctrine and dismiss it in its entirety with prejudice.

B.   **THE COURT LACKS SUBJECT MATTER JURISDICTION.**[2]

Should this Court to find that it should not abstain from hearing this case, it should nonetheless dismiss portions of the case because Plaintiffs lack standing to bring certain claims.

"Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." *Pye v. United States,* 269 F.3d 459, 466 (4th Cir.2001) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)); *Brockington v. Jones*, No. CIV.A4:05-3267RBHTER, 2007 WL 4812205, at *3 (D.S.C. Nov. 28, 2007), *R&R adopted,* No. C.A.4:05-3267-RBH, 2008 WL 238707 (D.S.C. Jan. 23, 2008).

To merit standing, a litigant must demonstrate: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that the injury "likely will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). These standing elements must each be established "separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

In a jurisdictional challenge under Rule 12(b)(1), this Court may consider undisputed facts and any jurisdictional facts it determines, and may dismiss a case for lack of subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts

---

[2] Defendants recognize that this Court may look beyond the pleadings to decide a Rule 12(b)(1) Motion. However, to comport with Rule 12(c) as well as any confidentiality requirements of the underlying disciplinary proceedings, there are no exhibits to Defendants' Motion to Dismiss and Memorandum in Support, and Defendants have relied on Plaintiffs' own factual allegations, admissions and concessions in their pleadings. Should this Court wish to review additional information to evaluate the jurisdictional challenge, Defendants welcome the opportunity to supplement this Motion.

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008).

### 1.  Rule 7.1(e) Allegations Have Been Dismissed.

Here, as stated above, any allegations of wrongdoing related to Rule 7.1(e) have been dismissed with prejudice in the pending underlying disciplinary proceedings. As such, the allegations in the Complaint related to Rule 7.1(e) should be dismissed because Plaintiffs lack standing to challenge this subsection of the Rule. Fed. R. Civ. P. 12(b)(1). A plaintiff's "subjective fear that some action would be taken against him is insufficient to establish an injury in fact." *Collura v. Maguire*, 569 F. App'x 114, 118 (3d Cir. 2014) (finding plaintiff lacked standing to challenge provisions of state rules of disciplinary enforcement where no sanction was provided for in the rules for such a violation); *see also Aiello v. City of Wilmington,* 623 F.2d 845, 850 (3d Cir.1980) (noting a statute must be vague as applied to a litigant's own conduct for there to be standing); *see also Morrison v. Bd. of Educ. of Boyd Cty.*, 521 F.3d 602, 609 & n.7 (6th Cir. 2008) (analyzing standing based on allegations of "chilled" speech, and finding plaintiff lacked standing, while also holding there is "no distinction for standing purposes [] between allegations of a past-experienced chill and allegations of chill seeking forward-looking relief. Without more, both will fail to constitute an injury-in-fact"); *Laird v. Tatum*, 408 U.S. 1, 11 (1972) (finding no injury-in-fact where a chilling effect arose "from the individual's knowledge that a governmental agency was engaged in certain activities or from the individual's concomitant fear that, armed with the fruits of those activities, the agency might in the future take some other and additional action detrimental to that individual"); *Reyes v. City of Lynchburg*, 300 F.3d 449, 456 (4th Cir. 2002).

### 2.     HawkLaw, PA, Has No Standing.

Additionally, HawkLaw, PA, should be dismissed as a party because it lacks standing to prosecute the claims set forth in the Complaint.  *See* Fed. R. Civ. P. 12(b)(1); Rules 7.1(a)–(c) and (e), and 7.2(a); *see also Womack v. Owens*, 736 F. App'x 356, 358–59 (4th Cir. 2018) (finding the relevant count "does not allege an injury against [plaintiff] and, thus, he has no standing to bring that claim and should be dismissed as a party"); *Atlantigas Corp. v. Columbia Gas Transmission Corp.,* No. 05–2180, 2006 WL 3798132, at *3 (4th Cir. Dec.19, 2006) ("A court does not have subject matter jurisdiction over an individual who does not have standing.").

HawkLaw, PA, is not subject to the South Carolina Rules of Professional Conduct and, therefore, lacks standing to challenge the constitutionality of the same. *See, e.g.*, *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008). In fact, the Rules specifically contemplate and charge attorneys who advertise with certain duties and obligations—recognizing that the attorney is obligated to comply with the Rules in connection with legal advertisements. *See, e.g.*, Rule 7.2(b) ("***A lawyer*** is responsible for the content of any advertisement or solicitation placed or disseminated…"). HawkLaw, PA, is not a lawyer within the meaning of the Rules, is not subject to the Rules, and is not subject to the jurisdiction of either the ODC or the Commission.

And while Plaintiffs make vague references to either the ODC or the Commission's alleged actions or intentions as to "Plaintiff*s*" (plural), such is not the case. The ODC and the Commission have never sought to investigate HawkLaw, PA, the professional association, for any of its advertisements. Rather, only Mr. Hawkins has been the subject of any investigation.

14

### C.     THE COURT SHOULD DECLINE TO TAKE THIS CASE UNDER DECLARATORY JUDGMENT ACT.

The Court also has the discretion under the Declaratory Judgment Act to decline to take this case and should do so because the relief sought will not serve a useful purpose, and the State of South Carolina has a strong interest in having the issue decided in state court.

The Declaratory Judgment Act provides, in pertinent part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

The Fourth Circuit has held that a district court should entertain a declaratory judgment action if "it finds that the declaratory relief sought: (1) will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998). The district court's discretion must be guided by considerations such as "federalism, efficiency, and comity." *Id.* These "additional concerns might require the court to consider: (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of law or fact.'" *Id.*

Thus, district courts should consider "'whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable." *Id.*; *see also W.*

15

*Contracting Corp. v. Nat'l Sur. Corp.*, 163 F.2d 456, 459 (4th Cir. 1947) (stating that "a declaratory judgment is not proper for the purpose of determining in advance the validity of defenses in a pending action or of trying a case by piecemeal").

Here, the case does not involve an actual controversy that can be conclusively resolved by a decree from this Court. Also, the relief sought will not serve a useful purpose in clarifying and settling the legal relations in issue. Mr. Hawkins is in the middle of state disciplinary proceedings, and an order from this Court will not resolve those proceedings. The state has a strong interest in having attorney discipline matters decided in state court and in interpreting and applying state court rules related to attorney advertising. *See* S.C. Const. art. V, § 4. Rather, it appears that this case is being used for the improper purpose of determining the validity of defenses that can be raised before the Commission and the South Carolina Supreme Court. Thus, at the very least, the Court should decline to take this case because the relief sought will not serve a useful purpose, and the state has a strong interest in having the issues decided in state court.

**D.     PLAINTIFFS' MOTION TO COMPEL SHOULD BE HELD IN ABEYANCE**

Plaintiffs filed a motion to compel discovery on September 28, 2021. (*See* ECF No. 25.) The response to the motion to compel is due on October 12, 2021. However, in light of this Motion seeking a dismissal on abstention grounds, Defendants ask that this Court hold the motion to compel in abeyance until it has ruled on this Motion.

Additionally, the motion to compel focuses primarily on purported deficiencies in Defendants' responses related to Rule 7.1(e). As discussed herein, the portions of the Formal Charge that relate to Rule 7.1(e) were dismissed with prejudice before the discovery responses were due, making discovery sought by Plaintiffs in connection with that Rule irrelevant.

16

## IV. CONCLUSION

Accordingly, Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel, respectfully ask that the Court grant this Motion for the reasons set forth herein.

Respectfully submitted,

s/ Angus H. Macaulay
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

October 11, 2021
Columbia, South Carolina