# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on<br>Lawyer Conduct and The South Carolina Office<br>of Disciplinary Counsel,<br><br>　　　　Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br>**DEFENDANTS'**<br>**MOTION TO STAY DISCOVERY** |

　　　　Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), by and through undersigned counsel, hereby move for an Order staying discovery in this matter pending resolution of the Defendants' October 11, 2021 Motion to Dismiss [ECF No. 26].

　　　　In support of this Motion, Defendants respectfully submit the following:

　　　　Plaintiffs, John Hawkins and HawkLaw, PA ("Plaintiffs"), filed their Complaint on May 4, 2021 [ECF No. 1], and Defendants answered and asserted affirmative defenses on June 22, 2021 [ECF No. 16].

　　　　On September 28, 2021, Plaintiffs moved to compel discovery, setting forth various alleged deficiencies in Defendants' responses to Plaintiffs' first set of discovery requests [ECF No. 25].

　　　　On October 11, 2021, Defendants filed their moved to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(c) and/or 12(b)(1) and also asked the Court to hold Plaintiffs' motion to compel in abeyance pending a decision on the Motion to Dismiss [ECF No. 26]. Plaintiffs' response to the Motion to Dismiss is due October 25, 2021.

The grounds for Defendants' Motion to Dismiss are as follows:

  a. The Court should enter judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and dismiss the case in its entirety on the basis of abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In the alternative,

  b. The Court should dismiss certain claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs lack standing to pursue those claims; and

  c. The Court should dismiss HawkLaw, PA, as a party to this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because HawkLaw, PA, lacks standing to pursue any claim set forth in the Complaint; and

  d. The Court should dismiss Plaintiffs' claims seeking declaratory relief under Federal Rule of Civil Procedure 12(c) based on the Declaratory Judgment Act as no good reason exists to resolve those issues in this Court.

  e. Finally, Defendants also requested that Plaintiffs' motion to compel be held in abeyance pending the outcome of the Motion to Dismiss.

Defendants are now in receipt of Plaintiffs' responses to the ODC's First Set of Interrogatories and First Set of Requests for Production, and find Plaintiffs' responses deficient in several material respects. Counsel for Defendants is consulting with Plaintiffs' counsel regarding the deficiencies. However, Defendants anticipate that it may become necessary to move to compel Plaintiffs' full and complete discovery responses absent a stay of discovery as the parties may be at an impasse.

Defendants' counsel respectfully submits that good cause exists to support a stay of discovery in this case because all or some of Plaintiffs' claims may be disposed of by the pending Motion to Dismiss. Further, a stay of discovery would promote the interests of judicial economy and efficiency, as well as the spirit of Rule 1 of the Civil Rules of Civil Procedure. Staying discovery would prevent the parties from engaging in potentially unnecessary discovery that is voluminous, costly, and burdensome, and because the parties could potentially avoid time-intensive motions practice, or at least narrow the issues involved, on potentially two Motions to Compel, which may also ultimately be unnecessary. This Court has the authority to issue such a stay pursuant to its inherent authority to manage its docket, as well as under Federal Rule of Civil Procedure 26(c). *See* Fed. R. Civ. P. 26(c); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

Should the Court grant the instant Motion, Defendants' counsel proposes that the parties jointly submit a proposed Amended Scheduling Order, as necessary, within seven (7) days of issuance of the Court's Order on Defendants' Motion to Dismiss.[1]

Pursuant to Local Rule 7.02 (D.S.C.), undersigned counsel has consulted with Plaintiffs' counsel prior to filing, but Plaintiffs' counsel has not consented to this Motion.

For the reasons set forth herein, and for good cause shown, Defendants respectfully request that the Court grant the Motion to Stay, and that discovery in the above-captioned case be stayed during the pendency of Defendants' Motion to Dismiss.

---

[1] Counsel for the parties disagree over the appropriate Scheduling Order for this case. Plaintiffs' counsel submits that the Court should proceed under the operative Scheduling Order [ECF No. 19]. [*See* Plaintiffs' Rule 26(f) Report at ECF No. 22]. Counsel for Defendants filed an alternative Amended Scheduling Order with different deadlines, as set forth in Defendants' Rule 26(f) Report and accompanying proposed Amended Scheduling Order. [ECF Nos. 26; 26-1]. The discovery deadlines in both parties' proposals would be moot, however, should the Court grant the instant Motion.

Respectfully submitted,

s/ Angus H. Macaulay
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

October 22, 2021
Columbia, South Carolina

4