# Exhibit 3

## Office of Disciplinary Counsel
## Notice of Investigation



# The Supreme Court of South Carolina
## OFFICE OF DISCIPLINARY COUNSEL

Lesley M. Coggiola
Disciplinary Counsel

Kelly B. Arnold
Assistant Disciplinary Counsel

NOV 1 0 2014

Post Office Box 12159
Columbia, South Carolina 29211

Telephone: (803) 734-2038
Facsimile: (803) 734-1964

November 3, 2014

PERSONAL AND CONFIDENTIAL

John David Hawkins, Esquire
Post Office Box 5048
Spartanburg, SC 29304

      RE:    NOTICE OF INVESTIGATION
               Matter Number: 14-DE-L-1423

Dear Mr. Hawkins:

    We have received information from an anonymous source indicating possible professional misconduct on your part. A copy of the information received is enclosed. We are required by the provisions of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR, to investigate this matter.

    You are hereby notified that the Office of Disciplinary Counsel will investigate the following with regard to your car decal advertisement, submitted by the complainant:

1. Whether your car decal advertisement contains a material misrepresentation of facts or omits facts necessary to make the statement considered as a whole not materially misleading, in violation of Rule 7.1(a) in that the advertisement only states "Hawkins Law Firm, "Expect More" and "1-888-HAWKLAW";

2. Whether your car decal advertisement compares your services with other lawyers' services in a way that cannot be factually substantiated, in violation of Rule 7.1(c), by using the phrase "Expect More";

Plaintiff Hawkins 0005

3. Whether your car decal advertisement contains a nickname, moniker, or trade name that implies an ability to obtain results in a matter, in violation of Rule 7.1(e); and

4. Whether your car decal advertisement does not disclose the geographic location, by city or town, of the office in which the lawyer who will actually perform the services principally practices law, in violation of Rule 7.2(h).

You are further notified that the Office of Disciplinary Counsel will investigate the following with regard to your television advertisement as alleged in the complaint:

1. Whether your television advertisement contains a material misrepresentation of facts or omits facts necessary to make the statement considered as a whole not materially misleading, in violation of Rule 7.1(a) in that an actor in your advertisement states that the insurance company "said my case wasn't worth anything" and "John got me over $500,000.00";

2. Whether your television advertisement is likely to create an unjustified expectation about the results you can achieve, in violation of Rule 7.1(b);

3. Whether your television advertisement contains a report of past results obtained on behalf of a client without stating, clearly and conspicuously, that any result you or your law firm might have achieved on behalf of clients in other matters does not necessarily indicate similar results can be obtained for other clients, as required by Rule 7.1(b) (see Comment 3) and Rule 7.2(i);

    a. Whether the required disclaimer fails to comply with the requirement that it be of sufficient size to be clearly legible and prominently placed so as to be conspicuous to the viewer, as set forth in Rule 7.2(i) and

    b. Whether the disclosure or disclaimer televised or broadcast in an electronic or video medium is not displayed for a sufficient time to enable the viewer to see and read the disclosure or disclaimer, as required by Rule 7.2(i).

4. Whether your television advertisement contains reports of past results obtained on behalf of clients as without reference to the specific factual and legal circumstances of each client's case, as required by Rule 7.1(b) (see Comment 3) and Rule 7.2(i);

    a. Whether the required disclaimer fails to comply with the requirement that it be of sufficient size to be clearly legible and prominently placed so as to be conspicuous to the viewer, as set forth in Rule 7.2(i) and

    b. Whether the disclosure or disclaimer televised or broadcast in an electronic or video medium is not displayed for a sufficient time to enable

the viewer to see and read the disclosure or disclaimer, as required by Rule 7.2(i).

5. Whether your television advertisement compares your services with other lawyers' services in a way that cannot be factually substantiated, in violation of Rule 7.1(c), by using the phrase "Expect More";

6. Whether your television advertisement contains a testimonial or endorsement without identifying that it is a testimonial or endorsement, without disclosing that payment has been made for it, without identifying the fact that it is not made by an actual client, or without the required disclaimer, in violation of Rule 7.1(d);

7. Whether your television advertisement contains a nickname, moniker, or trade name that implies an ability to obtain results in a matter, in violation of Rule 7.1(e); and

8. Whether your advertisement is not predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selection of a lawyer predominates or it includes more than a minimal amount of content designed to attract attention to and create interest in the communication, in violation of Rule 7.2(a).

