# Exhibit 8

## August 2021 Email Correspondence with Opposing Counsel

**From:** Macaulay, Angus H.
**Sent:** Tuesday, August 24, 2021 11:19 AM
**To:** Robert Dodson
**Cc:** Svedberg, Sara S.
**Subject:** RE: Hawkins et. al. v. ODC et. al. [IWOV-NPCOL1.FID2294751]

Robert – we disagree.

Angus

**Angus H. Macaulay**
Member
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
PO Drawer 2426 (29202)
T: 803.253.8279, F: 8037271465
AMacaulay@nexsenpruet.com
www.nexsenpruet.com

# NEXSEN PRUET

# NEXSEN PRUET

**From:** Robert Dodson <rdodson@rdodsonlaw.com>
**Sent:** Sunday, August 22, 2021 2:38 PM
**To:** Svedberg, Sara S. <SSvedberg@nexsenpruet.com>; Macaulay, Angus H. <AMacaulay@nexsenpruet.com>
**Subject:** RE: Hawkins et. al. v. ODC et. al.

{EXTERNAL EMAIL}

Dear Sara and Angus,

I hope you are well. I am writing to follow up on the email below and specifically the second and third paragraphs concerning the initial disclosures and settlement agreements from the Kirkendall Dwyer, LLP v. ODC case. I understand we have granted you a thirty day extension to answer our initial written discovery. However, the law tigers settlement and related documents should have already been produced in the initial disclosures. We would appreciate receiving these documents promptly.

Thank you for your attention to this matter.

Best regards,

Robert D. Dodson, Esquire
Law Offices of Robert Dodson, P.A.
1722 Main Street, STE 200
Columbia, SC 29201
(803) 252-2600

From: Robert Dodson
Sent: Tuesday, July 13, 2021 10:11 AM
To: Svedberg, Sara S.; Macaulay, Angus H.
Subject: Hawkins et. al. v. ODC et. al.

Dear Sara and Angus,

I hope this email finds you both well. I am writing in follow up to our Rule 26(f) telephone conference from last week.

First, I wanted to memorialize that we agreed to initial disclosures being due on or by August 2, 2021.

Concerning the content of Defendants' Initial Disclosures, we believe Defendants' disclosures should include any and all settlement agreements from Kirkendall Dwyer, LLP v. ODC (Docket No.: 3:20-02192-JMC) and any and all communications between opposing counsel in that case (i.e. Nexsen Pruet and Kirkendall's counsel). Even if there was a confidential settlement, it is not appropriate for a governmental regulatory body to withhold a settlement that involves the same Rules of Professional Conduct at issue in this case. This is particularly true in this case since it is widely known that ODC issued a confidential admonition to Attorney Kirk Fisher for his use of "law tigers" and the like. While I understand that confidential admonitions are, by definition, confidential, they are only confidential in that ODC can't disclose them. Mr. Fisher has been very open publicly about his admonition. His admonition has even been discussed by different speakers at CLEs sponsored by the South Carolina Bar.

Additionally, and as you know, one factor of the Central Hudson standard is whether a rule or regulation directly advances an important government interest. To the extent, ODC has evidence that it maintains directly advances an important governmental interest, I believe all such evidence should be disclosed in initial disclosures as well.

While we understand the need to have adequate time for each side to prepare this case, we believe the current scheduling order accomplishes that. However, I discussed with my client the changes you proposed and the reasons for some of the proposed changes such as having motions due a few days before Christmas. We would propose moving the "Motions Due" deadline to January 31, 2022. That would give both parties adequate time to prepare motions for summary judgment and any Daubert motions that may be necessary. We don't need a jury selection date because this is a nonjury matter. I would expect the case will be decided by the court on cross-motions for summary judgment. To the extent a trial is necessary we're agreeable to amending that date as well.

We do not anticipate any problems with identifying experts by the October 7. I do not see why Defendants should have a problem identifying experts by November 8th. ODC initiated the formal charges giving rise to this case. Presumably, it had already done a First Amendment analysis before

charging Mr. Hawkins especially since Kirkendall was filed in July, 2020 and challenged some of the same rules and raised similar legal issues.

Two other things are relevant. First, there is not a lot of factual discovery that should need to be conducted. The ads, the applicable Rules of Professional Conduct and ODC's formal charges are not disputed. The issues involve application of constitutional principles to Rules and ODC's enforcement of the Rules under the factual scenario in its formal charges. With a few possible exceptions, there is just not much to "discover" through discovery.

Finally, while this case is new to the federal court and new to all of us, it is not new to my client. The Formal Charges at issue relate back to investigations that ODC opened starting in 2017. It is sufficient to say my client wants the issues resolved promptly. Given the length of the investigation(s), that is reasonable. The deadlines we have proposed are also reasonable.

Thank you and please let me know your position on these matters. As always, please call me if another telephone conversation would be helpful.

Best regards,


Robert D. Dodson, Esquire
Law Offices of Robert Dodson, P.A.
1722 Main Street, STE 200
Columbia, SC 29201
(803) 252-2600


*** FIRM CONFIDENTIAL COMMUNICATION *** This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Nexsen Pruet, LLC may collect personal information including your name, business name and other contact details, and IP address. If you have any questions, please contact Privacy@nexsenpruet.com.