# Exhibit 11

August 11, 2021 Email to Opposing Counsel

**From:** Robert Dodson
**Sent:** Wednesday, August 11, 2021 1:30 PM
**To:** Macaulay, Angus H.
**Subject:** Hawkins v. ODC

Angus,

Thank you for speaking with me yesterday. As an initial matter, we are happy to grant a thirty day extension to respond to our outstanding discovery requests.

Like you, ODC's actions in dropping the charges came as a surprise to me. Hence, the reason I called you yesterday.

As we discussed yesterday, Paragraph 12 of the Notice provides: "Disciplinary Counsel is informed and believes that additional efforts to negotiate these disciplinary matters are warranted and Disciplinary Counsel would like an opportunity to make additional attempts to resolve the pending matters without the necessity of a formal hearing." You suggested the parties should do just that – negotiate and see if the charges can be resolved. You were right. Having thought about what you proposed, I agree with you.

Toward that end, I would propose an informal meeting. The parties can agree that anything said or disclosed in that meeting is a protected settlement discussion and not admissible in either the Federal Court action or the ODC/Commission action.

We hope everyone at ODC understands that John Hawkins has tried very hard to comply with the Rules of Professional Conduct. All of his ads are vetted by well qualified and highly respected outside counsel with a concentration in legal ethics. That is done before he ever runs ads. This is not a situation where an attorney didn't know the rules or violated the rules as an affront to ODC.

From our perspective, we recognize ODC has a difficult job. Maintaining reasonable, sensible regulations that do not infringe on the First Amendment is hard. That is evidenced by all the case law generated from this area.

The parties certainly disagree on the substance of ODC's Formal Charges and the substance of Plaintiff's claims in the Federal action. What I hope we agree on is this - we've got intelligent, reasonable people on both sides of the table. Why not sit down and see if the remaining issues can be resolved? I personally think that would be the best way to get everything resolved short of allowing a tribunal to decide the issues. If you think a formal mediation would be more helpful, we can also agree to that. Regardless of the exactly how we do it, a sit down meeting with the decision makers and their counsel makes a lot of sense. I hope you and your clients would agree and would agree to such a meeting.

Thank you for your consideration of this request. Please let me know your position and your client's position.

Best regards,

Robert D. Dodson, Esquire
Law Offices of Robert Dodson, P.A.
1722 Main Street, STE 200
Columbia, SC 29201
(803) 252-2600