# Exhibit 12

# October 11, 2021 Notice of Filing of Formal Charges and Formal Charges



# The Supreme Court of South Carolina
## OFFICE OF DISCIPLINARY COUNSEL

John S. Nichols
Disciplinary Counsel

Ericka M. Williams
Senior Assistant Disciplinary Counsel

Post Office Box 12159
Columbia, South Carolina 29211

Telephone: (803) 734-2038
Fax: (803) 734-1964
Email: ODCmail@sccourts.org

October 11, 2021

PERSONAL AND CONFIDENTIAL
Michael J. Virzi, Esquire
Post Office Box 50252
Columbia, SC 29250
**Via email only: mjv@virzilaw.com**

    RE:    In the Matter of John David Hawkins, Esquire, Respondent
             ODC File Number: 18-DE-L-0241 and 19-DE-L-1228

Dear Mr. Virzi:

Enclosed please find a copy of Notice of Filing of Formal Charges with attached Formal Charges, in the above-referenced matter. A copy of our certificate of service is also enclosed. Mr. Hawkins is required to file a written answer to these charges with the Commission on Lawyer Conduct and serve a copy on the Disciplinary Counsel, as set out in the Notice.

Please note that the Commission on Lawyer Conduct has assigned a docket number to this matter. Please use that number on pleadings and other documents filed with the Commission.

Sincerely,

Ericka M. Williams

Enclosure

cc:    Deborah S. McKeown, Counsel
       Commission on Lawyer Conduct



# The Supreme Court of South Carolina
## OFFICE OF DISCIPLINARY COUNSEL

John S. Nichols
Disciplinary Counsel

Ericka M. Williams
Senior Assistant Disciplinary Counsel

Post Office Box 12159
Columbia, South Carolina 29211

Telephone: (803) 734-2038
Fax: (803) 734-1964
Email: ODCmail@sccourts.org

October 11, 2021

PERSONAL & CONFIDENTIAL

Deborah S. McKeown, Counsel
Commission on Lawyer Conduct
1220 Senate Street, Suite 111
Columbia, SC 29201
**via hand delivery and email**

    Re:   In the Matter of John David Hawkins, Esquire, Respondent
           ODC File Number:   18-DE-L-0241 and 19-DE-L-1228

Dear Ms. McKeown:

    On April 20, 2021, Disciplinary Counsel filed Formal Charges in the above-referenced matters. On August 10, 2021, Disciplinary Counsel filed a Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges pursuant to Rule 9, RLDE, and Rule 41(a)(1), SCRCP. The Notice of Dismissal specified that the above-referenced matters were dismissed without prejudice. The Commission on Lawyer Conduct confirmed the voluntary dismissal without prejudice by letter dated August 17, 2021.

    In paragraph 12 of the motion, Disciplinary Counsel explained the basis for the dismissal:

> Disciplinary Counsel is informed and believes that additional efforts to negotiate these disciplinary matters are warranted and Disciplinary Counsel would like an opportunity to make additional attempts to resolve the pending matters without the necessity of a formal hearing.

    Disciplinary Counsel is now informed and believes that all attempts to resolve the above-referenced matters have been unsuccessful and resolution of the matters without a formal hearing is unlikely at this time.

    I have enclosed the Formal Charges for filing in ODC matters 18-DE-L-0241 and 19-DE-L-1228. Please also prepare a Notice of Filing of Formal Charges so that I can serve the Respondent in accordance with Rule 22, RLDE. Thank you for your assistance.

Sincerely,

*[signature]*

Ericka M. Williams

Enclosures

cc: ✓Michael J. Virzi, Esquire (via email only)
    Counsel for Respondent

## STATE OF SOUTH CAROLINA

## BEFORE THE COMMISSION ON LAWYER CONDUCT

**IN THE MATTER OF:**

John David Hawkins, Esquire, Respondent.

Docket Number: 21-CLC-008

### NOTICE OF FILING OF FORMAL CHARGES

**TO:** John David Hawkins, Esquire, Respondent:

**YOU ARE HEREBY NOTIFIED** that, pursuant to Rule 22 of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR, the Disciplinary Counsel to the Supreme Court of South Carolina has filed formal charges against you with the Commission on Lawyer Conduct, a copy of the formal charges attached hereto, and according to Rule 23(a), RLDE, you are required to file the original and seven copies of your written answer to the formal charges with this Commission and serve a copy thereof on the Disciplinary Counsel within thirty days after service of this notice and the attached formal charges upon you, unless the time therefor should otherwise be extended by a hearing panel of this Commission.

