IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Hawkins and HawkLaw, PA, | ) | C/A No.:3:21-01319-JMC |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' MEMORANDUM OF** |
| | ) | **LAW IN OPPOSITION TO** |
| v. | ) | **DEFENDANTS' MOTION TO STAY** |
| | ) | **DISCOVERY** |
| The South Carolina Commission on | ) | |
| Lawyer Conduct and The South Carolina | ) | |
| Office of Disciplinary Counsel, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiffs oppose Defendants' Motion to Stay Discovery. Nothing in the Federal Rules of Civil Procedure or Local Rules support staying discovery because of other pending motions. Further, the court's Scheduling Order does not contemplate staying discovery because of other pending motions. While the court has discretion with regard to the timing and sequencing of discovery, there are multiple reasons the court should not utilize its discretion to alter or amend the normal timing and sequence of discovery in this case.

    First, if Defendants wanted to stay discovery pending resolution of the issues raised in their Motion to Dismiss, they could and should have done that by filing their Motion to Dismiss at the outset of this case. As the court is aware, had Defendants filed their Motion to Dismiss at the outset and in response to Plaintiffs' Complaint, discovery would not have been proper until the court ruled on the motion.

    Instead, Defendants were all too happy to file an Answer and engage in discovery themselves by sending written interrogatories and requests for production to Plaintiffs and Plaintiffs' Counsel. Only after Defendants were faced with a Motion to Compel did they decide to file the pending Motion to Dismiss and subsequent Motion to Stay Discovery. Defendants

1

should not be allowed to have it both ways.  The court should not allow Defendants to engage in discovery but stay discovery when it no longer suits Defendants.

Defendants' Motion to Dismiss leaves little doubt about Defendants' true intention in filing the pending Motion to Dismiss - continue to stall and delay in responding to Plaintiffs' discovery requests.  As stated in the Motion to Dismiss itself Defendants "ask that this Court hold Plaintiffs' motion to compel in abeyance…"  In fact, Defendants have made the unilateral decision to do just that.  More specifically, while a written response to Plaintiffs' Motion to Compel was due on October 12, 2021, Defendants ignored this deadline and have filed nothing in response to Plaintiffs' pending Motion to Compel.

Respectfully, Defendants should not be allowed to effectively re-write the Rules of Civil Procedure, Local Rules or this court's Scheduling Order.  The relief sought in the Motion to Stay Discovery was available to Defendants back in May and June, 2021.  Defendants chose an alternative path and engaged in discovery.  Respectfully, this court should deny Defendants' Motion to Stay Discovery.

                Respectfully submitted,

                <u>s/ Robert D. Dodson</u>
                Robert D. Dodson
                Federal I.D. Number 7249
                Law Offices of Robert Dodson, P.A.
                1722 Main Street, Suite 200
                Columbia, SC  29201
                Telephone (803) 252-2600
                Facsimile (803) 310-2545
                Email: rdodson@rdodsonlaw.com

Columbia, South Carolina
November 4, 2021