**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| John Hawkins and HawkLaw, PA, | Civil Action No. 3:21-cv-01319-JMC |
| Plaintiffs, | |
| vs. | **DEFENDANTS' RESPONSE TO**<br>**PLAINTIFFS' MOTION TO COMPEL** |
| The South Carolina Commission on<br>Lawyer Conduct and The South Carolina Office<br>of Disciplinary Counsel, | |
| Defendants. | |

Defendants the South Carolina Commission on Lawyer Conduct ("Commission") and the South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), by and through undersigned counsel, hereby respond to the Motion to Compel (the "Motion") (Dkt. No. 25) filed by the Plaintiffs, John Hawkins and HawkLaw, PA ("Plaintiffs"), on September 28, 2021. For the reasons set forth herein, Plaintiffs' Motion should be denied.

## I.    PROCEDURAL HISTORY

This case was filed by Plaintiffs challenging certain of the South Carolina Rules of Professional Conduct (the "Rules") in connection with an ongoing state attorney disciplinary matter involving Plaintiff Hawkins.  (Dkt. No. 1).  The parties filed their Rule 26(f) Report, discovery plan, and respective requests regarding the Scheduling Order for this case on July 26, 2021.  (Dkt. Nos. 22, 23, 24).  On July 15, 2021, Plaintiffs served Defendants with their first set of Interrogatories and Requests for Production of Documents, which are the subject of the instant Motion.  Plaintiffs' Motion was filed on September 28, 2021.

Defendants originally responded to Plaintiffs' first set of discovery requests on September 10, 2021, and they continued with the investigatory process and discovery phase of the case.  (*See*

Dkt. No. 25-1 at 4). Plaintiffs' counsel then sent Defendants' counsel a letter relating to Defendants' September 10 discovery responses. Defendants' counsel responded to Plaintiffs' counsel's correspondence on September 20, 2021 regarding the alleged deficiencies, and stated that Defendants would supplement their responses to Plaintiffs' Interrogatories and Requests for Production of Documents. (*See* Defendants' Counsel's September 20, 2021 Letter to Plaintiffs' Counsel, attached hereto as Exhibit C, and Plaintiffs' Counsel's Letter to Defendants' Counsel, attached hereto as Exhibit D).

On September 22, 2021, Defendants supplemented their responses to Plaintiffs' Requests for Production of Documents and Interrogatories and provided a privilege log. (*See* email correspondence transmitting Sept. 22, 2021 Supplemental and/or Amended Responses, attached hereto as Exhibit E). On September 23, 2021, Defendants again supplemented their responses to Plaintiffs' Request for Production of Documents as well as their privilege log. (*See* Defendants' Sept. 23, 2021 Second Supplemental and/or Amended Responses to RFPs, attached hereto as Exhibit A). Defendants have produced 2,289 pages of documents. (Dkt. No. 25-1 at 7). Defendants also recently supplemented their responses to Plaintiffs' First Set of Interrogatories on December 3, 2021. (*See* Defendants' Dec. 3, 2021 Second Supplemental and/or Amended Answers to Interrogatories, attached hereto as Exhibit B). More specifically, on December 3, 2021, Defendants supplemented their answers to Plaintiffs' Interrogatories No. 10 and 11—which should resolve any alleged issue with regard to those interrogatories. Defendants' most recent written discovery responses are the September 23, 2021 Second Amended and/or Supplemental Responses to RFPs (Exhibit A) and the December 3, 2021 Second Amended and/or Supplemental Responses to Interrogatories (Exhibit B).

Although Plaintiffs attached Defendants' original (and now superseded) discovery responses first in the order of Exhibits, those are not Defendants' most recent, operative written responses.  (*See* Exhibits & Exhibit B; Dkt. No. 25-7).  After receiving Defendants' supplemental responses and document production, Plaintiffs filed the instant Motion, claiming that Defendants' responses were still deficient in various ways.  Plaintiffs' Motion is without merit and should be denied.

## II.     <u>SCOPE OF DISCOVERY</u>

The Federal Rules of Civil Procedure provide that a party involved in civil litigation "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Whether discovery is proportional to the needs of the case involves consideration of the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"Where information sought does not pertain to a claim or defense, such information cannot be compelled on an assertion of relevance.  "[F]or the information sought to be discoverable, it must be relevant to [Plaintiffs' viable] claims." *Hoskins v. King*, 676 F. Supp. 2d 441, 447 (D.S.C. 2009) (finding information and documents sought by plaintiff was not relevant to either of plaintiff's two claims).

The "scope and conduct of discovery are within the sound discretion of the district court," *Columbia-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993), but it "must limit the frequency of extent of discovery otherwise allowed if it determines it falls "outside

the scope permitted by Rule 26(b)(1)," among other reasons. *Wood v. Trumbull Ins. Co.*, No. 2:20-2640-RMG, 2021 WL 2154715, at *1 (D.S.C. May 27, 2021) (citing Fed. R. Civ. P. 26(b)(2)).

### III.    PLAINTIFFS' MOTION AND DEFENDANTS' DISCOVERY RESPONSES

In their Motion, Plaintiffs seek an Order compelling Defendants to supplement their document production and responses to Plaintiffs' Interrogatories 1 through 11 and Requests for Production 1 through 19. Further, Plaintiffs repeatedly request that the Court declare Defendants "forfeit their right to later supplement their discovery responses"—a request which should be denied. (ECF No. 25-1 at 7). Defendants have acted in good faith in responding to Plaintiffs' discovery requests in a thorough manner throughout the course of discovery, and the Federal Rules of Civil Procedure impose an *obligation* on Defendants to supplement their responses as new information becomes available or known. *See* Fed. R. Civ. P. 26(a); *see also* Fed. R. Civ. P. 37(c)(1). There is no legitimate reason why Defendants should be foreclosed from supplementing their discovery responses, and Plaintiffs have failed to offer any legal citation or argument to the contrary. This case is still ongoing and Defendants have acted diligently and in compliance with the Federal Rules to appropriately and fully respond to Plaintiffs' discovery requests. Any request by Plaintiffs that Defendants' objections be overruled or that Defendants be barred from supplementing their answers or document production should be denied.

### A. INTERROGATORIES

#### i.    Interrogatory Nos. 1 and 2

Plaintiffs' Interrogatory No. 1 asks:

1. **Rules 7.1 and 7.2. of the Rules of Professional Conduct restrict otherwise protected First Amendment speech. State with particularity each and every governmental interest which you claim justifies these rules including all subparts to the rules.**

Defendants' answer to Interrogatory No. 1 states as follows:

4

**ANSWER TO INTERROGATORY NO. 1:** Defendants object to Interrogatory No. 1 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth each and every basis for a defense to Plaintiffs' claims when discovery is still ongoing. Defendants further object to Interrogatory No. 1 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 1:** Subject to and without waiving the foregoing objections, and to the extent Interrogatory No. 1 seeks information about the Rules that are the subject of one or more of its claims in this case (RPC 7.1(a), (b), (c) and/or 7.2(a), Defendants respond as follows: see Comment 4 to Rule 7.2 of the South Carolina Rule of Professional Conduct (the "Rules").

