# Exhibit A

Defendants' Second Supplemental and/or Amended
Responses to Plaintiffs' First Set of RFP

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>           Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>           Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br><br>**DEFENDANTS' SECOND SUPPLEMENTAL AND/OR AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

**TO:   ROBERT D. DODSON, ESQ., ATTORNEY FOR THE PLAINTIFFS:**

Pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure, Defendants, The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel (collectively, "Defendants"), hereby respond, subject to specific objections, to Plaintiffs' First Set of Requests for Production to Defendants ("Plaintiffs' Requests") served by Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs") as follows:

### INTRODUCTION

1.      Defendants specifically reserve the right to object or withhold information to the extent Plaintiffs' Requests seek information that contains, or otherwise reveals private confidential or personal information pertaining to Defendants until a Confidentiality Order is entered in this case.

2.      By responding to Plaintiffs' Requests, Defendants do not waive their right to object or withhold information on the grounds of attorney-client privilege, the work product doctrine, or other applicable privilege or immunity, as well as on the grounds that the obligations imposed upon Defendants are in excess of those set forth in the Federal Rules of Civil Procedure.

3.      Defendants respond to Plaintiffs' Requests without waiving or intending to waive any objection to competency, relevancy, or admissibility as evidence of any matter referred to or made the subject of any response provided, including at any trial of this action. Defendants reserve the right to object to further discovery of the subject matter of any of the information and the introduction into evidence of any information. A partial response that also has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.      Defendants further reserve the right to amend, supplement, or change any responses to the Interrogatories with information learned in the course of further investigation and discovery.

## RESPONSES AND OBJECTIONS TO REQUESTS

1.      **Produce copies of any and all documents utilized in answering Plaintiffs' interrogatories or identified in responding the Plaintiffs' interrogatories.**

**RESPONSE TO REQUEST NO. 1:** Defendants object to Request No. 1 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants respond that they will produce Office of Disciplinary Counsel's ("ODC") file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 1:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers ODC/HawkLaw_000001 to 001057. Defendants further refer to the Letter dated September 19, 1997 from the South Carolina Bar to the Supreme Court of South Carolina and all documents attached thereto, including but not limited to the South Carolina Supreme Court's Notice of Public Hearing scheduled for October 8, 1997 and Request for Written Comments, the Petition of the South Carolina Bar (Ex Parte) in re: Lawyer Referral Services dated February 12, 1997, and the Petition of the South Carolina Bar (Ex Parte) in re: Lawyer Advertising

Rules dated March 5, 1996; the Final Report of Findings (Public Perception & Lawyer Advertising: An Empirical Study, South Carolina Bar) issued by Metromark on December 14, 1995; the Petition of the South Carolina Bar (Ex Parte) in re: Proposed Amendments to the South Carolina Rules of Professional Conduct, Rule 407, SCACR, dated September 24, 2015; the Memorandum of the Professional Responsibility Committee to the South Carolina Bar House of Delegates dated April 7, 2015; the Proposed Revisions to the South Carolina Rules of Professional Conduct dated December 19, 2009, including any document(s) attached thereto; and the South Carolina Bar Membership Survey results issued in June 2014, produced herewith, available at bates numbers ODC/HawkLaw_001058 to 001548.

By way of further response, Defendants refer to Advance Sheet No. 41 issued by the S.C. Supreme Court on October 22, 2004, Advance Sheet No. 26 issued by the S.C. Supreme Court on June 20, 2005, Advance Sheet No. 28 issued by the S.C. Supreme Court on August 22, 2011, Advance Sheet No. 32 issued by the S.C. Supreme Court on August 10, 2016, in addition to any and all documents referenced in any answer or response by Defendants to Plaintiffs' discovery which have already been produced or which Plaintiffs already have in their possession and/or have equal access to as they are public records.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 1**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

2.    **Identify and produce all settlement agreements, memorandum of understanding or like or similar documents that arose out of or were reached in or as a result of litigation captioned: <u>Kirkendall Dwyer, LLP v. ODC</u> (Docket No.: 3:20-02192-JMC).**

**RESPONSE TO REQUEST NO. 2**: Defendants object to Request No. 2 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further

3

object to Request No. 2 as neither relevant to the parties' claims or defenses, nor proportional to

the needs of the case, as it is a mere fishing expedition into another matter to which Plaintiffs were

not parties. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set

forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal

Charges, Defendants object to the extent Request No. 2 seeks discovery of documents relating in

any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to

the needs of the case.

