# Exhibit B

Defendants' Second Supplemental and/or Amended Responses to Plaintiffs' First Set of Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br>**DEFENDANTS' SECOND SUPPLEMENTAL AND/OR AMENDED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**TO:    ROBERT D. DODSON, ESQ., ATTORNEY FOR THE PLAINTIFFS:**

Pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel (collectively, "Defendants"), hereby supplement their responses, subject to specific objections, to Plaintiffs' First Set of Interrogatories to Defendants ("Plaintiffs' Interrogatories") served by Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.    Defendants specifically reserve the right to object or withhold information to the extent Plaintiffs' Interrogatories seek information that contains, or otherwise reveals private confidential or personal information pertaining to Defendants until a Confidentiality Order is entered in this case.

2.    By responding to Plaintiffs' Interrogatories, Defendants do not waive their right to object or withhold information on the grounds of attorney-client privilege, the work product doctrine, or other applicable privilege or immunity, as well as on the grounds that the obligations imposed upon Defendants are in excess of those set forth in the Federal Rules of Civil Procedure.

3. Defendants respond to Plaintiffs' Interrogatories without waiving or intending to waive any objection to competency, relevancy, or admissibility as evidence of any matter referred to or made the subject of any response provided, including at any trial of this action. Defendants reserve the right to object to further discovery of the subject matter of any of the information and the introduction into evidence of any information. A partial response that also has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4. Defendants further reserve the right to amend, supplement, or change any responses to the Interrogatories with information learned in the course of further investigation and discovery.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. **Rules 7.1 and 7.2. of the Rules of Professional Conduct restrict otherwise protected First Amendment speech. State with particularity each and every governmental interest which you claim justifies these rules including all subparts to the rules.**

**ANSWER TO INTERROGATORY NO. 1:** Defendants object to Interrogatory No. 1 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth each and every basis for a defense to Plaintiffs' claims when discovery is still ongoing. Defendants further object to Interrogatory No. 1 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 1:** Subject to and without waiving the foregoing objections, and to the extent Interrogatory No. 1 seeks information about the Rules that are the subject of one or more of its claims in this case (RPC 7.1(a), (b), (c) and/or 7.2(a), Defendants respond as follows: see Comment 4 to Rule 7.2 of the South Carolina Rule of Professional Conduct (the "Rules").

2.  State with particularity how and why you contend these rules (7.1 and 7.2) directly advance the governmental interest identified by you in response to the preceding interrogatory and identify all evidence you claim supports your claims and assertions.

**ANSWER TO INTERROGATORY NO. 2:** Defendants object to Interrogatory No. 2 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth "all evidence," to the extent that will ever be necessary, when discovery is still ongoing. Defendants have not completed the discovery process and/or decided on the information they intend to offer at trial and/or for dispositive motions. Defendants further object to Interrogatory No. 2 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case.

3.  Prior to or after enacting Rule 7.1(e) of the Rules of Professional Conduct, did Defendants or the government conduct any studies, focus groups, or research or did Defendants or the government commission any studies, focus groups or research showing whether nicknames being used in South Carolina were misleading to the public or otherwise conflicted with any governmental interest identified in response to interrogatory number 1? If so, identify all such studies, focus groups or research.

**ANSWER TO INTERROGATORY NO. 3:** Defendants object to Interrogatory No. 3 on the grounds that it appears to misapprehend the process for adopting the South Carolina Rules of Professional Conduct contained in Rule 407, SCACR. Defendants further object to Interrogatory No. 3 on the grounds that it is vague and ambiguous, particularly through the use of the broad and undefined terms "the government" and "nicknames," and on the grounds that it is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case in that it asks for information about a portion of the Rules that is not at issue in the above-captioned case. Subject to and without waiving the foregoing objections, Defendants answer that the American Bar Association Model Rules of Professional Conduct are adopted by the ABA House of Delegates.

They serve as models for the ethics rules of most jurisdictions, including South Carolina. In South Carolina, the South Carolina Supreme Court adopts the South Carolina Rules of Professional Conduct. As such, and by way of further answer to Interrogatory No. 3, Defendants did not conduct or commission any studies, focus groups, or research.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 3:**

Defendants respond that ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. As such, any request for information related to Matter 17-DE-L-0398 is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case. Defendants further object because the Interrogatory is overly broad because it fails to include a reasonable temporal scope for the information sought.

Subject to and without waiving the foregoing objections, see the documents to be produced contemporaneously herewith, available at bates numbers ODC/HawkLaw_001058 to 001548 for background information on, and history of, amendments to the Rules, which includes "studies, focus groups, or research." Furthermore, Defendants refer to Advance Sheet No. 41 issued by the South Carolina Supreme Court on October 22, 2004, Advance Sheet No. 26 issued by the South Carolina Supreme Court on June 20, 2005, Advance Sheet No. 28 issued by the South Carolina Supreme Court on August 22, 2011, Advance Sheet No. 32 issued by the South Carolina Supreme Court on August 10, 2016, in addition to any and all documents referenced in any answer or response by Defendants to Plaintiffs' discovery which have already been produced or which Plaintiffs already have in their possession and/or have equal access to as they are public records.

