**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| John Hawkins and HawkLaw, PA, | Civil Action No. 3:21-cv-01319-JMC |
| Plaintiffs, | |
| vs. | **DEFENDANT THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL'S MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES** |
| The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel, | |
| Defendants. | |

Defendant The South Carolina Office of Disciplinary Counsel ("ODC" or "Defendant"), hereby moves, pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure and Local Civil Rule 37.01 (D.S.C.), for an Order compelling the Plaintiffs, John Hawkins and HawkLaw, PA, (collectively, "Plaintiffs"), to respond fully to the ODC's First Set of Interrogatories and Requests for Production of Documents. As explained herein, Plaintiffs have failed to respond adequately and have lodged improper objections to the ODC's discovery requests, in violation of the Federal Rules. The Court should compel Plaintiffs to respond fully and sufficiently to the ODC's discovery requests—specifically, Interrogatory Nos. 5–9, 11–13, 15, 17, 18, 22, and 23, and RFP Nos. 7–10—as further explained below.

## I.    BACKGROUND

This case involves facial and as-applied challenges to the South Carolina Rules of Professional Conduct, which govern attorney conduct in South Carolina (hereinafter, "Rules"). The discovery the ODC seeks is relevant to Plaintiffs' claims and Defendants' defenses. (Dkt. No. 1).

More specifically, Mr. Hawkins is currently the subject of an underlying attorney disciplinary matter, and brought this case challenging the constitutionality of the Rules that are implicated in the Formal Charges against him in that ongoing state court proceeding. (*See* Dkt. No. 1; *see also* Dkt. No. 28-12 (Oct. 11, 2021 Formal Charges)). The Formal Charges are comprised of two separate ODC Matters, Nos. 18-DE-L-0241 and 19-DE-L-1228. Both involve Mr. Hawkins' attorney advertisements, but are about different series of advertisements, and allege violations of different Rules. (Dkt. No. 28-12).

(a)    ODC Matter No. 18-DE-L-0241 relates to a series of different television advertisements broadcast by Mr. Hawkins in 2017 and 2018. (Dkt. No. 28-12 at 7-10). The Formal Charges assert that these lawyer advertisements violated Rules 7.1(a), 7.1(b), and 7.2(a). (Dkt. No. 28-12 at 7, 8, 9). For example, the ODC submits that a series of television advertisements about a settlement reached by Mr. Hawkins for one of his clients violated Rules 7.1(a) and 7.1(b) as the advertisements likely created unjustified expectations about the results Mr. Hawkins could achieve for other and were not predominately informational. (Dkt. No. 28-12 at 7, 8). In another series of advertisements at issue in ODC Matter No. 18-DE-L-0241, an actor performed a "Hawk Law Screech" and danced in celebration over a three-million-dollar settlement apparently reached by Mr. Hawkins on behalf of one of his clients. (*Id.* at 7). As stated in the Formal Charges, the ODC submits that the series of advertisements violated Rule 7.1(b) as it failed to disclose any information about the accident that led to that settlement, including the severity of the motor vehicle accident. (Dkt. No. 28-12 at 7).

Another violation of the Rules by Mr. Hawkins alleged in the same ODC Matter, and explained in the Formal Charges, relates to a series of television commercials that created unjustified expectations about the results Mr. Hawkins could achieve for others. (Dkt. No. 28-12

at 9).  More specifically, despite representing only one single settlement achieved, the series of television advertisements portrays Mr. Hawkins' client in that settlement as a black female in some of the commercials and as a white male in other commercials.  (*Id.* at 9).  The ODC set forth in the Formal Charges that this series of commercials, "wherein different actors and actresses portray the same client during the same television show" but deal with only one single client and one single settlement achieved, also "had the potential to lead viewers to believe mistakenly" that Mr. Hawkins achieved the same results in multiple cases.  (*Id.* at 9).

(b)    ODC Matter No. 19-DE-L-1228 involves a different set of television advertisements.  (Dkt. No. 28-12 at 10-11).  The Formal Charges assert that Mr. Hawkins' services are compared with those of other lawyers' services where such a comparison cannot be factually substantiated, in violation of Rule 7.1(c).  (Dkt. No. 28-12 at 11).

With this background, the ODC served certain discovery on Plaintiffs, and Plaintiffs have failed to respond adequately and fully to several of those requests, as explained herein.

## II.    PROCEDURAL HISTORY

The ODC served Interrogatories and Requests for Production on Plaintiffs' on September 14, 2021.  (*See, e.g.*, Exhibits 1 & 2 attached hereto, respectively, Plaintiffs' Responses to the ODC's Requests for Production of Documents and Plaintiffs' Responses/Supplemental Responses to the ODC's Interrogatories (Plaintiffs' Operative Responses)).  Plaintiffs served the responses on October 14, 2021.  (*See* Exhibit 3, Plaintiffs' counsel's email serving Plaintiffs' original discovery responses).

