# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>  Plaintiffs,<br><br>v.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>  Defendants. | C/A No. 3:21-cv-01319-JMC<br><br>PLAINTIFFS' RESPONSES TO DEFENDANT THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL'S FIRST SET OF REQUESTS FOR PRODUCTION |

TO: DEFENDANT THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL, AND THEIR ATTORNEYS:

## GENERAL OBJECTIONS

Plaintiffs object to any general definitions, general instructions or directives to the extent they impose obligations upon the Plaintiffs greater than those imposed by the applicable Rules of Civil Procedure. Plaintiffs further object to any general definitions, general instructions or directives as overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Further, Plaintiff objects to any general definitions, general instructions or directives on the ground that they are worded so broadly as to encompass responses and documents protected by the attorney work product privilege and/or attorney client privilege. Notwithstanding these objections, Plaintiff responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

1. Any and all documents, correspondence, reports, statements, investigations, evaluations, memoranda or other communications (other than materials protected by the attorney-client privilege), written or recorded relating in any way to this action including, without limitation (and not limited to), all exhibits Plaintiffs intend to use at trial.

**RESPONSE: Objection. The request is overly broad and untimely. More specifically,**

Plaintiffs have not identified what documents or exhibits Plaintiffs intend to use at trial or a hearing on this matter. The court's scheduling order provides for pre-trial disclosures and Plaintiffs will meet this deadline. Notwithstanding the objection, please see Plaintiff Hawkins 0001-0039.

2. Any and all documents and statements identified in the Responses to Defendant's First Set of Interrogatories to Plaintiffs, served concurrently herewith.

**RESPONSE:** Plaintiffs are not aware of any witness statements. Other documents identified in response to interrogatories are being produced. Please see Plaintiff Hawkins 0001-0139.

3. Any and all documents evidencing or relating to any damages claimed by Plaintiffs in this action, if any.

**RESPONSE:** Plaintiffs' Complaint seeks injunctive relief not monetary damages. At this time, Plaintiffs are not seeking monetary damages. Plaintiffs will seek costs and attorneys when they prevail in this action. At that time, Plaintiffs and their counsel will produce documentation, as necessary and as part of an in-camera review, pertaining to any fee petition or cost petition to the court.

4. Any and all photographs, plats, diagrams, charts, graphs, correspondence (including electronic mail correspondence), or other documents or tangible items that are in any way related to or connected with any of the facts, issues, claims, or allegations in this case.

**RESPONSE:** Objection. The request is so broadly worded that it encompasses attorney client communications and attorney work product. Notwithstanding this objection, please see Plaintiffs' initial disclosures and Plaintiff Hawkins 0001-0139.

5. Any and all witness statements, whether written or recorded, taken in connection with this case.

**RESPONSE:** No such documents exist that in the care, custody or control of Plaintiffs or their

attorney.

6. Any and all written communication or correspondence (including electronic mail)with Defendant The South Carolina Commission on Lawyer Conduct and/or Defendant The South Carolina Office of Disciplinary Counsel, including (but not limited to) any and all replies theretoand/or documents exchanged between the parties.

**RESPONSE:** **The request is overly broad and unduly burdensome. Defendants should already have "communication or correspondence with" Defendant[s]. Notwithstanding the objection, please see Plaintiff Hawkins 0001-0019.**

7. Produce all documents exchanged and communications by and between Plaintiffs and/or Plaintiffs' counsel and the person(s) and/or companies and/or entities identified in Plaintiffs' responses to Defendant's Interrogatories Nos. 5-18, served concurrently herewith.

**RESPONSE:** **Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

8. Any and all correspondence or communications or documents exchanged by and between Plaintiffs (and/or Plaintiffs' counsel) and Davis and Company (of Washington, D.C.) that relate in any way to the television advertisements which are the subject of ODC Matter Nos. 18-DE-L-0241 and/or 19-DE-L-1228.

**RESPONSE:** **Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

9. Produce any and all requests for proposal(s) and/or solicitation(s) for the creation and/or production of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.

**RESPONSE:** **Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

10. Produce any and all requests for proposal(s) and/or solicitation(s) for the creation and/or production of the 6 television advertisements which are the subject of ODC Matter No. 19- DE-L-1228.

**RESPONSE:** **Objection. The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.**

RESPECTFULLY SUBMITTED,

/s/Robert D. Dodson
Robert D. Dodson, Esquire
The Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, South Carolina 29201
Telephone: 803.252.2600
rdodson@rdodsonlaw.com

*Attorney for the Plaintiffs*

October 14, 2021
Columbia, South Carolina