# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>　　　　Plaintiffs,<br><br>V.<br><br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>　　　　Defendants. | *CIA* No. 3:21-cv-01319-JMC<br><br>**PLAINFIFFS' FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL'S FIRST SET OF INTERROGATORIES** |

**TO: DEFENDANT THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL, AND THEIR ATTORNEYS:**

### GENERAL OBJECTIONS

Plaintiffs object to any general definitions, general instructions or directives to the extent they impose obligations upon the Plaintiffs greater than those imposed by the applicable Rules of Civil Procedure. Plaintiffs further object to any general definitions, general instructions or directives as overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Further, Plaintiff objects to any general definitions, general instructions or directives on the ground that they are worded so broadly as to encompass responses and documents protected by the attorney work product privilege and/or attorney client privilege. Notwithstanding these objections, Plaintiff responds as follows:

### PLAINTIFFS' RESPONSES TO INTERROGATORIES

1. Give the names and addresses of persons known to the Plaintiffs or Plaintiffs' counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who

has possession of suchstatements.

**RESPONSE:**

John Hawkins, c/o Law Offices of Robert Dodson, P.A. – Mr. Hawkins is a named Plaintiff and is the owner of HawkLaw. He may be called to testify that he is the lawyer responsible for the television ads in question that advertised the legal services of HawkLaw. Mr. Hawkins may also be called to offer testimony related to the chilling effect on free speech Defendants' actions have caused him and HawkLaw. No written or recorded statement has been taken.

John S. Nichols – Mr. Nichols has not been deposed but Plaintiffs reserve the right to do so. Plaintiffs and their attorney have no further information that would be responsive to this interrogatory as it pertains to Mr. Nichols.

Erick M. Williams – Ms. Williams has not been deposed but Plaintiffs reserve the right to do so. Plaintiffs and their attorney have no further information that would be responsive to this interrogatory as it pertains to Ms. Williams.

Kelly B. Arnold – Ms. Arnold has not been deposed but Plaintiffs reserve the right to do so. Plaintiffs and their attorney have no further information that would be responsive to this interrogatory as it pertains to Ms. Arnold.

Other Representatives of the Office of Disciplinary Counsel – The Office of Disciplinary Counsel has not been deposed but Plaintiffs reserve the right to do so. Plaintiffs and their attorney have no further information that would be responsive to this interrogatory as it pertains to ODC.

Other Representatives of the Commission on Lawyer Conduct – The Commission on Lawyer Conduct has not been deposed but Plaintiffs reserve the right to do so.

Plaintiffs and their attorney have no further information that would be responsive to this interrogatory as it pertains to the Commission.

Michael Virzi – Mr. Virzi represents Plaintiffs in the underlying ODC/Commission matter. He will be called only to provide testimony about a conversation he had with Kelly Arnold. The substance and content of that conversation is outlined in Plaintiffs' initial disclosures and in response to other interrogatories below.

Barbara Seymour – Ms. Seymour is an attorney and used to work at ODC. As part of her job, she regularly taught advertising ethics CLE through the South Carolina bar. She may be called to testify about the substance and content of what she taught. More specifically, it is expected that Ms. Seymour will testify that she taught it was unethical and violation of the Rules of Professional to advertise using the nickname "Law Tigers" and using various images and recordings of tigers.

2. Set forth a list of photographs, plats, sketches or other prepared documents in possession of the Plaintiffs that relate to the claims, or allegations in the case.

RESPONSE: To the extent such photographs, plats, sketches or other prepared documents exist and are in the possession of Plaintiffs or their attorney, they have been identified and produced in response to Defendants' Request for Production of Documents.

3. Set forth an itemized statement of all damages claimed to have been sustained by the Plaintiffs, if any.

RESPONSE: Plaintiffs' Complaint seeks injunctive relief not monetary damages. At this time, Plaintiffs are not seeking monetary damages. Plaintiffs will seek costs and attorneys when they prevail in this action. At that time, Plaintiffs and their counsel will produce

documentation, as necessary and as part of an *in-camera* review, pertaining to any fee petition or cost petition to the court.

4.     For each person known to the Plaintiffs or Plaintiffs' counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the Defendant of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

**RESPONSE:** See response to interrogatory number 1.

5.     Identify, by name and address, any and all person(s) and/or company and/or otherentity which originated the idea for each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which originated the idea" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

6.     Identify, by name and address, any and all person(s) and/or company and/or otherentity which produced each of the 47 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is

the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which produced" the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

7. Identify, by name and address, any and all person(s) and/or company and/or other entity which drafted the scripts for each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which drafted the scripts" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

8. Identify, by name and address, any and all person(s) and/or company and/or other entity which approved the scripts for each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.

