# EXHIBIT 5

NEXSEN PRUET

**Angus H. Macaulay**
Member
Admitted in SC

November 19, 2021

**VIA ELECTRONIC MAIL**

Robert D. Dodson, Esq.
Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, South Carolina 29201
rdodson@rdodsonlaw.com

**Re:** ***Hawkins et al. v. ODC et al.***
C/A No: 3:21-cv-01319-JMC

Austin
Charleston
Charlotte
**Columbia**
Greensboro
Greenville
Bluffton / Hilton Head
Myrtle Beach
Raleigh

Dear Robert:

As originally set forth in Defendants' October 19, 2021 letter, Plaintiffs' answers to Defendants' First Set of Interrogatories ("Interrogatories") and responses to Defendants' First Set of Requests for Production ("Requests for Production"), both served on Plaintiffs on October 14, 2021, are incomplete and deficient.

We ask that you supplement these responses, as discussed in more detail below. Please consider this communication as continued "meet and confer" as required by the Local Rules.

**Invalid Objections Based on Purported "Confidential and Proprietary"**

As detailed below, several of the responses to both interrogatories and requests for production include objections based on the alleged confidential and proprietary nature of the information and documents sought, yet Plaintiffs provide no additional information. The objection is not specific or justified, and regardless, is capable of resolution by entry a joint confidentiality order.

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC 29202
www.nexsenpruet.com

**T** (803) 253-8279
**F** 803.727.1465
**E** AMacaulay@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

---

- Interrogatory Nos. 5-7, 9-13, and 15-18, and Requests for Production Nos. 7-10: Each of these responses includes an improper objection that the information and/or documents cannot be produced based on the purported confidential and proprietary nature of the answers or responses. With respect to the requests for production, Plaintiffs also did not indicate whether documents were withheld based on this (or other) purported objections as is required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34. Plaintiffs have not specified or offered any explanation about how or why the information or documents sought could constitute confidential or proprietary information that would be protected from disclosure in discovery. These responses need to be supplemented.

With regard to the information sought in the above-referenced interrogatories and requests to produce, Defendants have the right to discover the process by which the television ads at issue were created. This is a legitimate inquiry given the issues in this case.

Further, as stated previously, Defendants are amenable to entering into a joint confidentiality order, which would resolve the alleged issues surrounding any confidential or proprietary information. Please advise if you are agreeable to such a joint order, in addition to supplementing the responses.

**Improper General Objections**

Both Plaintiffs' answers to Interrogatories and responses to Requests for Production of Documents contain a broad set of general objections at the outset. Federal Rule of Civil Procedure 33(b)(4) requires that any objection be stated with specificity. Further, courts in this district have held that general objections are improper and serve as an effective waiver.

Accordingly, Plaintiffs' nonspecific, boilerplate objections to the discovery requests are meaningless and not permitted. *See Curtis v. Time Warner Ent.-Advance/Newhouse P'ship*, No. 3:12-CV-2370-JFA, 2013 WL 2099496, at *2 (D.S.C. May 14, 2013) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). To the extent the general objections are also incorporated into particular individual responses, such general objections are similarly improper and without merit. Please supplement Plaintiffs' responses and remove any and all general objections.

For example, the following of Plaintiffs' responses, but not limited to these, incorporate improper general objections:

---

- Requests for Production Nos. 1, 2, 3, 4 and 6, 7, 8, 9, 10: Each of these responses is incomplete and contains non-specific, generalized objections. These objections are improper and without merit.

More specifically, Plaintiffs' responses to each of these Requests for Production contain some variation of the following improper and deficient response:

> The request is overly broad, unduly burdensome, is not reasonably calculated to lead to admissible evidence or discoverable evidence. In addition, the requested information is confidential and proprietary and not relevant in this action because the content and substance of the television ads in question is not disputed.

As discussed, Plaintiffs' responses are deficient as they include impermissible, non-specific general objections, and further make unilateral proclamations about what is "relevant in this action." The information sought is discoverable under Fed. R. Civ. P. 26(b). Please supplement each of Plaintiffs' responses to Requests for Production Nos. 1, 2, 3, 4 and 6, 7, 8, 9, 10, along with any other answer to interrogatory or response to request that also includes such unsustainable general objections.

**Improper Objections Based on Irrelevance or Not Reasonably Calculated**

- Interrogatory Nos. 5-7, 9-13, and 15-18: Plaintiffs' answers to these interrogatories are deficient and contain improper objections, as explained below. Please supplement these answers.

Each of these answers contains some variation of the following combination of improper objections and conclusory statements:

> The interrogatory is overly broad and not reasonably calculated to lead to admissible evidence or discoverable information. John Hawkins is the lawyer responsible for the substance and contents of the ads in question. Moreover, the substance and contents of the ads is not disputed and is not in question. The "person(s) and/or company and/or other entity which originated the idea" for the ads is not relevant and is not reasonably calculated to lead to relevant or discoverable information. Moreover, the interrogatory seeks information that is confidential and proprietary and the interrogatory is objectionable on such grounds.

