# EXHIBIT 6

# Law Offices of
# ROBERT DODSON, P.A.
1722 Main Street, Suite 200
Columbia, South Carolina 29201

Robert D. Dodson*
Attorney at Law

*Also Licensed
in North Carolina



Telephone: 803.252.2600
Facsimile: 803.310.2545

November 22, 2021
**VIA EMAIL ONLY**

Angus H. Macaulay, Jr., Esquire

    RE :    <u>Hawkins et. al. v. ODC et. al.</u>
               Docket No.: 3:21-cv-01319 JMC

Dear Angus:

    Please accept this letter in response to your letter of Friday, November 19, 2021. In general, and as discussed more fully below, we respectfully disagree with the substance and content of your letter. Please allow me to explain more fully.

    Interrogatories 5-7, 9-13 and 15-18 as well as RFPs 7-10 are objectionable as noted in our discovery responses to these specific requests. What is relevant in this case is the substance and contents of the ads themselves, not the process used to create the ads. In short, the ads in question speak for themselves and how the ads were created is not relevant to the substance and content of the ads themselves.

    Instead of being narrowly tailored to the issues in this case, these discovery requests (Ints. 5-7, 9-13, 15-18 and RFPs 7-10) are an effort by ODC to investigate additional matters related to my client's advertising in order to bootstrap their underlying charges to include violations of RFP, Rules 7.2(e) and/or 7.2(c). I will explain further.

    In April, Ericka Williams wrote to Michael Virzi requesting similar documentation and information related to its investigations. At that time, Michael correctly pointed out that Ericka's request for additional information exceeded the scope of ODC's authority. Now, six months later, ODC is attempting to use the pending federal court action to bootstrap its case once again. ODC's request wasn't proper in April and it isn't proper now either.

    Turning to page three of your letter and RFPs 1-4 and 6-10, it is not clear what documents you are seeking which you claim we have not produced. In addition to the objections, we identified and produced documentation responsive to most of these RFPs and I am not clear what

Page 1 of 3

other documentation you are seeking. For example, RFP asks for documents "evidencing or relating to any damages claimed…" However, we were clear in interrogatory responses that Plaintiffs were not seeking monetary damages aside from attorney's fees and costs at the conclusion of the case. It is just not clear to me what documents you think we need to produce in response to this RFP and the other RFPs identified in your letter. If you will specify with particularity exactly what other documents you are seeking, I will be happy to reconsider my response(s).

Turning to pages four and five of your letter and specifically interrogatories 8 and 14, it is not clear what information you are seeking. The ads in question are HawkLaw ads approved by John Hawkins. HawkLaw paid for the ads and John Hawkins approved the ads. I'm not sure what other information you want or expect.

These interrogatories (8 & 14) also appear related to the Williams/Virzi communications in April and ODC's efforts to add other allegations to the pending charges using discovery in this action as a vehicle for that. This is not proper and it is also a dead end. Michael Virzi was clear with Ericka Williams in April that HawkLaw pays for all of the ads in question. There is not another lawyer or law firm paying for the ads in question or paying for any other HawkLaw ads. The reason ODC has found no evidence of this is because no evidence exists. I am at a loss of how to prove a negative or convince ODC that its suspicion is wrong.

While I disagree with the contents of your letter as to interrogatories 19 and 20, I will supplemental Plaintiffs' Responses to these interrogatories in the next ten days.

I also disagree with the contents of your letter as to interrogatories 22 and 23. I will explain. I understand that ODC does not go looking for advertising violations and only acts on specific complaints it receives. Interrogatories 22 & 23 essentially ask for examples of other law firms who advertisement past settlements without giving details about the injuries giving rise to the settlements. Information responsive to the interrogatories can be obtained by doing a google search and opening the various websites from a google search of personal injury attorneys or like or similar search terms. Through discovery in this case, John Hawkins and HawkLaw are not going to do this google search and have their discovery responses in this case used as the basis for a complaint ODC brings against another lawyer or attorney. If ODC will agree that supplemental discovery responses to these interrogatories will not be the basis for ODC opening investigations of other lawyers or attorneys, Plaintiffs will also supplement their responses to these interrogatories in the next ten days.

As to your concerns about attorney client privilege and work product, the only documents being withheld are direct communications between me and my client and work that we have prepared. I have not prepared a privilege log of this information because it is clearly privileged and nothing in the applicable Rules of Civil Procedure requires me to identify every email, text message or telephone conversation with my clients.

Please contact me if you have additional questions or concerns. With kind regards, I am,

Very truly yours,

*s/ Robert D. Dodson*

Robert D. Dodson

RDD