IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>　　　　Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT THE SOUTH CAROLINA OFFICE OF DISCIPLINARY COUNSEL'S MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES** |

After many unsuccessful attempts to obtain complete responses to its discovery requests, Defendant The South Carolina Office of Disciplinary Counsel ("ODC") moved to compel Plaintiffs, John Hawkins and HawkLaw, PA ("Plaintiffs"), to respond to the ODC's First Set of Interrogatories and Requests for Production of Documents. *See* ECF No. 47. In its motion, the ODC set out the relevant procedural posture and explained its position that Plaintiffs have lodged improper objections to the ODC's discovery requests and have failed to respond fully and sufficiently to the ODC's Interrogatory Nos. 5–9, 11–13, 15, 17, 18, 22, and 23, and RFP Nos. 7–10. *Id.* However, Plaintiffs' response brief includes inflammatory and baseless accusations— including that the ODC is seeking "to disbar Mr. Hawkins" and that the ODC wants to use the discovery responses "for improper purposes" (ECF No. 56 at 1, 2, 7–9). Accordingly, the ODC is constrained to submit this reply to correct Plaintiffs' misstatements.[1]

---

[1] As this Court is aware, Defendants, The South Carolina Commission on Lawyer Conduct ("Commission") and the ODC, have moved to dismiss this action on *Younger* abstention grounds because of the ongoing state attorney disciplinary proceeding. *See* ECF Nos. 16, 26, 27, 29, 38, 55. In that state proceeding, which will be reviewed by the South Carolina Supreme Court, Mr. Hawkins has asserted *both facial and as applied constitutional challenges* to portions of the same South Carolina Rules of Professional Conduct, Rule 407, SCACR, being challenged here. While the motion is pending, Defendants are proceeding with discovery to comply with the deadlines set.

I.  ARGUMENT

A. **PLAINTIFFS ASSERT MISCHARACTERIZATIONS OF THE RECORD THAT SHOW A FUNDAMENTAL MISAPPREHENSION OF THE FACTS AND THE LAW.**

Plaintiffs repeatedly allege in their response that the "ODC is currently seeking [] to disbar Mr. Hawkins," "Defendants[] seek to disbar Mr. Hawkins," and the "ODC . . . seeks to disbar him." ECF No. 56 at 1, 2, 8. These statements are inaccurate and demonstrate a fundamental misunderstanding of the facts and applicable law. [2]

As Defendants have set out in prior filings and proceedings, the South Carolina Constitution gives the state's Supreme Court jurisdiction over the admission to the practice of law and over the discipline of those admitted. S.C. Const. Art. V, § 4. As such, the state's Supreme Court "has the *sole* authority to discipline attorneys and to decide the appropriate sanction after a thorough review of the record." *In the Matter of Thompson*, 539 S.E.2d 396, 401 (S.C. 2000) (emphasis added).  Attorney disciplinary proceedings are administered by the Supreme Court through the Commission and the ODC.[3]  Such a proceeding generally involves (1) an initial screening of a complaint received by the ODC; (2) a preliminary investigation; (3) a full

---

[2] Plaintiffs' insistence on addressing, albeit incorrectly, the substance of the underlying state disciplinary proceeding also emphasizes the importance of dismissing this matter on abstention grounds. *See, e.g., Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "[F]ederal intervention before a state court has had the opportunity to review an agency's decision . . . [creates] a disruption of the State's efforts to protect interests which it deems important." *Id.* at 166 (internal quotation marks omitted). The purpose of abstention is "to ensure that state courts may construe state law in a way that avoids unwarranted determinations of federal constitutional questions and to maintain comity between the state and federal courts." *Id.*

[3] The Commission was created with the adoption of the Rules for Lawyer Disciplinary Enforcement ("RLDE"), which are found in Rule 413 of the South Carolina Appellate Court Rules ("SCACR"). The Commission is responsible for investigating and holding hearings on charges. *See* Rules 3(a), (c), 4(f), (g), RLDE, Rule 413, SCACR. The Supreme Court also appoints a member of the South Carolina Bar to serve as disciplinary counsel in the ODC, whose Office receives, screens, and investigates complaints, and prosecutes any charges. *See* Rule 5(a), (b), RLDE, Rule 413, SCACR.

investigation by the ODC; and, then, (4) formal charges if authorized by the Commission. *See* Rules 19, 23, 25, 26, and 27, RLDE; Rule 413, SCACR. If formal charges are filed, the attorney subject to the proceedings is permitted to conduct discovery. *See* Rules 9 and 25, RLDE, Rule 413, SCACR.  At any time during the proceedings, the lawyer and the ODC may reach an agreement about the imposition of a sanction or the issuance of a letter of caution in exchange for the lawyer's admission of some or all of the allegations of misconduct at issue. *See* Rule 21, RLDE; 413, SCACR. If no agreement is reached with the lawyer, a hearing is conducted before a hearing panel of the Commission once discovery is complete. *Id.*  The Commission panel will issue a report that includes findings of fact, as well as findings of misconduct and recommended sanctions, if any, and will submit the report to the South Carolina Supreme Court for review.  Either party may take exceptions to the hearing panel's report and file a brief in support of those exceptions. The Supreme Court may accept, reject, or modify the recommendations by the Commission, with or without oral argument. *See, e.g., In the Matter of Marshall*, 498 S.E.2d 869, 871 (S.C. 1998) (holding that "this Court may make its own findings of fact and conclusions of law"). The ODC must prove a disciplinary violation by clear and convincing evidence. *In the Matter of Greene*, 638 S.E.2d 677, 682 (S.C. 2006); *see* Rule 8, RLDE, Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").

