IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Hawkins and HawkLaw, PA, | ) | C/A No.:3:21-01319-JMC |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' MEMORANDUM OF** |
| | ) | **LAW IN SUPPORT OF MOTION FOR** |
| v. | ) | **RECONSIDERATION** |
| | ) | |
| The South Carolina Commission on | ) | |
| Lawyer Conduct and The South Carolina | ) | |
| Office of Disciplinary Counsel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NATURE OF CASE AND STATEMENT OF FACTS

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 making facial and as applied challenges based on the First and Fourteenth Amendment. For purposes of this Motion, the Complaint makes a facial challenge to 7.1(e) of the South Carolina Rules of Professional Conduct (hereinafter "RPC"). There are no state court proceedings that allege Plaintiffs violated Rule 7.1(e). Defendants have closed their investigation and dismissed with prejudice any and all charges where they allege Plaintiffs violated Rule 7.1(e).

For purposes of this Motion, the Complaint also makes an as applied challenge to Rule 7.1(c) related to advertisements utilizing the phrase "expect more." As to that phrase, the South Carolina Office of Disciplinary Counsel (hereinafter ODC), issued a letter caution and fully closed its investigation in 2015. Since that time, Plaintiffs have refrained from utilizing the phrase "expect more" in advertising fearing further disciplinary action from Defendants. But, at all times relevant to this case the formal investigations and Formal Charges were concluded and closed with the 2015 letter of caution.

## **ARGUMENT**

In its Order and Opinion, the court dismissed Plaintiffs' facial challenge to Rule 7.1(e) and as applied challenge to Rule 7.1(c) reasoning these claims were "sufficiently intertwined" with other claims.  Order and Opinion, p. 8 citations omitted.  The court concluded that: "the existence of parallel state proceedings involving these parties and issues" mandated dismissal under the *Younger* abstention exception.  Order and Opinion, p. 9.  Plaintiffs request that the court reconsider this portion of its Order and Opinion for multiple reasons.

First, "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 590, L. Ed. 2d 505 (2013)(quoting *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).  More importantly for purposes of this Motion and the Motion to Dismiss, "Parallel state-court proceedings *do not* detract from that obligation."  Id. (emphasis added).  In this case and as the court correctly noted:  "In 2015, the ODC investigation concluded with a letter of caution' to Hawkins warning him against use of the phrase 'expect more' in future advertisements."  Order and Opinion, p. 3.  As this court also noted the Formal Charges brought for violation of Rule 7.1(e) were dismissed with prejudice.  Order and Opinion, p. 4.  Because these two issues were dismissed and resolved by Defendants, these two issues cannot be "intertwined" with anything currently pending in the state court matter.  At most they are "Parallel state-court proceedings [that] do not detract from [the federal court's] obligation"… "to hear and decide a case…" *Sprint* at 590 citations omitted.

The fact that ODC has no pending investigations or charges related to either of these claims leads to the next reason the court should reconsider its Order and Opinion.  Specifically, as to these two issues the court is not being asked to interfere with any pending state judicial

proceeding.  In this case, there are no state judicial proceedings related to Rule 7.1(e) or

Plaintiffs' Rule 7.1(c) as applied challenge related to the advertising phrase "expert more."  As

Defense Counsel wrote in their original Memorandum in Support of Defendants' Motion to

Dismiss "The *Younger* doctrine captures a 'strong federal policy against federal-court

interference with pending state judicial proceedings…'"  Defendants' Memorandum, p. 6.

However, as to these two claims that "strong federal policy" is not implicated because the court

is not being asked to interfere in any "pending state judicial proceedings."  Neither Plaintiff is

charged with or being investigated related to 7.1(e) nor is there any "pending state judicial

proceeding" related to the phrase "expect more."

## <u>CONCLUSION</u>

For the reasons outlined above, Plaintiffs respectfully request that the court reconsider its

Order and Opinion and allow Plaintiffs to prosecute their facial challenges to Rule 7.1(e) and as

applied challenges related to Rule 7.1(c) related to the advertising phrase "expect more."

Respectfully submitted,


<u>s/ Robert D. Dodson</u>
Robert D. Dodson
Federal I.D. Number 7249
Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, SC  29201
Telephone (803) 252-2600
Facsimile (803) 310-2545
Email: rdodson@rdodsonlaw.com


Columbia, South Carolina
March 15, 2022