The grounds for discipline under RLDE relevant to this matter are found in Rule 7(a). We do not allege at this time that you violated any of the rules, but, instead, list those rules relevant to this investigation to afford you notice thereof. This investigation may be expanded, as provided in RLDE, if we deem appropriate.

You are required to file a written response with this office within fifteen days of the date of this letter. Your written response must address separately and with specificity whether any of the events mentioned occurred, whether you acknowledge violating the Rules of Professional Conduct, and, if so, which rules. <u>Your response must also include your verification that it is complete and accurate to the best of your knowledge and belief.</u> A form is enclosed for your convenience.

Furthermore, please provide with your response a copy of your dissemination record for every advertisement, as set forth in Rule 7.2(b), and every solicitation as set forth in Rule 7.3(c).

You are further notified that RLDE provides that either the Office of Disciplinary Counsel or you may request that you appear to give a statement concerning this matter on the record and under oath or affirmation. If we request that you appear, we must give you twenty days' notice of the date, time, and place of the required appearance. If you request an opportunity to appear, your written response to this notice must be served on our office prior to or contemporaneously with any such request.

Plaintiff Hawkins 0007

If you have any questions regarding this notice or if you require an extension of time to respond, you should contact our office. Please refer to the matter number set out above on all correspondence and inquiries concerning this matter.

Sincerely,

*Kelly B. Arnold*

Kelly B. Arnold

KBA\
Enclosures

Plaintiff Hawkins 0008

## Notice to Disciplinary Counsel

Please accept this complaint by an anonymous member of the bar against John Hawkins as alleged owner of The Hawkins Law Firm.

Upon information and belief, Mr. Hawkins' Television Ad violates Rule 7.1(c) and 7.1(d).

The ad, in fact, contains a testimonial and violates all four of the requirements of 7.1(d). The ad is a testimonial and does not identify that fact. Upon information and belief, the ad contains paid actors and not actual clients and that fact is not disclosed. Also one "actor" states that the insurance company "said my case wasn't worth anything" and "John got me over $500,000.00". This statement is clearly misleading and would require a conspicuous disclaimer, not simply the disclaimer that appears at the end of the ad.

Additionally, the law firm's motto "Expect More" violates 7.1(c) and (d) as it implies that you get more by hiring The Hawkins Law Firm. Thus, "Expect More" compares the lawyer's services with other lawyers' services in violation of 7.1(c). This logo and motto "Expect More" is a trade name that implies and ability to obtain results in a matter, in violation of 7.1 (e).

The Hawkins Law Firm even uses the motto on a car he allegedly owns and uses to meet potential clients. Please find enclosed a photo of the car in question. The car is clearly being used to advertise legal services and does not appear to state the geographic location of the lawyer who would actually perform the services advertised in violation of 7.2(h).

As a Member of the Bar, I believe that showing up to a client's home driving a car that is a billboard on wheels is not only in bad taste, but violates that potential client's privacy rights. All of his or her neighbors, would in fact, know or believe that they have been injured, hurt or in some sort of legal trouble and have contacted a lawyer. Therefore, if Mr. Hawkins intends on continuing this practice he should be made to obtain permission from prospective clients to pull up in their driveway with this billboard.

This Member of the Bar asks the Disciplinary Counsel take this matter seriously and investigate these violations of the Rules and discipline this Member accordingly. A copy of the TV ad in question can be found on The Hawkins Law Firm website or YouTube channel.

I only make this complaint anonymously to avoid retaliation by The Hawkins Law Firm. This type of behavior reflects badly on the attorneys that do follow the Rules and are ethical. These ads hurt attorney's like myself who try cases for a living.

RECEIVED
OCT 17 2014
COMMISSION ON LAWYER CONDUCT

RECEIVED
OCT 17 2014
OFFICE OF DISCIPLINARY COUNSEL


Plaintiff Hawkins 0010

HAWKINS LAW FIRM
EXPECT MORE
1-888-HAWKLAW