Barbara W. Hinson, Administrative Assistant
Commission on Lawyer Conduct

Dated: October 11, 2021

STATE OF SOUTH CAROLINA

BEFORE THE COMMISSION ON LAWYER CONDUCT

IN THE MATTER OF:

John David Hawkins, Esquire, Respondent.

Docket Number: 21-CLC-008

---

## FORMAL CHARGES

---

The Office of Disciplinary Counsel of the Supreme Court of South Carolina alleges the following.

### Jurisdiction

1. Pursuant to the provisions of Article V, Section 4 of the South Carolina Constitution and the provisions of S.C. Code Ann. § 40-5-10, et. seq., (1976, as amended), the Supreme Court of South Carolina promulgated the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR, effective January 1, 1997.

2. The respondent, John David Hawkins, Esquire (the Respondent), is, and was at all times relative to the matters alleged herein, a lawyer admitted to the practice of law in South Carolina and is subject to the jurisdiction of the Supreme Court of South Carolina and the provisions of RLDE.

3. An investigative panel of the Commission on Lawyer Conduct authorized the filing of these Formal Charges on February 19, 2021, in connection with ODC File Numbers 18-DE-L-0241, and 19-DE-L-1228.

4. The Office of Disciplinary Counsel is informed and believes that the Respondent committed misconduct as follows.

   A. Matter 18-DE-L-0241:
      i. Respondent's law firm purchased a series of television commercial advertising segments which were broadcast from March 20, 2018 to March 25, 2018, and feature a paid actor portraying Respondent's client who received a three million dollar settlement following his wife's accident.
      ii. In the March 20, 2018 to March 25, 2018 series of television commercials, the actor performs the "Hawk Law Screech" and dances in celebration over the three million dollar settlement.
      iii. Respondent's client portrayed in the March 20, 2018 to March 25, 2018 series of television commercials is the widower of a woman killed after her vehicle was struck from behind by a large truck.
      iv. The March 20, 2018 to March 25, 2018 series of television commercials does not include any details of the severity of the accident forming the basis of the three million dollar settlement.
      v. The March 20, 2018 to March 25, 2018 series of television commercials likely created an unjustified expectation about results Respondent could achieve for other clients, in violation of Rule 7.1(b).
      vi. The March 20, 2018 to March 25, 2018 series of television commercials were not predominately informational.

vii. The March 20, 2018 to March 25, 2018 series of television commercials contained more than a minimal amount of content designed to attract attention to and create interest in the communication.

viii. The March 20, 2018 to March 25, 2018 series of television commercials violate Rule 7.2(a).

ix. Respondent's law firm purchased a series of commercial television advertising segments which were broadcast from October 9, 2017 to March 14, 2018, featuring a paid actor or actress portraying one of Respondent's actual clients who received a one million dollar settlement following "my accident."

x. In the October 9, 2017 to March 14, 2018 series of television commercials, the actor performs the "Hawk Law Screech" in celebration over the one million dollar settlement.

xi. Respondent's client portrayed in the October 9, 2017 to March 14, 2018 series of television commercials, suffered second and third degree burns over most of his body when a propane tank exploded in his trailer.

xii. The October 9, 2017 to March 14, 2018 series of television commercials do not include any details of the severity of the accident that formed the basis for the one million dollar settlement.

xiii. The October 9, 2017 to March 14, 2018 series of television commercials likely created an unjustified expectation about results the Respondent could achieve for others, in violation of Rule 7.1(b).

xiv. The October 9, 2017 to March 14, 2018 series of television commercials were not predominately informational.

xv. The October 9, 2017 to March 14, 2018 series of television commercials contained more than a minimal amount of content designed to attract attention to and create interest in the communication.

xvi. The October 9, 2017 to March 14, 2018 series of television commercials violated Rule 7.2(a).

xvii. In the October 9, 2017 to March 14, 2018 series of television commercials, Respondent's client is portrayed as a black female in some of the commercials, and in other commercials, the client is portrayed as a white male.

xviii. Respondent's October 9, 2017 to March 14, 2018 series of television commercials wherein different actors and actresses portray the same client during the same television show had the potential to lead viewers to believe mistakenly Respondent's firm achieved the same results in multiple cases. In this way, the October 9, 2017 to March 14, 2018 television commercials were misleading and violated Rule 7.1(a).