Plaintiffs' Interrogatory No. 2 asks:

2. **State with particularity how and why you contend these rules (7.1 and 7.2) directly advance the governmental interest identified by you in response to the preceding interrogatory and identify all evidence you claim supports your claims and assertions.**

Defendants answered as follows:

**ANSWER TO INTERROGATORY NO. 2:** Defendants object to Interrogatory No. 2 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth "all evidence," to the extent that will ever be necessary, when discovery is still ongoing. Defendants have not completed the discovery process and/or decided on the information they intend to offer at trial and/or for dispositive motions. Defendants further object to Interrogatory No. 2 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case.

Regarding Interrogatory No. 1, Plaintiffs' Motion fails to explain or argue why Defendants' response is insufficient. (*See* Dkt. No. 25-1 at 7, 8). Instead, the Motion discusses the *Central Hudson* test and explains why Plaintiffs asked the question in the first place—which offers nothing regarding why Defendants' answer is allegedly not satisfactory. *Id.*

And while Plaintiffs concede that "Defendants have supplemented their response," Plaintiffs then inexplicably claim in the same sentence that any of Defendants' valid and specific

objections "should be overruled by the Court" and "Defendants should also be compelled to either fully answer the interrogatory or be limited to the content of Comment 4 to Rule 7.2 under the second factor in *Central Hudson*," without any legal support or argument as to how or why they believe the answer is insufficient. (Dkt. No. 25-1 at 8). Such a result is not warranted, and Plaintiffs offer no legal justification to support such a bold request.

As to Interrogatory No. 2, Plaintiffs argue only that under "*Central Hudson* the Court 'must determine whether the regulation directly advances the governmental interest asserted…' The second interrogatory is directly related to this factor. The court should compel Defendants to answer and fully respond to this interrogatory." (Dkt. No. 25-1 at 8). Plaintiffs do not explain how or why Defendants' answer to Interrogatory No. 2 is deficient in any respect. Defendants

have responded appropriately to Interrogatory No. 2, and have lodged specific and valid objections. Plaintiffs have not argued that Defendants' objections are inappropriate.

Additionally, and importantly, discovery is still ongoing in this case.[1] Defendants are still in the discovery and investigatory phase of this matter. More time is needed for sufficient preparation of Defendants' defense against Plaintiffs' far-reaching constitutional challenges to the Rules, which involve as-applied and facial challenges, and which have broad implications and the potential to impact many more than just the individual parties to this case. While at this time Defendants do not have additional information to provide in response to Plaintiffs' Interrogatory Nos. 1 and 2, Defendants will promptly supplement any and all responses in accordance with the Federal Rules of Civil Procedure, as they have done throughout . . . the course of discovery, should additional information come to light. *See* Fed. R. Civ. P. 26(e)(1). Plaintiffs' Motion should be

---

[1] The Court held a hearing to discuss the schedule for this case with the parties on December 9, 2021. (*See* Dkt. No. 38). Defendants are filing the instant Response as stated in that hearing.

denied with respect to Interrogatory Nos. 1 and 2 as Defendants' answers are sufficient and complete.

### ii.    Interrogatory No. 3

Plaintiffs' Interrogatory No. 3 asks:

3. **Prior to or after enacting Rule 7.1(e) of the Rules of Professional Conduct, did Defendants or the government conduct any studies, focus groups, or research or did Defendants or the government commission any studies, focus groups or research showing whether nicknames being used in South Carolina were misleading to the public or otherwise conflicted with any governmental interest identified in response to interrogatory number 1? If so, identify all such studies, focus groups or research.**

Defendants' answer states as follows:

> **ANSWER TO INTERROGATORY NO. 3:** Defendants object to Interrogatory No. 3 on the grounds that it appears to misapprehend the process for adopting the South Carolina Rules of Professional Conduct contained in Rule 407, SCACR. Defendants further object to Interrogatory No. 3 on the grounds that it is vague and ambiguous, particularly through the use of the broad and undefined terms "the government" and "nicknames," and on the grounds that it is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case. Subject to and without waiving the foregoing objections, Defendants answer that the American Bar Association Model Rules of Professional Conduct are adopted by the ABA House of Delegates. They serve as models for the ethics rules of most jurisdictions, including South Carolina. In South Carolina, the South Carolina Supreme Court adopts the South Carolina Rules of Professional Conduct. As such, and by way of further answer to Interrogatory No. 3, Defendants did not conduct or commission any studies, focus groups, or research.

> **FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 3:** Defendants respond that ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. As such, any request for information related to Matter 17-DE-L-0398 is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object because the Interrogatory is overly broad because it fails to include a reasonable temporal scope for the information sought.
> Subject to and without waiving the foregoing objections, see the documents to be produced contemporaneously herewith, available at bates numbers ODC/HawkLaw_001058 to 001548 for background information on, and history of, amendments to the Rules, which includes "studies, focus groups, or research." Furthermore, Defendants refer to Advance Sheet No. 41 issued by the South

Carolina Supreme Court on October 22, 2004, Advance Sheet No. 26 issued by the South Carolina Supreme Court on June 20, 2005, Advance Sheet No. 28 issued by the South Carolina Supreme Court on August 22, 2011, Advance Sheet No. 32 issued by the South Carolina Supreme Court on August 10, 2016, in addition to any and all documents referenced in any answer or response by Defendants to Plaintiffs' discovery which have already been produced or which Plaintiffs already have in their possession and/or have equal access to as they are public records.

With respect to Interrogatory No. 3, Plaintiffs do not explain how or why the information provided by Defendants in response is insufficient. Instead, Plaintiffs appear to simply justify their initial inclusion of the Interrogatory in their discovery requests by explaining the legal standards and outlining case law and holdings from various different jurisdictions who have had cases involving challenges to attorney professional rules of conduct that may involve a limit on use of monikers and/or trade names. (Dkt. No. 25-1 at 8-9). Plaintiffs also state that they make facial challenges to Rule 7.1(e)'s constitutionality in the instant case. *Id.*

All of this information notwithstanding, Defendants' response is complete and sufficient. Again, Plaintiffs do not explain how or why it is deficient. In fact, Plaintiffs admit in the Motion that "Defendants supplemented their response to identify particular documents," (Dkt. No. 25-1 at 9), yet Plaintiffs apparently still take issue with Defendants' updated response—although it is difficult to discern exactly what that precise issue is, and Plaintiffs' Motion does not offer clarity.

Without explanation as to the purported deficiency, after a discussion of case law, Plaintiffs contend that "[w]hile Defendants supplemented their response to identify particular documents, their objections should be overruled. Defendants should either be compelled to fully answer the interrogatory or be limited going forward to the amended the response they gave." (Dkt. No. 25-1 at 9). Defendants have responded completely and fully to Interrogatory No. 3, and Defendants should not be required to waive valid and specific objections that it has to the Interrogatory. *See Martin v. Montgomery*, No. CV 0:20-1400-MGL-PJG, 2020 WL 6365352, at *2 (D.S.C.).