3. **Identify and produce all settlement agreements, memorandum of understanding or like or similar documents related to the nickname "law tigers," "lawtigers" or with Kirkendall Dwyer, LLP, its members, agents, representatives, lawyers, partners and/or employees.**

    **RESPONSE TO REQUEST NO. 3:** Defendants object to Request No. 3 to the extent

that it seeks information protected by privilege or is otherwise confidential. Defendants further

object to Request No. 3 as neither relevant to the parties' claims or defenses, nor proportional to

the needs of the case as it seeks information that is not discoverable and that bears no relevance to

any claim or defense at issue. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with

prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to

Withdraw Formal Charges, Defendants object to the extent Request No. 3 seeks discovery of

documents relating in any way to that Matter as neither relevant to the parties' claims or defenses,

nor proportional to the needs of the case.

4. **Identify and produce all complaints from consumers related to the content or substance of any of Plaintiffs' ads which are identified in ODC's Notice of Filing of Formal Charges dated April 20, 2021. The request would include even those complaints which did not result in investigations and/or formal charges by ODC.**

    **RESPONSE TO REQUEST NO. 4:** Defendants object to Request No. 4 to the extent

that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC

Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 4 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendants refer to Bob Wells' Letter dated November 7, 2019, and Richard Smith's Letter dated March 5, 2018, both of which were previously produced to Plaintiffs' counsel.

5.     **Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 are false advertising or make false claims.**

**RESPONSE TO REQUEST NO. 5**: Defendants object to Request No. 5 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 5 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants also object to Request No. 5 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when discovery process is still ongoing. Defendants further object to Request No. 5 as vague and ambiguous as the terms "false advertising" and "false claims" are undefined and never appeared in the referenced April 20, 2021 Notice of Formal Charges. Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

5

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 5**: Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers ODC/HawkLaw_000001 to 001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 5**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

6. **Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 are misleading.**

**RESPONSE TO REQUEST NO. 6**: Defendants object to Request No. 6 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 6 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object to Request No. 6 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when the discovery process is still ongoing. Subject to and without waiving the foregoing objections, Defendants respond as follows: (1) Television Advertisements related to ODC Matter 18-DE-L-0241, previously identified by Hawkins' counsel, Michael Virzi, Esquire, as: HLFSCRCHV2W315H, HLFSCRCHV230H, HLFSCRCHV2W215H, HLFSCRCHV2MB15H, HLFSCRCHV2MW15H, HLFSCRCHV2W115H, HLFSCRCHV2MA15H, HLFSCRCHV2M215H, HLFSCRCHV2M315H, HLFSCRCHGSAW215H, HLFSCRCHGSAW315H, HLFSCRCHGSAW415H,

HLFSCRCHGSAW115H,        HLFSCRCHGSAMA15H,        HLFSCRCHGSAMB15H,

HLFSCRCHGSAMW15H,        HLFSCRCHGSAF15H,        HLFSCRCHGSAM115H,

HLFSCRCHGSAM215H,        HLFSCRCHGSAC15H,        HLFSCRCHGSAE15H,

HLFSCRCHGSAB15H,        HLFSCRCHGSAA15H,        HLFSCRCHGSAA15H,

HLFSCRCHGSA330H, HLFSCRCHCHF15H, HLFSCRCHGSA30H, HLFSCRCHCHB15H,

HLFSCRCHCHC15H, HLFSCRCHCHE15, HLFSCRCHCH30H,        HLFSCRCHCHA15H,

HLFJUSTGSAG15H,        HLFJUSTGSAE15H,        HLFJUSTCHE15H,        HLFJUSTCHG15H,

HLFJUSTCHD15H,        HLFIMAGCHC30H,        HLFJUSTCHA15H,        HLFCWECH15FH,

HLFCWECH30H,        HLFCWECH15DH,        CWE12072CH15BH,        CWE12072CH15CH,

HLFCWECH15BH, HLFCWECH15CH, CWE12072CH15AH; (2) dissemination records of

those Television Advertisements related to ODC Matter 18-DE-L-0241 as provided by Hawkins'

counsel, Michael Virzi, Esquire; (3) the chart provided by Hawkins' counsel, Michael Virzi,

Esquire, in his email of January 10, 2019; and (4) the summary of evidence as set forth in the

Formal Charges related to ODC Matter 18-DE-L-0241.  Defendants also refer Plaintiffs to the

Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will

produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 6**: Subject

to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary

Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced

herewith, available at bates numbers available at bates numbers ODC/HawkLaw_000001 to

001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 6**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

7.    **Identify and produce all evidence that you have which you claim shows any advertisements complained of in your Notice of Filing of Formal Charges dated April 20, 2021 is potentially misleading.**

      **RESPONSE TO REQUEST NO. 7**: See Defendants' response to Request No. 6.

8.    **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's February 20, 2017 to March 24, 2017 series of television commercials which refer to Respondent as 'the Hawk' contain a nickname, moniker or trade name that imply and ability to obtain results in a matter." Identify and produce all evidence that you have which you claim supports this allegation.**

      **RESPONSE TO REQUEST NO. 8**: Defendants object to Request No. 8 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Request No. 8 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case because ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

      **FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 8**: Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228 produced herewith, available at bates numbers available at bates numbers ODC/HawkLaw_000001 to 001057.

3:21-cv-01319-JMC     Date Filed 12/09/21     Entry Number 39-1     Page 10 of 19

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 8**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

9.      In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The March 20, 2018 to March 25, 2018 series of television commercials likely created an unjustified expectation about results Respondent could achieve for other clients, in violation of Rule 7.1(b)." Identify and produce all evidence that you have which you claim supports this allegation.

     **RESPONSE TO REQUEST NO. 9**: See Defendants' response to Request No. 6.

10.      In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The March 20, 2018 to March 25, 201 series of television commercials were not predominately informational." Identify and produce all evidence that you have which you claim supports this allegation.

     **RESPONSE TO REQUEST NO. 10**: See Defendants' response to Request No. 6.

11.      In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write "The March 20, 2018 to March 25, 2018 series of television commercials contained more than a minimal amount of content designed to attract attention to and create interest in the communication." Identify and produce all evidence that you have which you claim supports this allegation.

     **RESPONSE TO REQUEST NO. 11**: See Defendants' response to Request No. 6.

12.      In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write "The March 20, 2018 to March 25, 2018 series of television commercials violate Rule 7.2(a)." Identify and produce all evidence that you have which you claim supports this allegation.

     **RESPONSE TO REQUEST NO. 12**: See Defendants' response to Request No. 6.

13.      In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The October 9, 2017 to March 14, 2018 series of television commercials likely created an unjustified expectation about results the Respondent could achieve for others, in violation of Rule 7.1(b)." Identify and produce all evidence that you have which you claim supports this allegation.

     **RESPONSE TO REQUEST NO. 13**: See Defendants' response to Request No. 6.

14.      In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The October 9, 2017 to March 14, 2018 series of television commercials were not

predominately information." Identify and produce all evidence that you have which you claim supports this allegation.

**RESPONSE TO REQUEST NO. 14:** See Defendants' response to Request No. 6.

15. **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The October 9, 2017 to March 14, 2018 series of television commercials contained more than a minimal amount of content designed to attract attention to and create interest in the communication." Identify and produce all evidence that you have which you claim supports this allegation.**

**RESPONSE TO REQUEST NO. 15:** See Defendants' response to Request No. 6.

16. **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's October 9, 2017 to March 14, 2018 series of television commercials wherein different actors and actresses portray the same client during the same television show had the potential to lead viewers to believe mistakenly Respondent's firm achieved the same results in multiple cases. In this way, the October 9, 2017 to March 14, 2018 television commercials were misleading and violated Rule 7.1(a)." Identify and produce all evidence that you have which you claim supports this allegation.**

**RESPONSE TO REQUEST NO. 16:** See Defendants' response to Request No. 6.

17. **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "Respondent's October 9, 2017 to March 14, 2018 series of television commercials wherein different actors and actresses portray the same client during the same television show had the potential to lead viewers to believe mistakenly Respondent's firm achieved the same results in multiple cases. In this way, the October 9, 2017 to March 14, 2018 television commercials were misleading and violated Rule 7.1(a)." Identify and produce all evidence that you have which shows any members of the general public were misled by the advertisements from October 9, 2017 to March 14, 2018 referenced in your Notice of Filing of Formal Charges.**

**RESPONSE TO REQUEST NO. 17:** See Defendants' response to Request No. 6.

18. **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The September 25, 2017 to March 25, 2018 series of television commercials likely created an unjustified expectation about results Respondent could achieve for others, in violation of Rule 7.1(b)." Identify and produce all evidence that you have which you claim supports this allegation.**