4. **Part of Rule 7.2(a) states: "All advertisements shall be predominately informational such that, in both quantity and quality, the communication of factual information rationally related to the need for and selected of a lawyer predominates and the communication includes only a minimal amount of content designed to attract**

attention to and create and interest in the communication." State with particularity any and all governmental interests you maintain this rule promotes and identify all evidence which you contend supports this assertion.

**ANSWER TO INTERROGATORY NO. 4:** Defendants object to Interrogatory No. 4 on the grounds that it appears to misapprehend the burden of proof in this matter and on the grounds that it is overly broad, unduly burdensome, and premature in that it would require Defendants to set forth "all evidence," to the extent that will ever be necessary, when discovery is still ongoing. Defendants have not completed the discovery process and/or decided on the information they intend to offer at trial and/or for dispositive motions. Defendants further object to Interrogatory No. 4 as neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 4:** Defendant further objects to the Interrogatory because it is compound, in that it appears to ask for two different things, namely "identification of any and all governmental interests you maintain the rule promotes" and to "identify all evidence which you contend supports this assertion," which renders the Interrogatory overly broad, unclear, and ambiguous, and thus disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, Defendants refer to the First Supplemental/Amended Response to Interrogatory No. 1.

5. Prior to or after adopting that portion of Rule 7.2(a) quoted in the preceding interrogatory, did Defendants or the government conduct any studies, focus groups or research, or did Defendants or the government commission any studies, focus groups or research showing that the rule quoted in the preceding interrogatory directly advanced the governmental interests identified by you in response to the preceding interrogatories. If so, identify such studies, focus groups, or research.

**ANSWER TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that it appears to misapprehend the process for adopting the South Carolina Rules of Professional Conduct contained in Rule 407, SCACR. Defendants further object to Interrogatory

5

No. 5 on the grounds that it is vague and ambiguous, particularly through the use of the broad and undefined term "the government." Subject to and without waiving the foregoing objections, Defendants answer that the American Bar Association Model Rules of Professional Conduct are adopted by the ABA House of Delegates. They serve as models for the ethics rules of most jurisdictions, including South Carolina. In South Carolina, the South Carolina Supreme Court adopts the South Carolina Rules of Professional Conduct. As such, and by way of further answer to Interrogatory No. 5, Defendants did not conduct or commission any studies, focus groups, or research.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 5:** See Defendants' First Supplemental/Amended Answer to Interrogatory No. 3.

6. **For all ads identified in Defendants' Notice of Filing of Formal Charges dated April 20, 2021 where Defendants allege the ads are not predominately informational what specific criteria, standard or test did Defendants utilize to make these assertions.**

**ANSWER TO INTERROGATORY NO. 6:** Defendants object to Interrogatory No. 6 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves. Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

7. **For each ad identified in Defendants' Notice of Filing of Formal Charges dated April 20, 2021 that Defendants allege likely created an unjustified expectation about results the Plaintiffs could achieve what specific criteria, standard or test did Defendants utilize to make this determination and what evidence do Defendants have that the ads created an unjustified expectation about the results that could be achieved.**

**ANSWER TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to

and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

8. What lawyers or law firms do Defendants contend Plaintiffs compared themselves to in their ads from June 3, 2019 to October 31, 2019 as alleged in your Notice of Filing of Formal Charges dated April 20, 2021? Your answer should specifically name and identify each individual lawyer or law firm you claim Plaintiffs compared themselves to and/or types or groups of lawyers Plaintiffs compared themselves to.

**ANSWER TO INTERROGATORY NO. 8:** Defendants object to Interrogatory No. 8 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves.

9. Do Defendants maintain that any of Plaintiffs' ads which you reviewed which utilize the terms "Hawk Law" or "HawkLaw" violate any Rules of Professional conduct? If your answer is anything but an unqualified "no" please identify which specific ads and explain which Rules you maintain Plaintiffs violated by using "Hawk Law" or "HawkLaw"

**ANSWER TO INTERROGATORY NO. 9:** Defendants object to Interrogatory No. 9 to the extent that it seeks information protected by privilege or is otherwise confidential. Defendants further object to Interrogatory No. 9 on the grounds that it is both vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond that ODC Matter 17-DE-L-0398 has been dismissed, with prejudice, as set forth in the August 8, 2021 Notice of Voluntary Dismissal and Motion to Withdraw Formal Charges. As such, any request for information related to Matter 17-DE-L-0398 is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case.

10. Identify and provide the name, address and telephone number for all persons known to you or your counsel to be witnesses concerning the facts of the case and indicate

**whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.**

**ANSWER TO INTERROGATORY NO. 10:** Defendants refer to their responses to the initial disclosures served on Plaintiffs' counsel by email dated August 2, 2021 pursuant to Federal Rule of Civil Procedure 26(a)(1), and Defendants' Local Rule 26.03 interrogatory answers filed with the Court on July 26, 2021 (ECF No. 21). Defendants further respond that no written or recorded statements have been taken. Defendants reserve the right to supplement this response in accordance with the Federal Rules.

**FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 10:** By way of further response, the following individuals have knowledge regarding the facts of this case:

> John Nichols, Esquire: May be contacted through counsel for Defendants
>
> Ericka Williams, Esquire: May be contacted through counsel for Defendants
>
> Richard Jay Smith, Esquire (as to allegations relating to ODC Matter No. 18-DE-L-0241):
> PO Box 6206, Greenville, SC 29606
>
> Robert Wells, Esquire (as to allegations relating to ODC Matter No. 19-DE-L-1228):
> 236 Mooring Lane, Lexington, SC 29072
>
> No written or recorded statements have been taken by Defendants. Defendants reserve the

right to call any witnesses identified by Plaintiffs.

11. **For each person known to you or your counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.**

    **ANSWER TO INTERROGATORY NO. 11:** See Response to Interrogatory No. 10.

    **FIRST SUPPLEMENTAL/AMENDED ANSWER TO INTERROGATORY NO. 11:** By way of further response, see First Supplemental/Amended answer to Interrogatory No. 10.

8

Further, Mr. Nichols and Ms. Williams have knowledge as to ODC's screening and investigation into ODC Matter Nos. 18-DE-L-0241 and 19-DE-L-1228. Mr. Nichols and Ms. Williams also have knowledge regarding ODC's general role, responsibility, and function once it receives a complaint, as well as any determination(s) made by ODC, within its prescribed role, regarding allegations contained in the complaints submitted to ODC by Mr. Smith and Mr. Wells. This includes determinations by ODC about the potential implication of Rules 7.1(c) and 7.2(a) as discussed in paragraphs 37-48 and 27-36 of Plaintiffs' Complaint, respectively.

Mr. Smith and Mr. Wells have knowledge about their respective complaints filed with the ODC, which resulted in ODC Matter Nos. 18-DE-L-0241 and 19-DE-L-1228.

12. **Describe with particularity all First Amendment Analysis Defendants conducted before issuing the Notice of Filing of Formal Charges dated April 20, 2021 and identify all documents associated with any First Amendment analysis.**

**ANSWER TO INTERROGATORY NO. 12:** Defendants object to Interrogatory No. 12 to the extent that it seeks information protected by privilege or is otherwise confidential. Subject to and without waiving the foregoing objection, Defendants refer Plaintiffs to the Notice of Filing Formal Charges dated April 20, 2021, which enclosed Formal Charges, both of which are documents that speak for themselves. Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

13. **Other than the current lawsuit and <u>Kirkendall Dwyer, LLP v. ODC</u> (Docket No.: 3:20-02192-JMC), have Defendants ever been sued by other attorneys, lawyers, law firms or public interest organizations where any allegation is made that Defendants have violated the First and/or Fourteenth in restricting speech and/or attempted disciplinary action related to attorney advertising. If so, identify all such lawsuits by case caption, docket number and court.**

**ANSWER TO INTERROGATORY NO. 13:** Defendants object to Interrogatory No. 13 on the grounds that it is neither relevant to the parties' claims or defenses, nor proportional to the needs of the case, in that it asks for information about other matters and in that it contains no

9

reasonable temporal scope. Subject to and without waiving the foregoing objection, Defendants answer *Bieber v. The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, et al.*, 6:08-cv-02215-HMH (D.S.C.).

14. **Identify each expert witness whom the party proposes to use as a witness at the trial of the case and state:**

   a) **the subject matter on which the expert is expected to testify;**
   b) **the substance of the facts and opinions to which the expert is expected to testify; and**
   c) **a summary of the grounds for each opinion.**

   **ANSWER TO INTERROGATORY NO. 14:** Defendants object to Interrogatory No. 14 on the grounds that it is premature. Subject to and without waiving the foregoing objection, Defendants answer that they reserve the right to identify any expert in accordance with the schedule set forth in this case and to supplement this response in accordance with the Federal Rules of Civil Procedure.

[Signature Page to Follow]

Respectfully submitted,

*/s/ Brittany N. Clark/*

---

Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
PHONE: 803.771.8900

*Counsel for Defendants the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

December 3, 2021
Columbia, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>        Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>        Defendants. | CIVIL ACTION NO. 3:21-cv-01319-JMC<br><br><br>**CERTIFICATE OF SERVICE** |

The undersigned employee of Nexsen Pruet, LLC hereby certifies that on December 3, 2021 a copy of the foregoing **DEFENDANTS' SECOND SUPPLEMENTAL/AMENDED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was duly served upon counsel for the Plaintiffs, in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure via electronic mail, with a hard copy to follow by mail, addressed as follows:

> Robert D. Dodson
> Law Offices of Robert Dodson, P.A.
> 1722 Main Street, Suite 200
> Columbia, SC 29201
> rdodson@rdodsonlaw.com

Brittanyn Clark
_____

12