Counsel for Defendants sent a letter to Plaintiffs' counsel on October 20, 2021, which outlined deficiencies in Plaintiffs' discovery responses.  (Exhibit 4, Defendant's counsel's Oct. 20, 2021 Letter).  In the letter, Defendants' counsel also suggested that, due to the pending Motion to

Dismiss, the parties agree to stay further discovery with regard to Plaintiffs' discovery responses. (*Id.*).

When Plaintiffs' counsel did not respond, Defendants on October 22, 2021, filed a Motion to Stay Discovery pending the Court's decision on the Motion to Dismiss. (Dkt. No. 27). In the Motion to Stay, Defendant specifically referenced the potential for a Motion to Compel Plaintiffs' discovery responses as a reason for the requested stay. *Id.* On November 12, 2021, the Court denied the Motion to Stay. (Dkt. No. 32).

Consequently, Defendants sent a supplemental discovery deficiency letter, as "continued 'meet and confer'" to Plaintiffs' counsel on November 19, 2021. (Exhibit 5, Defendant's counsel's Nov. 19, 2021 "continued 'meet and confer'" Letter). In addition to pointing out discovery deficiencies, Defendants requested that the parties enter into a joint confidentiality order to govern discovery in this case. Plaintiff's counsel responded on November 22, 2021, noting disagreements with Defendants position on some discovery requests, but agreed to supplement two interrogatories responses. (*See* Exhibit 6, Plaintiffs' counsel's Nov. 22, 2021 "continued 'meet and confer'" Letter in response to Defendant's counsel's Nov. 19 Letter (Exhibit 5)). In his cover email, Plaintiffs' counsel wrote: "I'm happy to discuss in further detail if you think that would be helpful." (*See* Exhibit 7, Plaintiffs' counsel's Nov. 22 Cover Email).

Defendants' counsel sent Plaintiffs' counsel a follow-up email, as "continued 'meet and confer,'" on November 24, 2021, and sought clarification from Plaintiffs' counsel about several of his clients' discovery responses. (Exhibit 8, Defendant's counsel's Nov. 24, 2021 "continued 'meet and confer'" email to Plaintiffs' counsel). On November 29, 2021, Defendants' counsel sent Plaintiffs' counsel another email, as "continued 'meet and confer,'" agreeing to withdraw the

ODC's objections to some of Plaintiffs' discovery responses in dispute. (Exhibit 9, Defendant's counsel's Nov. 29, 2021 "continued 'meet and confer'" email to Plaintiffs' counsel).

On December 2, 2021, Defendants counsel sent a follow up email to Plaintiffs' counsel requesting a response to the November 24, 2021, email. In response, Plaintiffs' counsel supplemented Plaintiffs' responses to Interrogatory Nos. 19 and 20, per his November 22, 2021 letter. (*See* Exhibit 2, Plaintiffs' Responses/Supplemental Responses to the ODC's Interrogatories).

On December 8, 2021, counsel for the parties further discussed by telephone Plaintiffs' outstanding discovery responses and ultimately "agreed to disagree" with regard to the sufficiency of Plaintiffs' responses to Interrogatories Nos. 5, 6, 7, 8, 9, 11, 12, 13, 15, 17, 18, 22, and 23, and Requests for Production Nos. 7, 8, 9 and 10. However, counsel also discussed further Plaintiffs' responses to Interrogatory Nos. 22 and 23, and Defendants' counsel agreed to consider Plaintiffs' suggested resolution with regard to Plaintiffs' responses to Interrogatory Nos. 22 and 23.

In a hearing before the Court on December 9, 2021, counsel for Defendant informed the Court that the parties had been in communication about Plaintiffs' discovery responses and deficiencies since the Court denied the Motion to Stay, but had not been able to reach a resolution on some of Plaintiffs' discovery responses and, thus, would be filing a Motion to Compel. Plaintiffs' counsel did not contest the summary of the discussion about the discovery issues.

On December 13, 2021, Defendants' counsel sent an email to Plaintiffs' counsel outlining the discovery that would be the subject of the instant Motion to Compel. (*See* Exhibit 10, Defendants' Dec. 13, 2021 email re: Motion to Compel).

### III.    STANDARD OF REVIEW

The Federal Rules provide that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018) (citations omitted).

"A district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 298 F.2d 679, 682 (4th Cir. 1986) (citations omitted). Further, the "latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* (citations omitted).

Courts are to construe broadly rules enabling discovery. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Limitations on discovery are to be construed narrowly. *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998).