**RESPONSE:** John Hawkins ultimately approved the content.

9. Identify, by name and address, any and all person(s) and/or company and/or other entity who chose and approved of the actors who appeared in each of the 6

television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.

**RESPONSE:** **Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who chose and approved the actors" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

10.     Identify the amounts paid by Plaintiffs for the creation and production of each of the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228.

**RESPONSE:** **Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. What John Hawkins paid for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

11.     Identify, by name and address, any and all person(s) and/or company and/or other entity which originated the idea for each of the 47 television advertisements which are the subject of case ODC Matter No. 18-DE-L-0241.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which originated the idea" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

12. Identify, by name and address, any and all person(s) and/or company and/or otherentity which produced each of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which originated produced" the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

13. Identify, by name and address, any and all person(s) and/or company and/or otherentity which drafted the scripts for each of the 47 television advertisements which are the subjectof ODC Matter No. 18-DE-L-0241.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which drafted the scripts" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

14. Identify, by name and address, any and all person(s) and/or company and/or otherentity which approved the scripts for each of the 47 television adveliisements which are the subject of ODC Matter No. 18-DE-L-0241.

**RESPONSE:** John Hawkins ultimately approved the content.

15. Identify, by name and address, any and all person(s) and/or company and/or otherentity who chose and/or approved of the actors who appeared in each of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.

**RESPONSE:** Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who chose and/or approved of the actors" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

16. Identify the amounts paid by Plaintiffs for the creation and production of each of the 47 television advertisements which are the subject of ODC Matter No. 18-DE-L-0241.

**RESPONSE:** **Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "amounts paid" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

17. Identify, by name and address, any and all person(s) and/or company and/or otherentity who created and/or contributed to the creation of the phrase "Expect more" that is used in Plaintiffs television advertisements, as stated in paragraphs 42, 43, and 44 of the Plaintiffs' Complaint.

**RESPONSE:** **Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who created and/or contributed to the creation of the phrase 'Expect more'" is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

18.     Identify, by name and address, any and all person(s) and/or company and/or otherentity who created and/or contributed to the creation of the phrase "funny money guys in suits" that is used in Plaintiffs television advertisements, as stated in paragraphs 45, 46, and 47 of the Plaintiffs' Complaint.

**RESPONSE:** **Objection. The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity who created and/or contributed to the creation of the phrase 'funny money guys in suits'" is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.**

19.     State the basis for Plaintiffs' allegation that "Defendants <u>personally find</u> Plaintiffs ads distasteful and unlikeable," (emphasis added) as alleged in paragraph 35 of the Plaintiffs' Complaint, and identify, with particularity, to whom the term "personally" refers.

**RESPONSE:** **Plaintiffs ads do not violate the Rules of Professional Conduct and are protected commercial speech under the First Amendment. Defendants have no basis on which to prosecute Plaintiffs aside from what they personally find distasteful and unlikeable. Plaintiffs have not deposed John Nichols, Kelly Arnold, Ericka Williams or others at ODC but reserve the right to do so and may supplement their response to this interrogatory.**

**FIRST SUPPLEMENTAL RESPONSE:** Among other complaints, ODC's Formal Charges complain that paid actors perform "the 'Hawk Law Screech' and dances in celebration over the three million dollar settlement." Similar complaints are made with regard to other settlements for other clients that are used in Plaintiffs' ads. However, the Rules of Professional Conduct do not prohibit the sound of a screeching hawk nor do they prohibit paid actors from "danc[ing] in celebration" over a favorable settlement or verdict they got while represented by Plaintiffs. Neither Plaintiffs nor Plaintiffs' Counsel are aware of any reported disciplinary cases where lawyers are punished or disbarred for using the sound of a bird or of paid actors "danc[ing] in celebration" because this is protected First Amendment speech and because it is not prohibited by the Rules of Professional Conduct.

ODC's Formal Charges also complain that Plaintiffs' ads regarding the three million dollar settlement and other favorable settlements "does not include any details of the severity of the accident forming the basis of the three million dollar settlement." The Rules of Professional Conduct do not require that the "severity of the accident forming the basis of" a settlement be provided in an ad. Neither Plaintiffs nor Plaintiffs' Counsel are aware of any reported disciplinary cases where lawyers are punished or disbarred for not giving details regarding the "severity of the accident forming the basis of" a favorable settlement. This is because the Rules of Professional Conduct do not mandate this and similar ads and commercials are protected commercial speech.