These answers are all deficient and incomplete. An objection that a discovery request is irrelevant, not reasonably calculated to lead to admissible evidence, or similar broad and generic language must include a specific explanation describing *why* and *how* the

request lacks relevance and why the information sought will not reasonably lead to admissible evidence. Fed. R. Civ. P. 33(b)(4). The Federal Rules allow for broad discovery that does not necessarily need to be admissible at trial. *See* Fed. R. Civ. P. 26(b); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978).

Similarly, and as explained above, general objections are not allowed, and each objection must be specific. Fed. R. Civ. P. 33(b)(4). In each of these responses, Plaintiffs have made unilateral determinations and conclusory statements claiming that certain information "is not at issue" or "is not discoverable." This information is discoverable, and Plaintiffs' unilateral decision that it is not is improper, and not specific. Please supplement these responses.

**Non-Specific Objections to Defendants' Requests for Production of Documents**

With respect to Plaintiffs' responses to Defendants' Requests for Production of Documents, as an initial matter, Plaintiffs object to seven out of ten of Defendants' Requests for Production, in addition to the "general objections," which are improperly set out at the beginning of Plaintiffs' responses (and also incorporated into essentially all of Plaintiffs' responses to Requests for Production).

Plaintiffs' responses do not comply with the Federal Rules of Civil Procedure. Not only are improper and meritless general objections raised, but Plaintiffs further do not indicate whether any documents were withheld pursuant to each objection, as is required by Federal Rule of Civil Procedure 34(b)(2)(C). That Rule provides that an "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Please supplement Plaintiffs' responses to comply with Federal Rule of Civil Procedure 34.

**Additional Incomplete and Evasive Interrogatory Answers**

The following interrogatories should be supplemented for the additional reason that they contain deficient, incomplete, and evasive answers, as explained below.

- Interrogatory No. 8: Plaintiffs' answer to Interrogatory No. 8 is incomplete and needs to be supplemented. This interrogatory asked you to identify *any and all* person(s) and/or company and/or other entity, by name and address, which approved each of the scripts for the 6 television advertisements which are the subject of ODC Matter No. 19-DE-L-1228. Plaintiffs' answer states simply that "John Hawkins ultimately approved the content." This answer is incomplete,

insufficient, and evasive. The interrogatory did not ask who ultimately approved the content, but asked for any and all person(s), entities, and/or companies approved of the scripts for each of the six scripts named. Plaintiffs did not otherwise object to this interrogatory. Please supplement Plaintiffs' answer.

- Interrogatory No. 14: The same is true of Plaintiffs' answer to Interrogatory No. 14, which asked for the same information with respect to the 47 television advertisements that are the subject of ODC Matter No. 18-DE-L-0241. Again, Plaintiffs responded only that "John Hawkins ultimately approved the content," with no additional information and no objection. This answer is evasive and insufficient. Please supplement Plaintiffs' answer.

- Interrogatory No. 19: This interrogatory asks Plaintiffs to identify the basis for the allegation that "Defendants *personally* find Plaintiffs' ads distasteful and unlikeable," as alleged in paragraph 35 of Plaintiff's complaint. Plaintiffs' response is conclusory, evasive, and insufficient because it merely states the same conclusory information contained in the complaint. Plaintiffs further did not identify what or who is referenced by the term "personally." Plaintiffs did not otherwise object to this interrogatory. Defendants are entitled to discover the basis upon which Plaintiffs rely upon in making these allegations. Please supplement this response.

- Interrogatory No. 20: Plaintiffs' answer to interrogatory No. 20 is deficient and insufficient for the same reasons set forth above in connection with Interrogatory No. 19.

- Interrogatory Nos. 22 and 23: Interrogatory No. 23 asks about a specific allegation contained in paragraphs 59 and 68 in Plaintiffs' complaint, in which Plaintiffs assert that Defendants "mak[e] no attempt to impose any such 'details of the severity' requirement on other ads by Plaintiffs and other South Carolina lawyers." Plaintiffs' answer merely references a response to an entirely separate interrogatory, and is incomplete and insufficient. Plaintiffs' answer to Interrogatory No. 22 is deficient for similar reasons. Please supplement these answers.

**Insufficient Objection based on Privilege**

- Request to Produce No. 4: Plaintiffs objected to this request claiming that it is "so broadly worded that it encompasses attorney client communications and attorney work product."

First, Plaintiffs need to indicate whether any documents were withheld pursuant to that objection, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Second, generalized objections asserting the protection of the attorney-client privilege or the work product doctrine do not comply with the Federal Rules. *See Curtis*, C/A No. 3:12-cv-2370-JFA, 2013 WL 2099496, at *5. Please supplement Plaintiffs' response and document production.

As set forth herein, Plaintiffs' responses to Defendants' First Set of Discovery Requests are deficient. Please indicate, by 12:00 noon on November 22, 2021, if you will supplement these responses. Please also indicate if you are willing to enter into a joint confidentiality order, as Defendants are willing to do, as that may alleviate some concerns with any confidentiality or proprietary information and/or documents. Absent sufficient and satisfactory supplemental responses and document production, Defendants may be forced to file a Motion to Compel.

Very truly yours,

Angus H. Macaulay