In the underlying attorney-disciplinary matter, the investigation of complaints the ODC received concerning Mr. Hawkins' TV advertising culminated in the authorization and filing of Formal Charges against Mr. Hawkins. In those Formal Charges, the ODC asks that the "Commission recommend to the [South Carolina Supreme] Court the imposition of one or more of the public sanctions as set out in Rule 7(b) RLDE, including but not limited to, assessment

against the Respondent of the cost of the proceedings in this matter as permitted in Rule 7(b)(6), RLDE." However, beyond citing to Rule 7(b), RLDE, which lists *all* sanctions available to the South Carolina Supreme Court, including but not limited to the assessment of a fine, assessment of the costs of the proceedings, or an admonition, as well as disbarment, neither the ODC nor the Commission has *ever* stated that they "seek to disbar Mr. Hawkins" as Plaintiffs purport.

Furthermore, a review of attorney-disciplinary matters makes abundantly clear that the Supreme Court does *not disbar* attorneys licensed in South Carolina on the sole basis that the attorney has violated the provisions of Rule 7.1 and Rule 7.2 in an advertisement. *See, e.g., Matter of Lord,* 807 S.E.2d 696, 699 (S.C. 2017) (imposing a public reprimand for attorney who violated various provisions of Rules 7.1 and 7.2 and a number of other rules); *Matter of Emery*, 799 S.E.2d 295, 303 (S.C. 2017) (imposing public reprimand for violations of various advertising rules, including Rules 7.1 and 7.2); *Matter of Bacon*, 799 S.E.2d 290, 294 (S.C. 2017) (imposing a six-month suspension for attorney who, in addition to violating Rule 7.1(c) by making false or misleading claims in advertisements, also violated rule 5.5 by accepting clients in jurisdictions where he was not licensed and Rule 7.4(b) by using the term "expert" in his advertisements); *compare, In the Matter of Van Son*, 742 S.E.2d 660 (S.C. 2013) (barring for a period of five years an *out-of-state* lawyer from admission in this state and from advertising or soliciting clients in South Carolina after finding that the lawyer violated Rules 7.1, 7.3, and 8.1(b) when he sent solicitation letters to S.C. residents and after he also failed to cooperate with ODC's investigation).

In fact, in the only (nearly forty-year-old) case found that involved lawyer advertising and disbarment, the Supreme Court determined, citing a prior version of lawyer disciplinary rules, that a lawyer who had been suspended should be disbarred because he "*repeatedly* neglected legal matters entrusted to him." *Matter of Burgess*, 302 S.E.2d 325, 326 (S.C. 1983) (emphasis in

4

original). The Court made clear, "[i]ndependent of the advertisements found to be inappropriate, the repeated failure of the respondent to perform his duty incident to the several bankruptcy cases, forces the conclusion that this Court would not, at some future date, be justified in reinstating this attorney." *Id.* at 327.  Further it must be noted that the only sanction available under that prior version of the rules was indefinite suspension or disbarment based on the attorney's prior disciplinary history.  *Id.* at 326.

For all of these reasons, Plaintiffs' repeated allegations that the "ODC is currently seeking [] to disbar Mr. Hawkins," "Defendants[] seek to disbar Mr. Hawkins," and the "ODC . . . seeks to disbar him" incorrectly characterize the state proceedings, demonstrate a fundamental misunderstanding of the facts and applicable law, and should be disregarded or rejected by the Court in evaluating the motion to compel.

### B. PLAINTIFFS ASSERT ACCUSATIONS OF IMPROPER MOTIVES WITHOUT ANY FOUNDATION.

Plaintiffs' response also alleges that Defendants are using discovery here "for improper purposes." ECF No. 56 at 7. More specifically, Plaintiffs allege that Defendants are "attempting to use discovery in this case to start formal investigations they could not otherwise start," so "Defendants are asking these interrogatories so they can use Plaintiffs' responses as a complaint against other attorneys." ECF No. 56 at 7–9; *see also* ECF No. 56 at 1, 2. In other words, Plaintiffs purport that Defendants will use Plaintiffs' discovery responses as complaints of attorney misconduct, with either Plaintiffs or Plaintiffs' counsel as complainants. These assertions are legally incorrect and must be rejected for several reasons. Among those:

First, although the ODC does not ordinarily seek out investigations absent a written complaint, there is nothing in the Rules that precludes the ODC from investigating potential

misconduct on its own. To that point, the S.C. Rules for Lawyer Disciplinary Enforcement define a complaint as follows:

> **(e) Complaint:** information *in any form from any source* received by disciplinary counsel that alleges, or from which a reasonable inference can be drawn, that a lawyer committed misconduct or is incapacitated. *If there is no written complaint from another person, disciplinary counsel's written statement of the allegations constitutes the complaint.*

Rule 2(e), RLDE, Rule 413, SCACR (emphasis added). As such, Plaintiffs' allegations of "improper purposes" and of using discovery here to start investigations that they allege Defendants "*could not otherwise start*" have no basis in the applicable law, and must be rejected.