    xix. Respondent's law firm purchased a series of commercial television advertising segments which were broadcast from September 25, 2017 to March 25, 2018, featuring actors and/or actresses portraying Respondent's actual clients who received $575,000, $360,000, $162,000, and $100,000 settlements.

    xx. In the September 25, 2017 to March 25, 2018 series of television commercials, the actors and/or actresses portraying Respondent's actual clients perform the "Hawk Law Screech."

    xxi. The September 25, 2017 to March 25, 2018 series of television commercials did not include any details of the severity of the accidents that formed the basis for the settlements.

    xxii. The September 25, 2017 to March 25, 2018 series of television commercials likely created an unjustified expectation about results the Respondent could achieve for others, in violation of Rule 7.1(b).

**B.** Matter 19-DE-L-1228:

    i. Respondent's law firm purchased a series of commercial television advertising segments which were broadcast from June 3, 2019 to October 31, 2019, depicting actors stating the following:

> Look, I'm going to give it to you straight. A lot of these attorneys don't keep it real, they [sic] just out to get paid. But Hawk Law is considerate, compassionate, he's genuine. He understands his clients and their differences. So don't fall for the funny money guys in suits who's just talking the talk. Make the call, 843 Hawk Law; and

> Look, I'm going to give it to you straight. A lot of these attorneys don't keep it real, they [sic] just out to get paid. Hawk Law is considerate, compassionate, he's genuine. He

understands his clients and their differences. Champion in the community defending your dignity and respect. Doing his best to turn your pain and suffering into a check. No flex. From retired Army Major to fighting Supreme Court cases. Experience you can trust. So don't fall for the funny money guys in suits who's just talking the talk. Make the call, 843 Hawk Law.

ii. The June 3, 2019 to October 31, 2019, series of television advertising compare Respondent's services with that of other lawyers' services where such a comparison cannot be factually substantiated, in violation of Rule 7.1(c).

## Misconduct and Sanction

5. The forgoing constitutes misconduct as defined in Rule 7(a), RLDE, on the part of the Respondent in that it is in violation of the Rules of Professional Conduct, Rule 407, SCACR, including but not limited to the Rules set forth above and, any other Rule the Panel or the Court might deem violated by Respondent's conduct.

6. As a result of the foregoing, Respondent committed misconduct as proscribed by the following provision of Rule 7, RLDE:

   A. Rule 7(a)(1), RLDE, in that Respondent violated or attempted to violate the Rules of Professional Conduct and/or other rules of this jurisdiction in regard to the professional conduct of lawyers.

7. Based on the foregoing, the Office of Disciplinary Counsel recommends that:

   A. The Commission conduct a public hearing into the facts and circumstances surrounding these matters;

   B. The Commission find that Respondent committed misconduct in violation of the Rules of Professional Conduct, Rule 407, SCACR, or other rules

governing Respondent's conduct; find that Respondent is subject to discipline pursuant to Rule 7(a), RLDE; and, to report its findings to the Supreme Court of South Carolina; and

C. The Commission recommend to the Court the imposition of one or more of the public sanctions as set out in Rule 7(b) RLDE, including but not limited to, assessment against the Respondent of the cost of the proceedings in this matter as permitted in Rule 7(b)(6), RLDE.

**OFFICE OF DISCIPLINARY COUNSEL**

JOHN S. NICHOLS
Disciplinary Counsel
Post Office Box 12159
Columbia, South Carolina 29211
(803) 734-2038

Ericka M. Williams
Senior Assistant Disciplinary Counsel

Columbia, South Carolina

Dated: _____October 11, 2021_____

# STATE OF SOUTH CAROLINA

## BEFORE THE COMMISSION ON LAWYER CONDUCT

### CERTIFICATE OF SERVICE

The undersigned employee of the Office of Disciplinary Counsel to the Supreme Court of South Carolina, certifies that copies of the Notice of Filing of Formal Charges and Formal Charges dated October 11, 2021, in the Matter of John David Hawkins, Esquire, Respondent (ODC File Number 18-DE-L-0241 and 19-DE-L-1228, CLC Docket Number __21-CLC-008__), the originals of which have been filed with the Commission on Lawyer Conduct, were served on Counsel for the Respondent on __October 11, 2021__, by the undersigned emailing them along with a copy of this Certificate to Michael J. Virzi, Esquire at: mjv@virzilaw.com.