Plaintiffs offer no explanation or reason as to why Defendants' "objections "should be overruled."
(Dkt. No. 25-1 at 9).

Plaintiffs' Interrogatory No. 3 relates to Rule 7.1(e), and as explained in the Defendants'
response, such information is irrelevant to any formal charge or investigation in the underlying
state proceeding, and thus is irrelevant to any as-applied challenge in the instant case.  Regardless,
Defendants have answered the Interrogatory, while maintaining its valid and specific objections,
and provided information in response to this Interrogatory, as Plaintiffs admit in the Motion.
Plaintiffs' Motion should be denied with respect to Interrogatory No. 3.

### iii.    Interrogatory No. 4

Plaintiffs' Interrogatory No. 4 asks:

**4. Part of Rule 7.2(a) states: "All advertisements shall be predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selected of a lawyer predominates and the communication includes only a minimal amount of content designed to attract attention to and create and interest in the communication." State with particularity any and all governmental interests you maintain this rule promotes and identify all evidence which you contend supports this assertion.**

Defendants answered as follows:

> **ANSWER TO INTERROGATORY NO. 4:** Defendants object to Interrogatory No. 4 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth "all evidence," to the extent that will ever be necessary, when discovery is still ongoing.  Defendants have not completed the discovery process and/or decided on the information they intend to offer at trial and/or for dispositive motions.  Defendants further object to Interrogatory No. 4 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

> **FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 4:**  Defendant further objects to the Interrogatory because it is compound, in that it appears to ask for two different things, namely "identification of any and all governmental interests you maintain the rule promotes" and to "identify all evidence which you contend supports this assertion," which renders the Interrogatory overly broad, unclear, and ambiguous, and thus disproportionate to

the needs of the case.  Subject to and without waiving the foregoing objections, Defendants refer to First Supplemental/Amended Response to Interrogatory No. 1.

Again, Plaintiffs' Motion fails to set forth why or how Defendants' answer to Interrogatory No. 4 is deficient, nor does the Motion argue that any objections specific to Interrogatory No. 4 are unsatisfactory.  Plaintiffs only indicate the basis for including the interrogatory in their discovery requests in the first place: "This interrogatory relates to the second factor articulated by the Court in *Central Hudson* (i.e. 'whether the asserted governmental interest is substantial…')." (Dkt. No. 25-1 at 9).

Plaintiffs acknowledge that Defendants "objected but supplemented their response," but the Motion fails to describe why any objection or response is deficient.  *Id.*  Without support, Plaintiffs request that the Court "overrule [Plaintiffs'] objection and compel Defendants to fully answer or be limited going forward to the supplemental response they have given."  *Id.*  Again, such a result is not justified, and Plaintiffs' suggestion is unfounded.  Defendants are entitled to object to Interrogatories, and Defendants' objection is specific.  *See* Fed. R. Civ. P. 33(b)(4). Although they objected, Defendants have still answered the Interrogatory, and the answer is complete.  Simply because Plaintiffs are dissatisfied with the answer does not mean that Defendants are not entitled to continue with investigation and discovery in this case, and they should not be foreclosed from supplementing their response in the future.  Plaintiffs' Motion should be denied as to Interrogatory No. 4.

### iv.    Interrogatory No. 5

Plaintiffs' Interrogatory No. 5 asks:

**5. Prior to or after adopting that portion of Rule 7.2(a) quoted in the preceding interrogatory, did Defendants or the government conduct any studies, focus groups or research, or did Defendants or the government commission any studies, focus groups or research showing that the rule quoted in the preceding interrogatory**

**directly advanced the governmental interests identified by you in response to the preceding interrogatories. If so, identify such studies, focus groups, or research.**

Defendants answered as follows:

> **ANSWER TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that it appears to misapprehend the process for adopting the South Carolina Rules of Professional Conduct contained in Rule 407, SCACR. Defendants further object to Interrogatory No. 5 on the grounds that it is vague and ambiguous, particularly through the use of the broad and undefined term "the government." Subject to and without waiving the foregoing objections, Defendants answer that the American Bar Association Model Rules of Professional Conduct are adopted by the ABA House of Delegates. They serve as models for the ethics rules of most jurisdictions, including South Carolina. In South Carolina, the South Carolina Supreme Court adopts the South Carolina Rules of Professional Conduct. As such, and by way of further answer to Interrogatory No. 5, Defendants did not conduct or commission any studies, focus groups, or research.

> **FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 5:** See Defendants' First Supplemental/Amended Answer to Interrogatory No. 3.

Here again, Plaintiffs make little to no argument as to how or why Defendants operative response to Interrogatory No. 5 is deficient, but instead merely compares it to Interrogatory No. 3 and suggests this answer by Defendants is similarly allegedly deficient. However, Plaintiffs also fail to explain why the response to Interrogatory No. 3 is deficient. (Dkt. No. 25-1 at 9). Rather, it appears that Plaintiffs are simply dissatisfied with Defendants' answer, even though the answer is satisfactory.

Without legal support or case law, Plaintiffs again suggest that "Defendants' objections should be overruled," or alternatively, that "Defendants should be compelled to fully answer the interrogatory or be limited going forward to the amended response they gave and the documents they identified and produced." (Dkt. No. 25-1 at 9). Plaintiffs have failed to demonstrate that Defendants' answer to Interrogatory No. 5 is deficient, and there is no valid reason to confine Defendants to the existing response while the parties are still in the midst of discovery. Moreover,

11

Defendants are entitled to lodge specific objections to Plaintiffs' interrogatories, as they have done in response to this interrogatory. Fed. R. Civ. P. 33(b)(4). Plaintiffs have failed to explain why Defendants' valid objection should be overruled. Accordingly, Plaintiffs' Motion to Compel should be denied as to Interrogatory No. 5.

> ### v.   Interrogatory Nos. 6 and 7

Plaintiffs' Interrogatory No. 6 asks:

> **6. For all ads identified in Defendants' Notice of Filing of Formal Charges dated April 20, 2021 where Defendants allege the ads are not predominately informational what specific criteria, standard or test did Defendants utilize to make these assertions.**

Defendants' answered Interrogatory No. 6 as follows:

> **ANSWER TO INTERROGATORY NO. 6:** Defendants object to Interrogatory No. 6 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves. Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

Plaintiffs' Interrogatory No. 7 asks:

> **7. For each ad identified in Defendants' Notice of Filing of Formal Charges dated April 20, 2021 that Defendants allege likely created an unjustified expectation about results the Plaintiffs could achieve what specific criteria, standard or test did Defendants utilize to make this determination and what evidence do Defendants have that the ads created an unjustified expectation about the results that could be achieved.**

Defendants' answered Interrogatory No. 7 as follows:

> **ANSWER TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

> In their Motion, Plaintiffs contend that Defendants' responses to Interrogatory Nos. 6 and

7 are deficient because they contain a specific objection and/or reference the formal charge or other

12

documents that are at issue in the ongoing state attorney disciplinary matter. (Dkt. No. 25-1 at 10). As a result, and without legal support or explanation, Plaintiffs request that Defendants' valid and specific objection to the Interrogatory be overruled. Plaintiffs further request that Defendants be compelled to "specifically answer the interrogatory." (Dkt. No. 25-1 at 10).