**RESPONSE TO REQUEST NO. 18:** See Defendants' response to Request No. 6.

19. **In ODC's Notice of Filing of Formal Charges dated April 20, 2021, you write: "The June 3, 2019 to October 31, 2019 series of television advertising compare**

**Respondent's services with that of other lawyers' services where such a comparison cannot be factually substantiated, in violation of Rule 7.1(c)." Identify and produce all evidence that you have which you claim supports this allegation.**

**RESPONSE TO REQUEST NO. 19:** Defendants object to Request No. 19 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 19 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object to Request No. 19 as overly broad and premature because it seeks "*all* evidence that [Defendants] have" when the discovery process is still ongoing. Subject to and without waiving the foregoing objections, Defendants respond as follows: (1) Television Advertisements related to ODC Matter 19-DE-L-1228, previously identified by Hawkins' counsel, Michael Virzi, Esquire, as: HLFSPOKEN2CHS15, HLFSPOKEN2CHS30, HLFSPOKEN2COL15, HLFSPOKEN2COL30, HLFSPOKEN2GSA15, HLFSPOKEN2GSA30; (2) dissemination records of those Television Advertisements related to ODC Matter 19-DE-L-1228 as provided by Hawkins' counsel, Michael Virzi, Esquire; and (3) the summary of evidence as set forth in the Formal Charges related to ODC Matter 19-DE-L-1228. Defendants also refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, and will produce ODC file materials for Matter 18-DE-L-0241 and Matter 19-DE-L-1228.

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 19:** Subject to and without waiving the foregoing objections, Defendants refer to the Office of Disciplinary Counsel's ("ODC") file materials for ODC Matters 18-DE-L-0241 and 19-DE-L-1228, produced herewith, available at bates numbers ODC/HawkLaw_000001 to 001057.

**SECOND SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 19**: By way of further response, see documents produced herewith, available at bates numbers ODC/HawkLaw_001549 to 002289.

20. **Produce all documents furnished or produced to any expert witness you may use.**

**RESPONSE TO REQUEST NO. 20**: See Defendants' answer to Interrogatory No. 14.

Defendants reserve the right to supplement this response in accordance with the Federal Rules.

21. **Produce any and all documents of any types, nature or description which were identified in answering any Interrogatory.**

**RESPONSE TO REQUEST NO. 21**: See Defendants' response to Request No. 1.

Defendants reserve the right to supplement this response in accordance with the Federal Rules.

22. **Produce any and all statements of possible witnesses, whether written, recorded, summarized or otherwise preserved in any manner concerning the facts or issues in this action.**

**RESPONSE TO REQUEST NO. 22**: See Defendants' answers to Interrogatory Nos. 10 and 11. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

23. **Produce all documents, reports, memoranda, correspondence, summaries, statements, contracts, agreements, corporate documents, work reports, photographs or other materials, documents or physical evidence relating in any way to any claim or defense in this action.**

**RESPONSE TO REQUEST NO. 23**: See Defendants' response to Request No. 1.

Defendants reserve the right to supplement this response in accordance with the Federal Rules.

24. **For each expert you identified in your answers to any Interrogatories propounded on you in this lawsuit who will or may testify at the time of the trial or give opinion in another manner, produce all documents and tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by each expert or for each such expert. This request includes all documents prepared by or produced through consulting experts which have been reviewed by the expert who may or will testify.**

**RESPONSE TO REQUEST NO. 24:** See Defendants' answer to Interrogatory No. 14 and response to Request No. 20. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

25. **Produce all studies, treatises, publications, reports or presentations, including presentations at seminars, prepared or given by an expert you designate in this lawsuit related to the area of expertise in which they intend to testify in this lawsuit.**

**RESPONSE TO REQUEST NO. 25:** See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20 and 24. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

26. **Produce a current *curriculum vitae* or resume for each expert you designated in this case.**

**RESPONSE TO REQUEST NO. 26:** See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–25. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

27. **Produce all documents or other tangible things provided by you to any expert designated by you in this case in any way relating to this case.**

**RESPONSE TO REQUEST NO. 27:** See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–26. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

28. **Produce all documents or tangible things provided to you by any expert designated by you in this case in any way relating to this case.**

**RESPONSE TO REQUEST NO. 28:** See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–27. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

29. **Produce all documents in the file of any expert you designate in this case relating to this case.**