"While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Wilson v. Decibels of Or., Inc.*, Case No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted)).

A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." *Wilson*, 2017 WL 1943955, at *5 (quoting *Jones v. Commander, Kan. Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)). "Relevance is not, on its own, a high bar[,]" *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019),

6

and "is construed very liberally." *Nat'l Credit Union Admin. v. First Union Capital Markets Corp.*, 189 F.R.D. 158, 161 (D. Md. 1999).

## IV.   LEGAL ARGUMENT

### A.  Improper General Objections

Plaintiffs' supplemental answers to interrogatories and responses to requests for production both contain a broad set of general objections at the outset.   Federal Rule of Civil Procedure 33(b)(4) requires that any objection be stated with specificity.   Further, courts in this district have broadly held that general objections are improper and serve as an effective waiver of any other objections to specific discovery requests.   *See Curtis v. Time Warner Ent.-Advance-NewHouse P'ship*, No. 3:12-CV-2370-JFA, 2013 WL 2099496, at *2 (D.S.C. May 14, 2013) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

Plaintiffs' written responses to Defendant's Requests for Production Nos. 7, 8, 9, and 10 (as well as many others not the subject of the instant motion), all incorporated non-specific, general objections.   More specifically, and as discussed in more detail below *infra* sub-section B, Plaintiffs' responses to RFP Nos. 7 to 10 each include some variation of the following improper and deficient response, with improper, non-specific, general objections:

> **RESPONSE [to RFP No. 8]: Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

The Court should find that Plaintiffs' responses are deficient as they include the above non-specific, impermissible, general objections.   *Curtis*, No. 3:12-CV-2370-JFA, 2013 WL 2099496, at *2.   To the extent Plaintiffs' incorporated the general objections into particular individual

responses as shown above, the Court should find such general objections remain non-specific and are similarly improper and without merit.

Further, Plaintiffs' responses, collectively, make unilateral decisions and proclamations about what is "relevant in this action" and/or what is "a question in dispute." Such a determination does not govern whether or not information sought is discoverable, and the Court should reject Plaintiffs' decision to limit their responses in such a way.

Finally, the purported "confidential and proprietary" issue is easily resolvable by entry of a joint confidentiality order—to which counsel for Plaintiffs' counsel will not indicate whether Plaintiffs consent or object.[1] (*See, e.g.*, Exhibit 10 at 1 & 4).

## B. PLAINTIFFS' DEFICIENT ANSWERS TO DEFENDANT'S INTERROGATORIES (5-9, 11-13, 15, 17, 18)

### i.     Interrogatory No. 5

Defendant's Interrogatory No. 5 asks Plaintiffs to provide the following information:

> **5. Identify, by name and address, any and all person(s) and/or company and/or other entity which originated the idea for each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.**

Plaintiffs responded as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which originated the idea" for the ads is not relevant and is not reasonably calculated**

---

[1] Defendants' counsel's November 29, 2021 "continued 'meet and confer'" email to Plaintiffs' counsel stated that the ODC does "not require that [Plaintiffs] provide a [privilege] log which lists 'direct communications between [Plaintiffs' counsel, Robert Dodson] and [his] client[s],'" however, "[the ODC does] believe that such a log should be provided for any such other communications between your client and, for example, Mr. Virzi (assuming you contend such communications are privileged)." (Exhibit 9 at 1). To date, Plaintiffs have not provided a privilege log, and the ODC demands that such a log be provided for every response wherein Plaintiffs' counsel asserts a privilege and/or withholds documents on the basis of such an alleged privilege.

**to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

Plaintiffs have not responded to the interrogatory and the objections are without merit. First, the general and non-specific objection that the interrogatory is "overly broad and not reasonably calculated to lead to admissible evidence or discoverable information" is non-specific and should not be sustained. Moreover, in their response Plaintiffs attempt to improperly and unilaterally decide what is at issue in this case. The information sought is discoverable under Fed. R. Civ. P. 26(b)(1).[2]

Among the claims in the Formal Charges is that the advertisements created unjustified expectations among consumers and were not predominately informational, in violation of the Rules. (Dkt. No. 28-12 at 7-10). The information sought in Interrogatory No. 5 is not overly broad, but instead is targeted to those six (6) specific advertisements at issue in ODC Matter No. 19-DE-L-1228. (Dkt. No. 28-12). Moreover, the information sought is discoverable as it is relevant to Plaintiffs' claims and Defendants' defenses. The interrogatory seeks information about the decision-making process underlying the origination of the advertisements, and who may or may not have had input, the extent of that input, and the extent of each party's knowledge about the ads and motivation for crafting the ads in the way they were. This is relevant to potentially identify additional witnesses and/or other information from different sources about the advertisements at issue. The information sought may further lead to information about Plaintiffs' knowledge or understanding about the lack of predominantly informational content in the ads at issue. (*See* Dkt. No. 28-12 at 7-10).