Among other complaints in ODC's Formal Charges is that paid actors who portrayed actual clients were of different genders and races. The Rules of Professional Conduct do not bar this practice and in the CLEs that its employees teach, ODC has not taught that

this practice is improper and a violation of the Rules of Professional Conduct. Moreover, there is not a single reported case of another lawyer or law firm being disciplined for using paid actors of different genders and different races. Every other law firm that advertises on television using paid actors and actresses also uses actors and actresses of different genders and races. However, based on reported case law it appears only Plaintiffs are subject to discipline and possible disbarment for this practice. The term personal refers to ODC and its agents, employees, etc.

      20.    State the basis for Plaintiffs' allegation that "Defendants have <u>selectively</u> enforced Rules 7.1 and 7.2 against Plaintiffs ... " (emphasis added) as alleged in paragraph 49 of the Plaintiffs' Complaint.

**RESPONSE:** Plaintiffs' ads do not violate the Rules of Professional Conduct and are protected commercial speech under the First Amendment. Defendants have no basis on which to prosecute Plaintiffs aside from what they personally find distasteful and unlikeable. Among other complaints in ODC's Formal Charges is that paid actors who portrayed actual clients were of different genders and races. The Rules of Professional Conduct do not bar this practice and in the CLEs that its employees teach, ODC has not taught that this practice is improper and a violation of the Rules of Professional Conduct. Moreover, there is not a single reported case of another lawyer or law firm being disciplined for using paid actors of different genders and different races. Every other law firm that advertises on television using paid actors and actresses also uses actors and actresses of different genders and races. However, only Plaintiffs are subject to discipline and possible disbarment for this practice.

Also see response to preceding interrogatory and response to interrogatories 21 & 22 below.

**FIRST SUPPLEMENTAL RESPONSE:** See First Supplemental Response to Interrogatory number 20.

21.     State the basis for Plaintiffs' allegation that "Defendants... despite having asserted in the past that the same [screeching hawk] sound <u>did not violate those rules</u> in other advertisements," (emphasis added) as is alleged in paragraph 52 of the Plaintiffs Complaint.

<u>RESPONSE:</u> **In connection with a 2014 investigation Kelly Arnold told Michael Virzi the phrases "Hawklaw" or "Hawk Law" did not violate the Rules of Professional Conduct. She indicated ODC would not prosecute John Hawkins for depictions of hawks since "hawk" was part of his legal name.**

22.     State the basis for Plaintiffs' allegation that "Defendants have <u>selectively</u> and unconstitutionally... attempted to sanction Plaintiffs for these ads..." (emphasis added) as is alleged in paragraph 57 of the Plaintiffs' Complaint.

<u>RESPONSE:</u> **As clearly indicated in Plaintiffs' Complaint, Paragraph 57 is referring back to Defendants' attempts to sanction him for advertising involving paid actors truthfully reporting prior settlements. Among other complaints in the Formal Charges is that the "commercials does not include any details of the severity of the accident forming the basis of the three million dollar settlement... one million dollar settlement..." etc.**

As written, the Rules of Professional Conduct do not require "any details of the severity of the accident forming the basis" for a settlement. This is a requirement Defendants added by fiat to the unwritten rules they seek to enforce against the Plaintiffs only. Several other lawyers and law firms advertise settlements and court victories without providing "any details of the severity of the accident forming the basis" for the settlements or court victors.

23. State the basis for the Plaintiffs' allegation that Defendants "mak[e] no attempt to impose any such 'details of the severity' requirement on other ads by Plaintiffs, and other South Carolina lawyers, ... " as is alleged in paragraphs 59 and 68 of the Plaintiffs' Complaint. In responding to this interrogatory, list, with specificity, the "other South Carolina lawyers" to whom Plaintiffs are referring.

**RESPONSE:** See response to interrogatory number 22 and preceding interrogatories.

RESPECTFULLY SUBMITTED,

/s/_____
Robert D. Dodson, Esquire
The Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, South Carolina 29201
Telephone: 803.252.2600
rdodson@rdodsonlaw.com

*Attorney for the Plaintiffs*

December 2, 2021
Columbia, South Carolina