Second, it is the Plaintiffs who claim that Defendants purportedly are enforcing the Rules against them but not against "other South Carolina lawyers" who they allege are doing the "same thing." ECF No. 56 at 8; *see also* ECF No. 1 at ¶¶ 49, 57, 59–60, 68–69. More specifically, Plaintiffs have alleged in their Complaint that Defendants are "selectively" imposing requirements on Plaintiffs' advertisements, while making "no attempt to impose" any such requirements on "other South Carolina lawyers." ECF No. 1 at ¶¶ 59–60, 68–69. Plaintiffs cannot legitimately allege "improper purposes" when Defendants are seeking to discover the alleged basis for Plaintiffs' assertions. *See* Fed. R. Civ. P. 26(b)(1).

The ODC also notes its objection to other baseless assertions by Plaintiffs. For one, the ODC objects to the assertion that responding to the discovery requests would require Plaintiffs "to bear false witness against other members of the bar." *See* ECF No. 56 at 9. Defendants are entitled to discovery related to Plaintiffs' claims, and the ODC objects to any suggestion that Defendants would require Plaintiffs' to bear "false witness." The ODC further asks that the Court reject Plaintiffs' allegation that "Defendants['] true intentions are clear" just because Defendants would not agree to making Plaintiffs' responses to discovery contingent upon some type of assurance

6

from the ODC. *Id.* That is not the standard for discovery, and Defendants cannot, as a matter of public policy, agree effectively to "immunize" various unknown attorneys from the Rules of Professional Conduct, as Plaintiffs seem to be seeking. Defendants' unwillingness to agree to such a deal sought by Plaintiffs should not be used by Plaintiffs to allege improper motives.

Accordingly, Plaintiffs' baseless allegations of improper motive must be rejected or disregarded.

**C.     PLAINTIFFS' RESPONSE TO THE ODC'S MOTION TO COMPEL DOES NOT SUBSTANTIATE THEIR OBJECTIONS SO AS TO MEET THEIR BURDEN OF PERSUASION.**

Ultimately, Plaintiffs' response fails to substantiate their objections to the ODC's discovery requests. Most notably, Plaintiffs improperly suggest the ODC is not entitled to certain discovery responses because "all they have to do is walk a few blocks from the Courthouse or do a google search," or because "a quick stroll from the Matthew J. Perry, Jr. Courthouse or a google search would give them the information they are seeking**.**" ECF No. 56 at 2, 8. Plaintiffs also object on relevance and burdensome grounds without sufficient specificity, essentially alleging that the ODC is not entitled to certain discovery responses because Plaintiffs say so. *Id.* at 3 –7.

Rule 26(b)(1) provides that discovery may be obtained regarding any non-privileged matter that is relevant to the claims or defenses of any party. Fed. R. Civ. P. 26(b)(1); *see also Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018) (citations omitted). The rule is to be construed broadly to encompass any possibility that the requested information is relevant. *See Giblin v. Nat'l Multiple Sclerosis Soc'y, Inc.*, No. 3:07-CV-431, 2008 WL 3876154, *1 (W.D.N.C. Aug. 18, 2008) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting

discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C 2010) (collecting cases). "'A party to civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information.'" *VICA Coal Co., Inc. v. Crosby*, 212 F.R.D. 498, 506 (S.D. W.Va. 2003).

Here, Plaintiffs' objections to the ODC's discovery requests fail to meet these standards, and Plaintiffs' response to the ODC's motion to compel has not sufficiently substantiated their objections so as to meet their burden of persuasion. Run a "google search" is not an appropriate response, particularly when a defendant seeks discovery related to an allegation raised by the plaintiffs in the plaintiffs' own complaint. As such, Plaintiffs should be compelled to respond fully and adequately to the ODC's requests for discovery. At minimum, Plaintiffs should be compelled to make a good faith effort to answer the questions posed and conduct a reasonable and conscientious search to provide the documents requested. See *Hayes v. Mazda Motor Corp.*, No. CIV WMN-97-4378, 2000 WL 33208121 (D. Md. Aug. 7, 2000) (compelling response after reminding litigant that it was "under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort [it] is unsuccessful, [its] answer should recite in detail the attempts which [it] made to acquire the information").

## II. CONCLUSION

For all of these reasons, Defendant the South Carolina Office of Disciplinary Counsel, respectfully asks that the Court grant its Motion to Compel Plaintiffs' Discovery Responses.

Respectfully submitted,

s/ Angus H. Macaulay
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12891
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

January 25, 2022
Columbia, South Carolina