First, Defendants' answers are complete, and they are not rendered invalid simply because the answers reference relevant documents (which Defendants have identified by bates number). The documents referenced contain thorough explanations of how and why Plaintiff Hawkins has been charged with violating certain provisions of the Rules.

Second, and as explained above, the case is ongoing, and Defendants are actively and diligently pursuing any and all information that could be potentially relevant to this matter. At this time, Defendants do not have additional information responsive to these interrogatories, but Defendants should not be hamstrung by a prohibition against supplementing their answers in good faith, if such is ever required, as Defendants are obligated to do under Federal Rule of Civil Procedure 26. Plaintiffs' Motion should be denied as to Interrogatory Nos. 6 and 7.

> ### vi.    Interrogatory No. 8

Plaintiffs' Interrogatory No. 8 asks:

> **8.    What lawyers or law firms do Defendants contend Plaintiffs compared themselves to in their ads from June 3, 2019 to October 31, 2019 as alleged in your Notice of Filing of Formal Charges dated April 20, 2021? Your answer should specifically name and identify each individual lawyer or law firm you claim Plaintiffs compared themselves to and/or types or groups of lawyers Plaintiffs compared themselves to.**

Defendants' answered Interrogatory No. 8 as follows:

> **ANSWER TO INTERROGATORY NO. 8:** Defendants object to Interrogatory No. 8 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

In the Motion, Plaintiffs contend, similar to previous arguments, that Defendants' answer to Interrogatory No. 8 is insufficient because it references or refers to documents involved in the ongoing attorney disciplinary matter, which underlies Plaintiffs' claims in the instant case. (Dkt. No. 25-1 at 10). As with Defendants' answers to Interrogatory Nos. 6 and 7, Defendants' answer to Interrogatory No. 8 is sufficient and Defendants' objections are valid and specific. Moreover, the documents referenced contain information that is directly responsive to the inquiry.

Additionally, Plaintiffs' Interrogatory No. 8 prematurely and improperly assumes that Rule 7.1(c) only prohibits attorney advertisements that compare the attorney's services with other specific and identified individual lawyers or law firms. (*See* Dkt. No. 25-1 at 10-11). Defendants' answer to this Interrogatory is complete, and the documents specifically referred to explain how and why ODC contends Plaintiff Hawkins has violated Rule 7.1(c). Further, Defendants' objections are specifically stated, and there is no valid reason why such objections should be overruled by this Court. Plaintiffs' Motion should be denied as to Interrogatory No. 8.

### vii.     Interrogatory No. 9

Plaintiffs' Interrogatory No. 9 asks:

9. **Do Defendants maintain that any of Plaintiffs' ads which you reviewed which utilize the terms "Hawk Law" or "HawkLaw" violate any Rules of Professional conduct? If your answer is anything but an unqualified "no" please identify which specific ads and explain which Rules you maintain Plaintiffs violated by using "Hawk Law" or "HawkLaw."**

Defendants answered Interrogatory No. 9 as follows:

**ANSWER TO INTERROGATORY NO. 9:** Defendants object to Interrogatory No. 9 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Interrogatory No. 9 on the grounds that it is both vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond that ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. As such, any request for

14

information related to Matter 17-DE-L-0398 is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

(Exhibit B at 7).

In their Motion, Plaintiffs provide an incomplete and misleading excerpt of only a portion of Interrogatory No. 9 in arguing that Defendants' response is somehow deficient.  (Dkt. No. 25-1 at 11).  This argument, at best, contains partial or selective information—and has the potential to mislead and/or mischaracterize Defendants and their conduct.  Defendants have acted in good faith and in compliance with the Federal Rules of Civil Procedure in connection with the discovery process in this case.

Plaintiffs essentially argue that Defendants' answer to Interrogatory No. 9 is deficient because it was not responsive and the objections inapplicable, based on Plaintiffs' explanation of the interrogatory as only including the first sentence, and seeking information about whether any of the Plaintiffs' advertisements that use the terms "HawkLaw" and/or "Hawk law" violate any of the Rules (which would be overbroad anyway).  But this framing of the interrogatory is improper.

As also shown above, the full language of Plaintiffs' Interrogatory No. 9 is as follows:

Do Defendants maintain that any of Plaintiffs' ads which you reviewed which utilize the terms "Hawk Law" or "Hawklaw" violate any Rules of Professional conduct?  *If your answer is anything but an unqualified "no" please identify which specific ads and explain which Rules you maintain Plaintiffs violated by using "Hawk Law or "Hawklaw*."

(*See* Interrogatory No. 9 and Defendants' Response at Dkt. No. 25-6 at 25 and Exhibit B at 7) (emphasis added).

Plaintiffs' Motion conveniently did not include the full Interrogatory as it removed the second portion of Interrogatory No. 9.  (Dkt. No. 25-1 at 11).  The second portion of the Interrogatory informs the Defendants' understanding of the first portion as well as of the Interrogatory as a whole.  When read in full, although not the paragon of clarity, Plaintiffs are

15

seeking information about which ads violate any of the Rules through use of the terms "HawkLaw" and/or "Hawk law," and how or why those ads and the use of those terms violate such Rules. To read the Interrogatory otherwise would result in an odd interpretation—there would be no reason for Plaintiffs to ask in an Interrogatory whether any of their ads that use the terms "Hawk Law" or "HawkLaw" violate any of the Rules of Professional Conduct, and which ads violate which Rules, as this information is already well-known to Plaintiffs and is set forth in detail in the formal charges currently involved in the ongoing state proceeding. (*See, e.g.*, Dkt. No. 28-12).

Moreover, further supporting Defendants' interpretation of the interrogatory, had Defendants answered "yes" to the first portion of the Interrogatory, the Interrogatory then asks for information about which Rules Defendants' contend are violated and why *based on the use of the terms "HawkLaw" and/or "Hawk law"*—which is the ultimate goal and aim of Interrogatory No. 9—to ask information about when and why use of the moniker/trade name "HawkLaw" and/or "Hawk Law" in the attorney advertisements violates Rule 7.1(e). As noted in Defendants' response, *Rule 7.1(e) and Plaintiffs' use of "HawkLaw" and/or "Hawk law" in attorney advertisements is no longer an issue in the underlying state proceeding and is irrelevant to Plaintiffs' claims*. (Exhibit B at 7).

Plaintiffs' suggested reading of Interrogatory No. 9 does not make sense, and their briefing on this interrogatory is misleading. Regardless, Plaintiffs drafted the interrogatory, and if they claim it is ambiguous, that is not the fault of Defendants. Nor is it Defendants' fault that the Interrogatory is compound and conjunctive. Defendants answered the interrogatory in good faith, and their objections are specific and valid. The information sought is irrelevant and the Interrogatory is nonsensical and not capable of response.