**RESPONSE TO REQUEST NO. 29**: See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–28. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

30. **Produce all bills, invoices, or other documents reflecting charges by any expert you have designated in this case in any way relating to this case.**

**RESPONSE TO REQUEST NO. 30**: See Defendants' answer to Interrogatory No. 14 and responses to Request Nos. 20, and 24–29. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

31. **Produce copies of every rule proposal either Defendant has sent or received from any court, organization, or individual.**

**RESPONSE TO REQUEST NO. 31**: Defendants object to Request No. 31 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object Request No. 31 as unduly burdensome, overly broad, and neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks copies of "every rule proposal . . . sent or received" by Defendants and seeks information without a reasonable temporal scope. Defendants further object to Request No. 31 as vague and ambiguous through its use of the undefined term "rule proposal."

**FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 31**: Defendants further object to Request No. 31 to the extent it seeks copies of "every rule proposal . . . sent or received" by Defendants without any limitation; there is no limitation as to subject matter or time period, nor is the Request limited to any Rule that is involved in this case or that is the subject of any of Plaintiffs' claims. Subject to and without waiving the foregoing objections, see Defendants' First Supplemental Response to Request No. 1. Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

14

32.    **Produce all communications, letters, emails, white-papers, or other proposals, opinions, or position papers Defendants have sent or received from any court, bar (including but not limited to the South Carolina Bar or American Bar Association) regarding any of the communication & advertising rules in the Rules of Professional Conduct.**

      **RESPONSE TO REQUEST NO. 32:**  Defendants object to Request No. 32 to the extent that it seeks information protected by privilege or is otherwise confidential.  Defendants further object Request No. 32 as unduly burdensome, overly broad, and neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks copies of "*all* communications, letters, emails, white-papers, or other proposals, opinions, or position papers" "sent or received" from "any court [or] bar" regarding "*any* of the communication & advertising rules in the Rules of Professional Conduct," and seeks information without a reasonable temporal scope.  Defendants further object to Request No. 32 as vague and ambiguous through its use of the undefined term "communication & advertising rules."

      **FIRST SUPPLEMENTAL/AMENDED RESPONSE TO REQUEST NO. 32:** Defendants further object to Request No. 32 to the extent it seeks copies of "all communications, letters, emails, white papers, or other proposals, opinions or position papers" "sent or received" from "any court [or] bar regarding "any of the communications & advertising rules" without any limitation; there is no limitation as to subject matter or time period, nor is the Request limited to any Rule that is involved in this case or that is the subject of any of Plaintiffs' claims.  Subject to and without waiving the foregoing objections, see Defendants' First Supplemental Response to Request No. 1.  Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

15

33. **Produce copies of all documents or correspondence related to any First Amendment analysis ODC conducted before bringing the Notice of Filing of Formal Charges dated April 20, 2021.**

**<u>RESPONSE TO REQUEST NO. 33</u>:** Defendants object to Request No. 33 to the extent that it seeks information protected by privilege or is otherwise confidential. Moreover, as ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges, Defendants object to the extent Request No. 33 seeks discovery of documents relating in any way to that Matter as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object Request No. 33 as unduly burdensome, overly broad, and neither relevant to the parties' claims or defenses, nor proportional to the needs of the case as it seeks copies of "all documents or correspondence related to any First Amendment analysis," and seeks information without a reasonable temporal scope. Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

[*Signature Page to Follow*]

Respectfully submitted,

*Brittany N. Clark*

Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants the South Carolina
Commission on Lawyer Conduct and the South
Carolina Office of Disciplinary Counsel*

September 23, 2021
Columbia, South Carolina

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| John Hawkins and HawkLaw, PA, | CIVIL ACTION NO. 3: 21-cv-01319-JMC |
|          Plaintiffs, | |
| vs. | **CERTIFICATE OF SERVICE** |
| The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, | |
|          Defendants. | |

The undersigned employee of Nexsen Pruet, LLC hereby certifies that on September 23, 2021 a copy of the foregoing **DEFENDANTS' SECOND SUPPLEMENTAL/AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** was duly served upon counsel for the Plaintiffs, in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure via electronic mail, with a hard copy to follow by mail, addressed as follows:

        Robert D. Dodson
        Law Offices of Robert Dodson, P.A.
        1722 Main Street, Suite 200
        Columbia, SC 29201
        rdodson@rdodsonlaw.com

18