---

[2] To the extent Plaintiffs object to Interrogatory No. 5 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

ii.     **Interrogatory No. 6**

Defendant's Interrogatory No. 6 asked:

> **6. Identify, by name and address, any and all person(s) and/or company and/or other entity which produced each of the 47 television advertisements which are the subject of ODC Matter No. l9-DE-L-1228.**

Plaintiffs responded as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which produced" the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

The Court should determine that Plaintiffs' answer to Interrogatory No. 6 is deficient for similar reasons as Interrogatory No. 5.[3]  Interrogatory No. 6 seeks additional information about the forty-seven (47) advertisements involved in ODC Matter No. 19-DE-L-1228, which are at issue in the Formal Charges.  (Dkt. No. 28-12 at 10-11).  Among the claims in the Formal Charges relating to these advertisements is that the advertisements violated the Rules by creating unjustified expectations among consumers.  *Id.*  Interrogatory No. 6 seeks information about who and/or what entity produced the television advertisements at issue in this case and in connection with ODC Matter No. 19-DE-L-1228.  (Dkt. No. 28-12 at 10-11).

---

[3] To the extent Plaintiffs object to Interrogatory No. 6 on the basis that the information sought is purportedly "confidential and proprietary," *see supra* n. 1.

The information sought in Interrogatory No. 6 is relevant to the parties' claims and defenses, and is discoverable under Fed. R. Civ. P. 26(b). The Court should compel Plaintiffs' to respond fully to Interrogatory No. 6.

       **iii.**      **Interrogatory No. 7**

Defendant's Interrogatory No. 7 asked:

> **7. Identify, by name and address, any and all person(s) and/or company and/or other entity which drafted the scripts for each of the 6 television advertisements which are the subject of ODC Matter No. l 9-DE-L-1228.**

Plaintiffs failed to respond substantively to Interrogatory No. 7, and instead answered:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which drafted the scripts" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

The Court should determine that Plaintiffs' response to Interrogatory No. 7 is deficient for the same reasons set forth above regarding Interrogatory No. 6. The ODC's Interrogatory No. 7 seeks additional information relating to the six (6) advertisements at issue in ODC Matter No. 19-DE-L-1228. (Dkt. No. 28-12 at 10-11). Who or what entity drafted the scripts for these television advertisements is directly relevant to the issues involving Plaintiffs' knowledge, motivations, and possible intentions in drafting the scripts in the way they were drafted, and may also provide information about other potential witnesses and/or sources of documents or discoverable information.

Plaintiffs failed to respond to Interrogatory No. 7 and instead lodged improper and non-specific objections. [4] The Court should overrule Plaintiffs' objections, and they should compel Plaintiffs to respond, in full, to the ODC's Interrogatory No. 7.

      iv.    **Interrogatory No. 8**

Defendant's Interrogatory No. 8 asked:

> **8. Identify, by name and address, any and all person(s) and/or company and/or other entity which approved the scripts for each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.**

Plaintiffs' answer to Interrogatory No. 8 stated:

> **RESPONSE: John Hawkins ultimately approved the content.**

The Court should find that Plaintiffs' response to Interrogatory No. 8 is deficient for the same reasons explained above for Interrogatory No. 7. Plaintiffs do not answer the interrogatory, which unambiguously sought information about all persons, companies, or other entities that approved the scripts for each of the six (6) television advertisements involved in ODC Matter No. 19-DE-L-1228—all advertisements at issue in the instant case and in the Formal Charges being challenged by Plaintiffs. (Dkt. No. 28-12 at 10-11).

Plaintiffs did not object to Interrogatory No. 8, but instead failed to respond to the straightforward question asked. The information Plaintiffs provided om response is incomplete, insufficient, and evasive. To be clear, the interrogatory does not ask who ultimately approved the content of the specific advertisements listed.

Again, Plaintiffs did not object to the Interrogatory. The information sought is directly relevant to the decision-making process relating to the advertisements at issue in the instant case

---

[4] To the extent Plaintiffs object to Interrogatory No. 7 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

and at issue in the Formal Charges. (Dkt. No. 28-12 at 10-10). The information sought is discoverable, and could lead to additional witnesses and/or sources of documents and information. The scripts used in the advertisements is relevant to the potential violation of the Rules as well, and Mr. Hawkins' knowledge about the potential to mislead consumers or create unjustified expectations based on the language used and information presented in the ads. The Court should compel Plaintiffs to respond fully to Interrogatory No. 8.