Additionally, as explained, the ODC matter that involved use of those terms (monikers) has already been dismissed, *with prejudice*, and Defendants no longer contend that Plaintiff Hawkins' use of those terms in these ads has violated the Rules. *Cf. Cook v. Howard*, 484 F. App'x 805, 812-13 (4th Cir. 2012) (affirming district court order granting motion to quash subpoenas that "were directed at matters related to [] dismissed claims" and in the absence of any "intelligible explanation" of how the materials "may have led to discovery of admissible evidence"). Plaintiffs' dramatic and bold contention that "Defendant should state unequivocally whether they contend [Plaintiff Hawkins'] ads violate the Rules of Professional Conduct and if so which ads and which rules" is overreaching and not supportable.

Plaintiffs' further claim that "Defendants have been investigating Mr. Hawkins for four (4) years" does not present the full picture. (Dkt. No. 25-1 at 11). That timeframe involved three (3) separate and distinct investigations, all based on different complaints that ODC received from different members of the Bar about different advertisements run by Plaintiffs, each raising distint concerns about possible violations of certain Rules in those different advertisements. Plaintiffs' suggestion that Plaintiff Hawkins was unaware or uninformed as to the substance of the complaints, advertisements at issue, the specifics of the allegations, and the investigations involved is, at best, disingenuous. Plaintiff Hawkins has been fully informed and was represented by counsel during the course of these different investigations.

Additionally, Plaintiff has the information he seeks—those investigations have culminated in Formal Charges issued on October 11, 2021, and those Formal Charges are the subject of the underlying and ongoing state disciplinary proceeding. (Dkt. No. 28-12). Although Plaintiffs attached as Exhibit 1 to their Motion a formal charge document, those Formal Charges are moot and have been dismissed, with one charge being dismissed with prejudice. (*See* Dkt. Nos. 25-2;

28-12). Plaintiff is fully informed as to what advertisements ODC asserts violate which specific Rules, and why, and such information is set forth specifically in the active, pending Formal Charges filed on October 11, to which Plaintiff Hawkins responded on November 10, 2021.

Moreover, to the extent Plaintiffs seek information about whether ODC would consider that any single one of the attorney advertisements Plaintiff Hawkins has ever broadcast or run could or would violate any Rule, that information is not discoverable and is irrelevant. Defendants should not be compelled, under the guise of the discovery process in federal civil litigation, to effectively review each and every attorney advertisement that Plaintiff Hawkins has ever run, and provide Plaintiffs with advisory opinions as to whether ODC believes any or all of such advertisements violate any single one of the Rules. Such a request would be unduly burdensome, irrelevant, not proportional to the needs of the case, and overly broad. The formal charges set forth which of the specific advertisements ODC contends violate which specific Rule and why; Plaintiff is fully apprised of the information involved in the underlying and ongoing state proceeding. Plaintiffs' Motion should be denied as to Interrogatory No. 9.

### viii.    Interrogatory Nos. 10 and 11

As noted *supra* in the "Procedural History" section, Plaintiffs' Motion should be denied with respect to Interrogatory Nos. 10 and 11 because Defendants supplemented their responses to these interrogatories on December 3, 2021. (*See* Exhibit B). More specifically, Plaintiffs' Interrogatory No. 10 asks:

**10. Identify and provide the name, address and telephone number for all persons known to you or your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.**

Defendants' answered Interrogatory No. 10 states as follows:

**ANSWER TO INTERROGATORY NO. 10:** Defendants refer to their responses to the initial disclosures served on Plaintiffs' counsel by email dated August 2, 2021 pursuant to Federal Rule of Civil Procedure 26(a)(1), and Defendants' Local Rule 26.03 interrogatory answers filed with the Court on July 26, 2021 (ECF No. 21). Defendants further respond that no written or recorded statements have been taken. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 10:** By way of further response, the following individuals have knowledge regarding the facts of this case:

John Nichols, Esquire: May be contacted through counsel for Defendants

Ericka Williams, Esquire: May be contacted through counsel for Defendants

Richard Jay Smith, Esquire (as to allegations relating to ODC Matter No. 18-DE-L-0241): PO Box 6206, Greenville, SC 29606

Robert Wells, Esquire (as to allegations relating to ODC Matter No. 19-DE-L-1228): 236 Mooring Lane, Lexington, SC 29072

No written or recorded statements have been taken by Defendants. Defendants reserve the right to call any witnesses identified by Plaintiffs.

(Exhibit B at 7-8).

Additionally, Plaintiffs' Interrogatory No. 11 asks:

**11. For each person known to you or your counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.**

Defendants answered Interrogatory No. 11 as follows:

**ANSWER TO INTERROGATORY NO. 11:** See Response to Interrogatory No. 10.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 11:** By way of further response, see First Supplemental/Amended answer to Interrogatory No. 10.

Further, Mr. Nichols and Ms. Williams have knowledge as to ODC's screening and investigation into ODC Matter Nos. 18-DE-L-0241 and 19-DE-L-1228. Mr. Nichols and Ms. Williams also have knowledge regarding ODC's general role, responsibility, and function once it receives a complaint, as well as any determination(s) made by ODC, within its prescribed role, regarding allegations contained in the complaints submitted to ODC by Mr. Smith and Mr. Wells. This includes determinations by ODC about the potential implication of Rules 7.1(c) and 7.2(a) as discussed in paragraphs 37-48 and 27-36 of Plaintiffs' Complaint, respectively.

19

Mr. Smith and Mr. Wells have knowledge about their respective complaints filed with the ODC, which resulted in ODC Matter Nos. 18-DE-L-0241 and 19-DE-L-1228.

(Exhibit B at 8-9).

Plaintiffs argue that Defendants' answers to Interrogatory Nos. 10 and 11 are deficient because "[w]hile Defendants did object to these interrogatories, their answers are incomplete and evasive." (Dkt. No. 25-1 at 11). Plaintiffs contend that because the answers reference Defendants' initial disclosures, they are somehow deficient. Plaintiffs apparently believe that because this case has been pending for five months, "Defendants have had ample time to identify witnesses" and should thus "be compelled to answer these interrogatories and provide the requested information." (Dkt. No. 25-1 at 11-12).

Defendants have supplemented and will continue to supplement their responses (to both of these interrogatories, as well as all others) as appropriate and in accordance with the Federal Rules of Civil Procedure. As is evident from the answers quoted above, Defendants did not object to Interrogatory No. 10 or No. 11, and their answers are complete at this time. Plaintiffs' Motion was filed before Defendants' December 3, 2021 Supplemental and/or Responses. And Plaintiffs' dissatisfaction with the Defendants' first supplemental responses notwithstanding, the responses are not deficient, and Plaintiffs' Motion should be denied as to Interrogatory Nos. 10 and 11.

### B. REQUESTS FOR PRODUCTION (RFP)

#### i. Plaintiffs' Requests to "Overrule Defendants' Objections" to RFP

As an initial matter, the Court should not grant Plaintiffs' repeated request to overrule valid objections to the Requests for Production. (*See, e.g.*, Dkt. No. 25-1 at 12). Similar to Plaintiffs' briefing on the Interrogatories, this request should be denied in every instance.