> ### v.     Interrogatory No. 9

Defendant's Interrogatory No. 9 asked:

> **9. Identify, by name and address, any and all person(s) and/or company and/or other entity who chose and approved of the actors who appeared in each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.**

Plaintiffs responded as follows to Defendant's Interrogatory No. 9:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who chose and approved the actors" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

The Court should reject Plaintiffs' objection that Interrogatory No. 9 is "overly broad and not reasonably calculated to lead to admissible evidence or discoverable information" because the objections are not specific and contain no explanation.[5]  *See Curtis*, 2013 WL 2099496, at *2. Plaintiffs also fail to explain their similar improper and non-specific objection that the "'person(s) and/or company and/or other entity who chose and approved the actors' for ads is not relevant and

---

[5] To the extent Plaintiffs object to Interrogatory No. 9 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

is not reasonably calculated to lead to relevant or discoverable information." (Exhibit 2 at 5–6). The Court should also reject this objection.

The Court should further find that Plaintiffs' objection that the information sought is "confidential and proprietary" is without merit and should reject the objection. Plaintiffs provided no explanation as to how this is true, and both Defendants have also offered to enter into a joint confidentiality order that would alleviate any such concern.

The Court should also reject Plaintiffs' attempt decide unilaterally what is "in question" in the case. Plaintiffs' object to Interrogatory No. 9 by stating that "the substance and content of the ads is not disputed and is not in question." (Exhibit 2 at 5–6). However, this interrogatory requests more than the substance or content of the ads. The information sought is relevant and discoverable under Fed. R. Civ. P. 26(b). Interrogatory No. 10 seeks information about why and how Plaintiffs decided to have different actors in advertisements surrounding one single settlement achieved by Plaintiffs for one single client. This information is relevant to Plaintiffs' claims and Defendants' defenses.

The Court should overrule Plaintiffs' objections, and should compel Plaintiffs to respond fully to Interrogatory No. 9.

### vi. Interrogatory No. 11

Defendant's Interrogatory No. 11 asked:

> **11. Identify, by name and address, any and all person(s) and/or company and/or other entity which originated the idea for each of the 47 television advertisements which are the subject of case ODC Matter No.18-DE-L-0241.**

Plaintiffs responded as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the**

**ads is not disputed and is not in question.  The "person(s) and/or company and/or other entity which originated the idea" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information.  Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

Again, with respect to Interrogatory No. 11, Plaintiffs lodge improper non-specific objections in violation of the Federal Rules of Civil Procedure.[6]  *See* Fed. R. Civ. P. 33(b)(4).  The Court should summarily reject Plaintiffs' general objection that the interrogatory "is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information."  The Court should determine that Plaintiffs' non-answer that "John Hawkins is the lawyer responsible for the substance and contents of the ads in question" is non-responsive and insufficient.

Further, as noted, Defendants have offered to enter into a joint confidentiality order to alleviate any concern about alleged confidentiality or the alleged proprietary nature of the information sought.

The Court should overrule Plaintiffs' repeated objections that the "'person(s) and/or company and/or other entity which originated the idea' for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information" because Plaintiffs are mischaracterizing the information sought by Interrogatory No. 11 and the interrogatory seeks relevant and discoverable information under Fed. R. Civ. P. 26(b).

Like Interrogatory No. 5, Interrogatory No. 11 seeks relevant and discoverable information about how the ideas for forty-seven (47) attorney advertisements at issue in this case were originated and with whose assistance.  This is directly relevant to Plaintiffs' claims, and the advertisements at issue involve ODC Matter No. 18-DE-L-0241 and are set forth in the Formal

---

[6] To the extent Plaintiffs object to Interrogatory No. 11 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

15

Charges. (Dkt. No. 28-12 at 7–10). The interrogatory is targeted only to those advertisements at issue and, thus, is not overbroad. It seeks information as to those specific advertisements, all of which are involved in the instant case—Defendant has not, for example, sought this information about any and all of the advertisements ever created or published by Plaintiffs.

Interrogatory No. 11 seeks information that is relevant to Plaintiffs' claims and Defendants' defenses, and the Court should compel Plaintiffs to respond fully to Interrogatory No. 11.

### vii.    Interrogatory No. 12

The ODC's Interrogatory No. 12 asked:

> **12. Identify, by name and address, any and all person(s) and/or company and/or other entity which produced each of the 47 television advertisements which are the subject of ODC Matter No. l 8-DE-L-0241.**

Plaintiffs' responded to Interrogatory No. 12 as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which originated produced" the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

For the same reasons as Interrogatory No. 6, the Court should find that Plaintiffs' answer to Interrogatory No. 12 is similarly deficient.[7]

Interrogatory No. 12 seeks information directly relevant to the six (6) advertisements involved in ODC Matter No. 18-DE-L-0241 and set forth in the Formal Charges. (Dkt. No. 28-12 at 7-10). Among the claims in the Formal Charges relating to these advertisements is that they

---

[7] To the extent Plaintiffs object to Interrogatory No. 12 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

have the potential to create unjustified expectations among consumers and do not include critical information about the depicted settlement(s), in violation of the Rules. Interrogatory No. 12 thus seeks information about who and/or what entity produced the television advertisements at issue in this case and in connection with ODC Matter No. 18-DE-L-0241. (Dkt. No. 28-12 at 7–10).