Defendants have not withheld documents on the basis of any of their objections, other than the attorney-client privilege and work product doctrine, as Plaintiffs are aware. Defendants provided Plaintiffs with a complete and thorough privilege log each time it made a document production—and Plaintiffs have not raised any issue in the Motion to Compel about Defendants' withholding of documents on that basis. Each of Plaintiffs' requests to "overrule" Defendants objections to a Request for Production should be rejected because Plaintiffs have offered no case law nor legal argument to support such a result.

### ii.     RFP No. 1

Request for Production No. 1 seeks:

1.     **Produce copies of any and all documents utilized in answering Plaintiffs' interrogatories or identified in responding the Plaintiffs' interrogatories.**

Defendants' responded as follows:

> **RESPONSE TO REQUEST NO. 1:** Defendants object to Request No. 1 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants respond that they will produce Office of Disciplinary Counsel's ("ODC") file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

> **FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 1:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers ODC/HawkLaw_000001 to 001057. Defendants further refer to the Letter dated September 19, 1997 from the South Carolina Bar to the Supreme Court of South Carolina and all documents attached thereto, including but not limited to the South Carolina Supreme Court's Notice of Public Hearing scheduled for October 8, 1997 and Request for Written Comments, the Petition of the South Carolina Bar (Ex Parte) in re: Lawyer Referral Services dated February 12, 1997, and the Petition of the South Carolina Bar (Ex Parte) in re: Lawyer Advertising Rules dated March 5, 1996; the Final Report of Findings (Public Perception & Lawyer Advertising: An Empirical Study, South Carolina Bar) issued by Metromark on December 14, 1995; the Petition of the South Carolina Bar (Ex Parte) in re: Proposed Amendments to the South Carolina Rules of Professional Conduct, Rule 407, SCACR, dated September 24, 2015; the Memorandum of the Professional Responsibility Committee to the South Carolina Bar House of Delegates dated April 7, 2015; the Proposed Revisions to the South Carolina Rules of Professional Conduct dated

December 19, 2009, including any document(s) attached thereto; and the South Carolina Bar Membership Survey results issued in June 2014, produced herewith, available at bates numbers ODC/HawkLaw_001058 to 001548.

By way of further response, Defendants refer to Advance Sheet No. 41 issued by the S.C. Supreme Court on October 22, 2004, Advance Sheet No. 26 issued by the S.C. Supreme Court on June 20, 2005, Advance Sheet No. 28 issued by the S.C. Supreme Court on August 22, 2011, Advance Sheet No. 32 issued by the S.C. Supreme Court on August 10, 2016, in addition to any and all documents referenced in any answer or response by Defendants to Plaintiffs' discovery which have already been produced or which Plaintiffs already have in their possession and/or have equal access to as they are public records.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 1**:
By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

As Plaintiffs' argue in their Motion, RFP No. 1 is a standard interrogatory, and Defendants' response is appropriate and complete.  (Dkt. No. 25-1 at 12).  Defendants did not withhold documents pursuant to any objection other than attorney-client privilege and/or work product doctrine, and a privilege log was provided alongside Defendants' written responses and document production.  Plaintiffs' Motion fails to explain what about Defendants' response or production is lacking.  Instead, Plaintiffs essentially assume bad intentions on the part of Defendants and/or counsel, which is unfounded and unsupported and, without evidence, ask that "if other non-privileged documents were utilized or identified those should be produced or Defendants should forfeit their right to later produce documents that could and should have already been produced.  Plaintiffs request that the court issue an order to that effect." (Dkt. No. 25-1 at 12).  Defendants and counsel have fully complied with the Federal Rules of Civil Procedure, have responded to this RFP fully, and are still in the discovery phase of this litigation.  Plaintiffs' inferences and implications are improper and should not be sustained.

For the reasons explained above, Defendants response is complete and sufficient and Defendants are in compliance with the Federal Rules. Plaintiffs' Motion should be denied as to RFP No. 1. (*See* Dkt. No. 25-1 at 11).

### iii.     RFP Nos. 2 and 3

Plaintiffs' Requests for Production Nos. 2 and 3 both seek documents from an unrelated case litigation that pertained to a Rule that ODC does not allege Plaintiff Hawkins violated. More specifically, Plaintiffs' Request for Production No. 2 seeks:

> **2.     Identify and produce all settlement agreements, memorandum of understanding or like or similar documents that arose out of or were reached in or as a result of litigation captioned: <u>Kirkendall Dwyer, LLP v. ODC</u> (Docket No.: 3:20-02192-JMC).**

Defendants responded as follows:

> **<u>RESPONSE TO REQUEST NO. 2</u>:** Defendants object to Request No. 2 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 2 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case, as it is a mere fishing expedition into another matter to which Plaintiffs were not parties. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 2 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

Additionally, Plaintiffs' Request for Production No. 3 seeks:

> **3. Identify and produce all settlement agreements, memorandum of understanding or like or similar documents related to the nickname "law tigers," "lawtigers" or with Kirkendall Dwyer, LLP, its members, agents, representatives, lawyers, partners and/or employees.**

Defendants' responded to RFP No. 3 as follows:

> **<u>RESPONSE TO REQUEST NO. 3</u>:** Defendants object to Request No. 3 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 3 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks information that is not discoverable and that bears no relevance to any claim or defense at issue. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as

set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 3 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

In their Motion, Plaintiffs explain that these "RFPs pertain to a [purported] 'secret settlement' between ODC and another law firm that arose out of another First Amendment attorney advertising case in this court, Kirkendall Dwyer, LLP v. ODC." (Dkt. No. 25-1 at 12). Plaintiffs go on to explain that to understand why this so-called "'secret settlement' is relevant in this action and why it should be compelled, it is helpful and useful to understand who Kirkendall Dwyer is and the history of the 'Law Tigers' brand in South Carolina." *Id.* Plaintiffs then discuss the distinct and separate litigation, which in no way involves Plaintiffs, nor does it relate to any charge or allegation in the underlying and ongoing state attorney disciplinary proceeding, and which is irrelevant to this case. (Dkt. No. 25-1 at 12-15). In all of this explanation, Plaintiffs fail to explain precisely how or why they are entitled to receive the information and documents sought in RFP No. 3.

Defendants' objections to RFP Nos. 2 and 3 are valid and specific, and the information sought by Plaintiffs in RFP Nos. 2 and 3 is irrelevant. Plaintiffs make much of a so-called "secret settlement" in an unrelated case involving an unrelated case with separate plaintiffs. (Dkt. No. 25-1 at 12-16). As explained above, the documents and information sought related to that separate litigation are not discoverable and are irrelevant to this case.

Plaintiffs' apparent desire to see a copy of these documents is insufficient to demonstrate that the documents sought are relevant and discoverable. Plaintiffs may not use this litigation as a fishing expedition for information to which Plaintiffs wish to have access, but which is irrelevant and disproportionate to the needs of the instant case. *See Shackleford v. Vivint Solar Dev. LLC*, No. CV ELH-19-954, 2020 WL 3488913, at *8 (D. Md. June 25, 2020).