The information sought is relevant to the parties' claims and defenses, and is discoverable under Fed. R. Civ. P. 26(b). For these reasons, the Court should compel Plaintiffs to respond to Interrogatory No. 12, and should overrule Plaintiffs' objections.

### viii.    Interrogatory No. 13

Defendant's Interrogatory No. 13 asked:

> **13.    Identify, by name and address, any and all person(s) and/or company and/or other entity which drafted the scripts for each of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.**

Plaintiffs responded as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which drafted the scripts" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

For the same reasons set forth above with regard to Interrogatory Nos. 7, the Court should conclude that Plaintiffs' answer to Interrogatory No. 13 is deficient. The ODC's Interrogatory No. 13 seeks the same information as No. 7 but for those advertisements involved in ODC Matter No. 18-DE-L-0241. (Dkt. No. 28-12 at 7–10).

The scripts and language used in the advertisements are important and are directly relevant to Plaintiffs' claims and Defendants' defenses. The information sought may also lead to admissible evidence, including potential witnesses and/or other documents or information. Among

17

the claims in the Formal Charges relating to these advertisements is that they have the potential to create unjustified expectations among consumers and do not include critical information about the depicted settlement(s), in violation of the Rules.  Interrogatory No. 13 thus seeks information about who and/or what entity drafted the scripts at issue in this case and in connection with ODC Matter No. 18-DE-L-0241.  (Dkt. No. 28-12 at 7–10).

The Court therefore should compel Plaintiffs to respond fully to Interrogatory No. 13, and should overrule Plaintiffs' inapplicable and non-specific general objections.[8]

### ix.    Interrogatory No. 15

Defendant's Interrogatory No. 15 asked:

> **15.    Identify, by name and address, any and all person(s) and/or company and/or other entity who chose and/or approved of the actors who appeared in each of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.**

Plaintiffs answered Interrogatory No. 15 as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who chose and/or approved of the actors" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

For the same reasons as Interrogatory No. 9, the Court should find that Plaintiffs' response to Interrogatory No. 15 is deficient.[9]  The ODC's Interrogatory No. 13 seeks the same information

---

[8] To the extent Plaintiffs object to Interrogatory No. 13 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

[9] To the extent Plaintiffs object to Interrogatory No. 15 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

as No. 9 but for those advertisements involved in ODC Matter No. 18-DE-L-0241.  (Dkt. No. 28-12 at 7–10).

Accordingly, the Court should compel Plaintiffs to answer Interrogatory No. 15.

> **x.    Interrogatory No. 17**

Defendant's Interrogatory No. 17 asked:

> **17. Identify, by name and address, any and all person(s) and/or company and/or other entity who created and/or contributed to the creation of the phrase "Expect more" that is used in Plaintiffs television advertisements, as stated in paragraphs 42, 43, and 44 of the Plaintiffs' Complaint.**

Plaintiffs answered Interrogatory No. 17 as follows:

> **RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who created and/or contributed to the creation of the phrase 'Expect more'" is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

For the same reasons as Interrogatory No. 11, Plaintiffs' response to Interrogatory No. 17 is deficient.[10]  Interrogatory No. 17 is relevant to Plaintiffs' claims and Defendants' defenses, and seeks information discoverable pursuant to Fed. R. Civ. P. 26(b).  Plaintiffs' Complaint specifically references the phrase "expect more"—and the ODC is entitled to seek additional information to explore these allegations.  (Dkt. No. 1 at 7–8 ¶¶ 42, 43, 44).  The Court should thus compel Plaintiffs to answer fully Interrogatory No. 17.

> **xi.    Interrogatory No. 18**

Defendant's Interrogatory No. 18 asked:

---

[10] To the extent Plaintiffs object to Interrogatory No. 17 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

**18. Identify, by name and address, any and all person(s) and/or company and/or other entity who created and/or contributed to the creation of the phrase "funny money guys in suits" that is used in Plaintiffs television advertisements, as stated in paragraphs 45, 46, and 47 of the Plaintiffs' Complaint.**

Plaintiffs' answer stated as follows:

**RESPONSE: Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who created and/or contributed to the creation of the phrase 'funny money guys in suits'" is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

The Court should overrule Plaintiffs' improper and non-specific objections.[11]  The ODC's Interrogatory No. 18 is not overly broad, and specifically relates to the allegations in Plaintiffs' Complaint relating to "funny money guys in suits."  (Dkt. No. 1 at 8 ¶¶ 45, 46, 47).  The ODC is entitled to seek additional information to explore these allegations, and the information is relevant and within the scope of discoverable material under Fed. R. Civ. P. 26(b).  The Court should compel Plaintiffs to answer fully Interrogatory No. 18.