Plaintiffs spend four (4) pages explaining that so-called "secret settlements" are disfavored and frowned upon. But that does not change the fact that the documents sought in RFP Nos. 2 and 3 are irrelevant to Plaintiffs' claims, and he is not entitled to receive them in discovery. Plaintiff fails to demonstrate how and why the documents sought, which are irrelevant, confidential, wholly unrelated to this case, and relate to a separate federal civil action that has nothing to do with Plaintiffs, is or could be relevant to the instant case.

What is more, Plaintiffs concede that they believe such documents could only possibly contain information about another individual's alleged use of a moniker or trade name as contemplated by Rule 7.1(e). Such information is irrelevant to the viable claims at issue. Any charge or investigation has been dismissed with prejudice by ODC as it relates to Plaintiff Hawkins and Rule 7.1(e). *Cf. Cook*, 484 F. App'x at 812-13 (affirming district court order quashing subpoena directed at material relevant only to dismissed claims).

As even Plaintiffs concede in the Motion, "ODC has made several specific accusations against Mr. Hawkins[ and] [t]hese accusations are found in the Formal Charges it filed against him"—yet there are no accusations, investigations, or Formal Charges related to Rule 7.1(e) or Plaintiffs' use of a moniker or trade name. (Dkt. No. 25-1 at 17). Nor will there be, as any charge or investigation relating to Plaintiff Hawkins' use of a moniker or trade name in the advertisements has already been dismissed, with prejudice, by ODC. Accordingly, and essentially by Plaintiffs' own admission, the information and documents sought that relate to Rule 7.1(e) or otherwise involve an issue about monikers is irrelevant to the above-captioned case, and the discovery requests are overly broad.

###### iv.    RFP Nos. 4 through 19

Plaintiffs also appear to contend that Defendants' responses and produced documents are insufficient for all sixteen (16) Requests for Production Nos. 4 through 19.

As to RFP No. 4, Plaintiffs' Motion notes that the request seeks "complaints made to ODC about Mr. Hawkins' ads." (Dkt. No. 25-1 at 16). Specifically, RFP No. 4 requests:

> **4. Identify and produce all complaints from consumers related to the content or substance of any of Plaintiffs' ads which are identified in ODC's Notice of Filing of Formal Charges dated April 20, 2021. The request would include even those complaints which did not result in investigations and/or formal charges by ODC.**

Defendants' written response to RFP No. 4 states as follows:

> **RESPONSE TO REQUEST NO. 4:** Defendants object to Request No. 4 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 4 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendants refer to Bob Wells' Letter dated November 7, 2019, and Richard Smith's Letter dated March 5, 2018, both of which were previously produced to Plaintiffs' counsel.

Defendants responded to the RFP exactly as it was asked; Defendants referenced the specific and relevant complaints received, and produced those documents. Defendants have not withheld documents from Plaintiffs that are otherwise responsive to RFP No. 4. Yet Plaintiffs move to compel that Defendants respond to the RFP in a very specific way; namely, Plaintiffs ask the Court to compel Defendants to respond "that [Defendants] do not have such ['actual consumer complaints showing members of the public are actually misled by Mr. Hawkins' ads'] and that the only complaints they have are from other lawyers." (Dkt. No. 25-1 at 16). Such a result is not supported—and as noted—discovery has not yet concluded. Other than dissatisfaction with the response and documents provided, Plaintiffs fail to set forth any legal argument, case law, or reasoning as to why Defendants' response is deficient, and Plaintiffs' Motion should be denied.

Regarding RFP Nos. 5, 6, and 7, Plaintiffs' Motion states that "[l]ike RFP 4, these RFPs seek evidence ODC may have that Mr. Hawkins [sic] ads are false or misleading." (Dkt. No. 25-1 at 16). Again, Plaintiffs explain why they included these RFPs in their discovery requests, citing the legal standard and *Central Hudson*, and note that under "*Central Hudson* the government may prohibit false or untrue commercial speech." (Dkt. No. 25-1 at 16). Plaintiffs go on to claim that "[t]o date, Defendants have not produced any evidence that Mr. Hawkins' ads are false or misleading, beyond their own subjective opinions." *Id.* More specifically, as an example, RFP No. 5 requests:

**5. Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 are false advertising or make false claims.**

Defendants' responded sufficiently to RFP No. 5, as their written response states as follows:

**RESPONSE TO REQUEST NO. 5:** Defendants object to Request No. 5 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 5 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants also object to Request No. 5 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when discovery process is still ongoing. Defendants further object to Request No. 5 as vague and ambiguous as the terms "false advertising" and "false claims" are undefined and never appeared in the referenced April 20, 2021 Notice of Formal Charges. Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 5:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers ODC/HawkLaw_000001 to 001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 5**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

Plaintiffs' RFP No. 6 asks:

> **6. Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 are misleading.**

Defendants' responded to RFP No. 6 in full, as follows:

> **RESPONSE TO REQUEST NO. 6:** Defendants object to Request No. 6 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 6 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object to Request No. 6 as overly broad and premature because it seeks "*all*" evidence that [Defendants] have" when the discovery process is still ongoing. Subject to and without waiving the foregoing objections, Defendants respond as follows: (1) Television Advertisements related to ODC Matter 18-DE-L-0241, previously identified by Hawkins' counsel, Michael Virzi, Esquire, as: HLFSCRCHV2W315H, HLFSCRCHV230H, HLFSCRCHV2W215H, HLFSCRCHV2MB15H, HLFSCRCHV2MW15H, HLFSCRCHV2W115H, HLFSCRCHV2MA15H, HLFSCRCHV2M215H, HLFSCRCHV2M315H, HLFSCRCHGSAW215H, HLFSCRCHGSAW315H, HLFSCRCHGSAW415H, HLFSCRCHGSAW115H, HLFSCRCHGSAMA15H, HLFSCRCHGSAMB15H, HLFSCRCHGSAMW15H, HLFSCRCHGSAF15H, HLFSCRCHGSAM115H, HLFSCRCHGSAM215H, HLFSCRCHGSAC15H, HLFSCRCHGSAE15H, HLFSCRCHGSAB15H, HLFSCRCHGSAA15H, HLFSCRCHGSAA15H, HLFSCRCHGSA330H, HLFSCRCHCHF15H, HLFSCRCHGSA30H, HLFSCRCHCHB15H, HLFSCRCHCHC15H, HLFSCRCHCHE15, HLFSCRCHCH30H, HLFSCRCHCHA15H, HLFJUSTGSAG15H, HLFJUSTGSAE15H, HLFJUSTCHE15H, HLFJUSTCHG15H, HLFJUSTCHD15H, HLFIMAGCHC30H, HLFJUSTCHA15H, HLFCWECH15FH, HLFCWECH30H, HLFCWECH15DH, CWE12072CH15BH, CWE12072CH15CH, HLFCWECH15BH, HLFCWECH15CH, CWE12072CH15AH; (2) dissemination records of those Television Advertisements related to ODC Matter 18-DE-L-0241 as provided by Hawkins' counsel, Michael Virzi, Esquire; (3) the chart provided by Hawkins' counsel, Michael Virzi, Esquire, in his email of January 10, 2019; and (4) the summary of evidence as set forth in the Formal Charges related to ODC Matter 18-DE-L-0241. Defendants also refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.
>
> **FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 6:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers available at bates numbers ODC/HawkLaw_000001 to 001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 6**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

As noted, Defendants have produced the full ODC files for the two matters currently pending in the ongoing state attorney disciplinary matter, which contain responsive and relevant documents. Additionally, not only is discovery ongoing in the above-captioned case, but the attorney disciplinary matters are also ongoing in the underlying proceeding. Defendants have produced 2,289 documents, many of which are in response to RFP Nos. 5, 6, and 7. (*See* Dkt. No. 25-1 at 7). Defendants have sufficiently answered those RFPs.