### xii.    Interrogatory No. 22

Defendant's Interrogatory No. 22 asked:

**22. State the basis for Plaintiffs' allegation that "Defendants have <u>selectively</u> <u>and unconstitutionally</u> . . . attempted to sanction Plaintiffs for these ads..." (emphasis added) as alleged in paragraph 57 of the Plaintiffs' Complaint.**

---

[11] To the extent Plaintiffs object to Interrogatory No. 18 on the basis that the information is purportedly "confidential and proprietary," *see supra* n. 1.

Plaintiffs' answer stated as follows:

> **RESPONSE: As clearly indicated in Plaintiffs' Complaint, Paragraph 57 is referring back to Defendants' attempts to sanction him for advertising involving paid actors truthfully reporting prior settlements. Among other complaints in the Formal Charges is that the "commercials does [sic] not include any details of the severity of the accident forming the basis of the three million dollar settlement… on million dollar settlement..." etc.**
> **As written, the Rules of Professional conduct do not require "any details of the severity of the accident forming the basis" for a settlement. This is a requirement Defendants added by fiat to the unwritten rules they seek to enforce against the Plaintiffs only. Several other lawyers and law firms advertise settlements and court victories without providing "any details of the severity of the accident forming the basis" for the settlements or court victors [sic].**

### xiii.    Interrogatory No. 23

Defendant's Interrogatory No. 23 asked:

> **23. State the basis for the Plaintiffs' allegation that Defendants "mak[e] no attempt to impose any such 'details of the severity' requirement on other ads by Plaintiffs, and other South Carolina lawyers, …" as alleged in paragraphs 59 and 68 of the Plaintiffs' Complaint. In responding to this interrogatory, list, with specificity, the "other South Carolina lawyers" to whom Plaintiffs are referring.**

Plaintiffs' answer to Interrogatory No. 23 stated as follows:

> **RESPONSE: See response to interrogatory number 22 and preceding interrogatories.**

The Court should conclude that Plaintiffs' answers to Interrogatory Nos. 22 and 23 are deficient, evasive, and non-responsive. This Court should compel Plaintiffs to respond fully to these interrogatories.

Plaintiffs do not object to Interrogatories No. 22 or 23, yet they fail to respond to the questions posed. Follow-up communication between counsel for the parties, as "continued 'meet and confer,'" reflects the somewhat tortured misinterpretation Plaintiffs' counsel has assigned to the interrogatories, and particularly Interrogatory No. 22. (*See, e.g.*, Exhibit 6 at 2 (Plaintiffs'

counsel deciding on his own that these interrogatories "essentially ask for examples of other law firms who advertisement [sic] past settlements without giving details about the injuries giving rise to the settlements.")).

However, Plaintiffs' counsel's mischaracterizations aside, both Interrogatories No. 22 and 23 seek discoverable and relevant information about Plaintiffs' claims. Both seek information about Plaintiffs' specific allegations, as well as what formed the basis for the allegations contained in Plaintiffs' Complaint at paragraphs 57, 59, and 68.

Further, however, Plaintiffs' response to Interrogatory No. 22 expressly states that "several other lawyers and law firms"—which Plaintiffs fail to identify—"advertise settlements and court victories without providing" certain information. In order to provide the information, Plaintiffs' counsel informed Defendants' counsel that he required a conditional agreement on the part of the ODC that any of the "several other lawyers and law firms" referenced in their original answer to the ODC's Interrogatory No. 22 would not be investigated before disclosure by Plaintiffs in this discovery process. Plaintiffs' "conditions" for a more fulsome response as required by the Federal Rules of Civil Procedure are inappropriate, and the responses provided are deficient.

Plaintiffs should be compelled to respond fully to Interrogatory Nos. 22 and 23, including by identifying the "several other lawyers and law firms" of which they purportedly have knowledge. The ODC's Interrogatory Nos. 22 and 23 seek relevant and discoverable information—and Plaintiffs' do not object to the interrogatories. The Court should thus compel Plaintiffs to respond fully to Interrogatory Nos. 22 and 23.