In their Motion, Plaintiffs request that the Court order Defendants to respond to RFP Nos. 5, 6, and 7 in a specific fashion by compelling Defendants to "affirmatively state that ['they have no documentation supporting their opinions' relating to the false and/or misleading and/or potentially misleading nature of certain advertisements]" (Dkt. No. 25-1 at 16-17) is without support and should be rejected. Plaintiff has failed to describe why or how Defendants' responses to RFPs 5, 6, or 7 are deficient.

Additionally, although Plaintiffs' Motion apparently seeks an Order relating to Requests for Production No. 8, (Dkt. No. 25 at 1), that Request is not even mentioned in Plaintiffs' Memorandum in Support, nor does Plaintiff substantively argue that Defendants' answer is deficient elsewhere in their filing. (*See* Dkt. No. 25-1 at 16-17). Plaintiffs' Request for Production No. 8 is similar in nature to Interrogatory No. 9, and Plaintiffs are not entitled to the documents sought for the same reasons. Request for Production No. 8 requests:

> **8. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's February 20, 2017 to March 24, 2017 series of television commercials which refer to Respondent as 'the Hawk' contain a nickname, moniker or trade name that imply and ability to obtain results in a matter." Identify and produce all evidence that you have which you claim supports this allegation.**

Defendants produced documents and responded to Interrogatory No. 8 as follows:

**RESPONSE TO REQUEST NO. 8:** Defendants object to Request No. 8 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 8 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case because ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 8:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers available at bates numbers ODC/HawkLaw_000001 to 001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 8**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

Defendants' answer and document production is not deficient with respect to RFP No. 8, and Plaintiffs do not argue to the contrary in their Motion.

Plaintiffs also claim that Defendants should be compelled to answer RFP Nos. 9 through 19 in specific ways, apparently because they are dissatisfied with the written responses provided. Defendants' responses to these RFPs are sufficient, and Plaintiffs' Motion fails to contain legal argument, case law, or specific indication as to why or how they believe the responses and document production are deficient for RFP Nos. 9 through 19. As an example demonstrating the complete and sufficient answers of Defendants for this set of requests, Plaintiffs' Request for Production No. 19 requests:

**19. In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The June 3, 2019 to October 31, 2019 series of television advertising compare Respondent's services with that of other lawyers' services where such a comparison cannot be factually substantiated, in violation of Rule 7.1(c)." Identify and produce all evidence that you have which you claim supports this allegation.**

Defendants produced documents and responded to RFP No. 19 as follows:

**RESPONSE TO REQUEST NO. 19:** Defendants object to Request No. 19 to the extent that it seeks information protected by privilege or is otherwise confidential.

Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 19 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object to Request No. 19 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when the discovery process is still ongoing. Subject to and without waiving the foregoing objections, Defendants respond as follows: (1) Television Advertisements related to ODC Matter 19-DE-L-1228, previously identified by Hawkins' counsel, Michael Virzi, Esquire, as: HLFSPOKEN2CHS15, HLFSPOKEN2CHS30, HLFSPOKEN2COL15, HLFSPOKEN2COL30, HLFSPOKEN2GSA15, HLFSPOKEN2GSA30; (2) dissemination records of those Television Advertisements related to ODC Matter 19-DE-L-1228 as provided by Hawkins' counsel, Michael Virzi, Esquire; and (3) the summary of evidence as set forth in the Formal Charges related to ODC Matter 19-DE-L-1228. Defendants also refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 19:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228, produced herewith, available at bates numbers ODC/HawkLaw_000001 to 001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 19**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

As shown, Defendants' response (as well as documents produced) relating to RFP No. 19 is fulsome and has been supplemented and/or amended twice, in prompt and timely fashion. Plaintiffs' Motion fails to support their contention that Defendants "should be compelled to state that [they do not have documents responsive to these RFPs] in response to the RFPs as opposed to hiding behind meritless, boilerplate objections." (Dkt. No. 25-1 at 17). Plaintiffs' request should be denied.

Plaintiffs also fail to argue which, how, or why any of Defendants' specific objections to these RFPs are "meritless," and instead simply state that they are, in conclusory fashion and with no support. The Motion also claims that "Defendants have not produced a single page responsive to these RFPs," (Dkt. No. 25-1 at 17), but that contention is disproven through a brief review of

Defendants' written answers which, as shown above, reference specific bates numbers of documents produced that are responsive to Plaintiffs' requests. (*See, e.g.*, Dkt. No. 25-7 at 12).

In sum, Defendants' responses and document production related to RFP Nos. 4 through 19 are complete and sufficient. For any documents withheld on the basis of the objection relating to attorney-client privilege and/or work product doctrine, a thorough privilege log was provided to Plaintiffs, and Defendants' additional objections were otherwise specific and valid. Plaintiffs have not offered any legal support, case law, or valid argument to support their Motion to Compel as it relates to these RFPs.

Plaintiffs' Motion appears to be less about any purported deficiency in Defendants' discovery responses, and more in the nature of a premature attempt to corner Defendants and prevent them from engaging in additional investigation and discovery in order to prepare their defense in this case, and to hinder or interfere with the progression of the underlying state attorney disciplinary proceeding. The Court should reject the Plaintiffs' Motion.

Accordingly, for these reasons, as well as those explained *supra* Subsection A regarding Interrogatory Nos. 1 and 2, Plaintiffs' Motion should be denied with respect to Requests for Production Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19.

## IV.   CONCLUSION

For the reasons set forth herein, Defendants request that the Court DENY Plaintiffs' Motion to Compel (Dkt. No. 25) in its entirety.

Further, Plaintiffs' request in the Motion that the "court tax Defendants with costs and attorney's fees related to [their] discovery motion," is premature and should be denied. (Dkt. No. 25-1 at 18). Defendants have legitimate bases for the specific objections made to Plaintiffs'

discovery requests, and Defendants have otherwise responded appropriately and fully to Plaintiffs' Interrogatories and Requests for Production.

Respectfully submitted,

/s/ Angus H. Macaulay
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

December 9, 2021
Columbia, South Carolina