## C. PLAINTIFFS' DEFICIENT RESPONSES TO DEFENDANT'S RFP AND DOCUMENT PRODUCTION (RFP 7-10)

With respect to Plaintiffs' written responses to the ODC's Requests for Production of Documents, Federal Rule of Civil Procedure 34(b)(2)(C) requires that Plaintiffs state whether any

documents were withheld on the basis of a particular objection. Plaintiffs failed to do so in violation of the Federal Rules. The Court should compel Plaintiffs to supplement their written responses to provide that information.

Additionally, the Court should find that Plaintiffs' written responses to the ODC's Requests for Production suffer from the same fatal flaw as the majority of their answers to interrogatories— namely, inclusion of non-specific, inapplicable general objections. The Court should reject such general objections lodged by Plaintiffs.

### i.     RFP No. 7

Defendant's RFP No. 7 sought:

> **7. Produce all documents exchanged and communications by and between Plaintiffs and/or Plaintiffs' counsel and the person(s) and/or companies and/or entities identified in Plaintiffs' responses to Defendant's Interrogatories Nos. 5-18, served concurrently herewith.**

Plaintiffs responded as follows:

> **RESPONSE: Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

Plaintiffs did not provide documents or otherwise provide a substantive written answer. Instead, Plaintiffs lodged an invalid and unsustainable objection.[12] The Court should reject Plaintiffs' general objections, and should compel Plaintiffs to respond fully to RFP No. 7 as that RFP seeks relevant information within the scope of Rule 26(b).

### ii.     RFP No. 8

Defendant's RFP No. 8 requested:

---

[12] To the extent Plaintiffs object to RFP No. 7 on the basis that the information and/or documents are purportedly "confidential and proprietary," *see supra* n. 1.

**8. Any and all correspondence or communications or documents exchanged by and between Plaintiffs (and/or Plaintiffs' counsel) and Davis and Company (of Washington, D.C.) that relate in any way to the television advertisements which are the subject of ODC Matter Nos. 18-DE-L-0241 and/or 19-DE-L-1228.**

Plaintiffs' response to RFP No. 8 stated:

**RESPONSE: Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

Plaintiffs improperly attempted to narrow and decide the issues or "disputes" or "questions" in dispute in this case through their response, and the general objections are impermissible and non-specific.[13]   The Court should overrule Plaintiffs' general objections and compel Plaintiffs to respond to RFP No. 8.

### iii.     RFP No. 9

Defendant's RFP No. 9 asked:

**9. Produce any and all requests for proposal(s) and/or solicitation(s) for the creation and/or production of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.**

Plaintiffs answered as follows:

**RESPONSE: Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

### iv.     RFP No. 10

Furthermore, Defendant's RFP No. 10 requested:

---

[13] To the extent Plaintiffs object to RFP No. 8 on the basis that the information and/or documents are purportedly "confidential and proprietary," *see supra* n. 1.

**10. Produce any and all requests for proposal(s) and/or solicitation(s) for the creation and/or production of the 6 television advertisements which are the subject of ODC Matter No. 19- DE-L-1228.**

Plaintiffs answered RFP No. 10 as follows:

**RESPONSE: Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

In their response, Plaintiffs improperly narrowed the issues and decided for themselves what is a question in dispute in this case. The information the ODC seeks in RFP Nos. 9 and 10 is relevant, and the information is within the scope of discovery under Fed. R. Civ. P. 26(b)(1). The Court should find that Plaintiffs' answers to both RFPs are essentially evasive "non-answers," and apparent attempts to restrict the ODC's access to discoverable information. The documents the ODC requested relate to Plaintiffs' claims and Defendants' defenses, and are tailored to seek information specifically about those advertisements at issue in the instant case.

Moreover, and as noted above, Defendants have offered to enter into a joint confidentiality order to protect the information Plaintiffs claim is "confidential and proprietary" and to ensure that such a claim is no longer a concern or basis for Plaintiffs' objection to these requests to produce.[14] (*See, e.g.*, Exhibit 10 at 1 & 4). The Court should reject Plaintiffs' non-specific, general objections to each of these requests, and should compel Plaintiffs to respond sufficiently and fully to the ODC's RFP Nos. 9 and 10.

---

[14] To the extent Plaintiffs object to RFP Nos. 9 and 10 on the basis that the information and/or documents are purportedly "confidential and proprietary," *see supra* n. 1.

## V.    CONCLUSION

Accordingly, the ODC respectfully requests that the Court grant this Motion to Compel, and enter an Order compelling Plaintiffs' full and complete responses to the ODC's First Set of Interrogatories and Requests for Production of Documents.  The ODC further requests that the Court order Plaintiffs to reimburse its reasonable attorneys' fees and costs associated with filing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

/s/ Angus H. Macaulay
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

December 14, 2021
Columbia, South Carolina