**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| John Hawkins and HawkLaw, PA,<br><br>            Plaintiffs,<br><br>vs.<br><br>The South Carolina Commission on Lawyer Conduct and The South Carolina Office of Disciplinary Counsel,<br><br>            Defendants. | Civil Action No. 3:21-cv-01319-JMC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |

Defendants, the South Carolina Commission on Lawyer Conduct ("Commission") and the South Carolina Office of Disciplinary Counsel ("ODC") (collectively, "Defendants"), respectfully submit this response in opposition to the Motion for Reconsideration filed under Rule 59(e) of the Federal Rules of Civil Procedure by Plaintiffs, John Hawkins and HawkLaw, PA (collectively, "Plaintiffs") (hereinafter, "Plaintiffs' Motion"). *See* ECF Nos. 62, 62-1.

Specifically, and as set out further below, Defendants submit that the Court should deny Plaintiffs' Motion because it:

(1)     Fails to meet the standards for the "extraordinary remedy" of altering or amending a judgment under Rule 59(e)—indeed, Plaintiffs' Motion does not even mention those standards.

(2)     Impermissibly attempts to rehash Plaintiffs' failing arguments that have already been considered and squarely rejected by the Court. And,

(3)     Even if the Court were to consider Plaintiffs' arguments, fails to articulate a meritorious basis for altering or amending the dismissal of this case under the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971).

I.     **RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs filed this action against Defendants on May 4, 2021, challenging the constitutionality of South Carolina's Rules of Professional Conduct for attorneys and requesting declaratory and injunctive relief under 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiffs, an attorney licensed in South Carolina and a law firm organized under the laws of South Carolina, alleged that Defendants had implemented and attempted to enforce various S.C. Rules of Professional Conduct regulating their commercial speech in violation of the First and Fourteenth Amendments. *Id.* More specifically, Plaintiffs asserted claims alleging that Rule 7.1(e), RPC, Rule 407, SCACR, is facially unconstitutional and unconstitutional as applied to Plaintiffs; that portions of Rule 7.2(a), RPC, Rule 407, SCACR, are facially unconstitutional and unconstitutional as applied to Plaintiffs' television advertisements; Rule 7.1(c), RPC, Rule 407, SCACR, is facially unconstitutional and unconstitutional as applied to Plaintiffs' advertisements; and that Defendants' "selective enforcement" of Rules 7.1 and 7.2 as to particular advertisements is unconstitutional. ECF No. 1 at 4–12 ¶¶ 20–71.

Defendants moved to dismiss the Complaint based on the *Younger* abstention doctrine and pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. *See* ECF Nos. 26, 26-1 (hereinafter, "Motion to Dismiss"). In their Motion to Dismiss and in the subsequent hearing on the Motion to Dismiss, Defendants pointed to the ongoing attorney disciplinary proceedings brought by Defendants, they set out the well-established jurisprudence on the *Younger* abstention doctrine, and they urged the Court to abstain under *Younger* when—as is the case here—there is an ongoing state proceeding that is judicial in nature, implicates important state interests, and

provides an adequate opportunity for Plaintiffs to raise their constitutional challenges.[1] *Id; see also* ECF No. 55. On February 17, 2022, the Court granted the Motion to Dismiss and dismissed this action based on *Younger*. ECF No. 60.

On March 15, 2022, Plaintiffs moved for reconsideration under Rule 59(e). *See* ECF Nos. 62, 62-1. Specifically, Plaintiffs' Motion sets out:

> Pursuant to Rule 59(e), FRCP, Plaintiffs move the court to reconsider its Order and Opinion dated February 17, 2022. This motion is limited to reconsideration of those portions of the Order and Opinion dismissing Plaintiffs' facial challenges to Rule 7.1(e) of the South Carolina Rules of Professional Conduct and Plaintiffs' as applied challenges related to Rule 7.1(c) of the Rules of Professional related to the use of the phrase "expect more" in advertising. As explained more fully in Plaintiffs' supporting Memorandum of Law there are no pending charges or investigations in the state court action related to those two claims. Thus, those two claims are not "intertwined" with any state court proceedings because there are no state court proceedings related to those claims.

ECF No. 62. Because Plaintiffs' Motion is patently insufficient and has neither factual nor legal basis, Defendants respond in opposition and respectfully ask that the Court deny it outright.

## II. PLAINTIFFS DO NOT—AND CANNOT—MEET THE STANDARDS FOR THE "EXTRAORDINARY REMEDY" OF ALTERING OR AMENDING THE JUDGMENT UNDER RULE 59(e).

Under Rule 59(e), this Court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). With respect to the third prong, the Fourth Circuit Court of Appeals has held that a "prior decision does not qualify for this third exception by being 'just maybe or probably

---

[1] It is well established that, if these elements are satisfied, a district court should abstain unless there is a showing of bad faith, harassment, or some other extraordinary circumstance—circumstances neither alleged nor otherwise present in the action—that would make abstention inappropriate. *See Middlesex Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

wrong' . . . It must be 'dead wrong.'" *TFWS, Inc., v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *BellSouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995)) (quoting *Parts & Elec. Motors, Inc., v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). As such, reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citation and quotation omitted); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 376 (4th Cir. 2012).

**A.     Plaintiffs fail to meet—or even mention—the standards for altering or amending the judgment under Rule 59(e) and impermissibly attempt to rehash failing arguments already considered and squarely rejected by the Court.**

Plaintiffs do not allege, much less demonstrate, a change in the law or that new evidence has been discovered—nor that the dismissal under *Younger* was "clear error of law" or has wrought a "manifest injustice." *See* ECF Nos. 62, 62-1.  Instead, Plaintiffs merely repeat a few perfunctory and meritless arguments to suggest that the Court should reconsider the portion of its Order and Opinion that dismissed "Plaintiffs' facial challenge to Rule 7.1(e) and as applied challenge to Rule 7.1(c)." *See* ECF No. 62-1 at 2.  Because this is patently insufficient under Rule 59(e), the Court need not evaluate Plaintiffs' Motion further and should deny it outright.

A motion to reconsider may not be used as a "'vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind.'" *Wojcicki v. SCANA/SCE&G*, No. 3:14-CV-00838-JMC, 2017 WL 3405057, at *2 (D.S.C. Aug. 9, 2017), *aff'd*, 947 F.3d 240 (4th Cir. 2020) (quoting *Lyles v. Reynolds*, Case No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008))); *see also Melendez v.*

4

*Sebelius*, 611 F. App'x 762, 764 (4th Cir. 2015) (quoting *Exxon Shipping Co.*, 554 U.S. at 486 n.5) (affirming that "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment'").  Litigants also may not move to reconsider a court's decision merely because they are unhappy with the outcome. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993) ("While plaintiffs disagreed with how the district court applied the . . . standard, mere disagreement does not support a Rule 59(e) motion."); *McCall v. Williams*, 59 F. Supp.2d 556, 558 (D.S.C. 1999) (rejecting motion to reconsider because a disagreement with how the law was applied did not support a Rule 59(e) motion); *Carlson v. Ferguson*, 9 F. Supp.2d 654, 657 (S.D. W.Va. 1998) ("After reviewing the basis for Respondents' Rule 59(e) motion, it is apparent that Respondents are not asking the Court to amend its judgment; they are petitioning the Court to alter its analysis. Mere disagreement with a Court's analysis or application of a statute does not support a Rule 59(e) motion.").

Here, beyond a mere citation, Plaintiffs make no mention of Rule 59(e), and they make no attempt to show that they have met the narrow set of circumstances where this "extraordinary remedy" might even be considered.  *See* ECF Nos. 62, 62-1. Plaintiffs do not allege that the Court has overlooked important new evidence. *Id*. They do not allege a change in the controlling law. *Id.* In fact, they only include two case citations, both of which Plaintiffs already cited in the prior briefing. ECF No. 62-1 at 2. Further, Defendants do not allege that the dismissal of Plaintiffs' claims under *Younger* was "clear error of law," much less that there has been "manifest injustice." *See* ECF Nos. 62, 62-1.

Rather, Plaintiffs seemingly want the Court to reconsider a portion of its Order and Opinion because they are not pleased with the outcome. More specifically, Plaintiffs are dissatisfied with, and seek reconsideration of, the Court's accurate analysis and conclusion that, for purposes of the

5

*Younger* abstention doctrine, there is in fact an ongoing state judicial proceeding where Plaintiffs can present their facial challenge of Rule 7.1(e) and as-applied challenge of Rule 7.1(c). *See* ECF No. 62-1 at 2–3; *see also* ECF No. 60 at 8–9.

In doing so, Plaintiffs also merely assert the same flawed arguments the Court already considered and rejected when it granted the Motion to Dismiss. More specifically, Plaintiffs state in pertinent part that the Court should reconsider its Order and Opinion on the grounds that,

> ODC has no pending investigations or charges related to either of these claims. . . . Specifically, as to these two issues the court is not being asked to interfere with any pending state judicial proceeding. In this case, there are no state judicial proceedings related to Rule 7.1(e) or Plaintiffs' Rule 7.1(c) as applied challenge related to the advertising phrase "expert more." . . . Neither Plaintiff is charged with or being investigated related to 7.1(e) nor is there any "pending state judicial proceeding" related to the phrase "expect more."

*Compare* ECF No. 62-1 at 2–3, *and* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion To Dismiss, ECF No. 28 at 7 ("Plaintiffs' facial challenges to Rule 7.1(e) also fall outside an 'on going state judicial proceeding' because Defendants are not currently pursuing any charges or investigations of Plaintiffs based on an alleged violation Rule 7.1(e). The only charges based on Rule 7.1(e) were dismissed with prejudice."), at 8 ("Plaintiffs' as applied challenges related to the ads containing the phrase "expect more" are not part of ODC's Formal Charges. . . . Thus, the as applied challenges to the 'expect more' phrase fall outside the Younger abstention doctrine because there is no "on going state judicial proceeding.").[2]

---

[2] Plaintiffs also have included an argument that Plaintiffs' facial challenge of Rule 7.1(e) and as-applied challenge of Rule 7.1(c) should not be dismissed on the grounds that they are purportedly not "'intertwined' with any state court proceedings because there are no state court proceedings related to those claims." *See* ECF Nos. 62; 62-1 at 2. However, that argument misconstrues the Court's holding and conflates the law on whether there is an ongoing state judicial proceeding under *Younger*, with the law on when *Younger* abstention extends to third-parties. *See* ECF No. 60 at 8 (internal quotations and citation omitted) (discussing the circumstances where, as here, *Younger* "may apply to the claims of *third-parties* who are not directly involved in any pending state proceeding" (emphasis added)).

To that point, the Court expressly stated in its Order and Opinion that it considered and rejected Plaintiffs' arguments: "Plaintiffs also argue that abstention is not appropriate because their claims regarding provisions (c) and (e) of Rule of Professional Conduct 7.1 are not at issue in any state court proceeding as a result of Defendants' dismissal of the charges against Hawkins based upon those provisions." ECF No. 60 at 9 (citing Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion To Dismiss, ECF No. 28 at 10)). "However, this argument does not negate the existence of parallel state proceedings involving these parties and issues." *Id.* Accordingly, the Court held that Defendants' dismissal of the charges against Mr. Hawkins related to Rule 7.1(e) and Rule 7.1(c) in the underlying proceedings did "not nullify the existence of parallel state proceedings in which their federal claims could be presented." *Id.*

Plaintiffs have failed under Rule 59(e) to allege or demonstrate a change in law, or that new evidence has been discovered. They have failed to allege or demonstrate that the dismissal under *Younger* was "clear error of law" or has wrought a "manifest injustice." Finally, they impermissibly attempt to relitigate failing arguments the Court have considered and rejected. Therefore, the Court should deny Plaintiffs' Motion outright.

**B.     Even if considered, Plaintiffs' Motion fails to articulate a substantive basis for altering or amending the dismissal of this case under the *Younger* abstention doctrine.**

Even if Plaintiffs' Motion is properly before the Court under Rule 59(e), Plaintiffs' arguments nonetheless fail to articulate any grounds for altering or amending the judgment. The reason is simply that the Court's decision to dismiss all claims based on the *Younger* abstention doctrine was correct under the applicable law and facts.

The *Younger* abstention doctrine applies to a narrow category of cases, including state attorney disciplinary proceedings like the one here. *Sprint Comms. v. Jacobs*, 571 U.S. 69, 81

(2013) (citing *Middlesex*, 457 U.S. at 433–35). Under the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, if there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests, and that (3) provides a plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex*, 457 U.S. at 432–34.

> 1. With respect to an ongoing state judicial proceeding, the relevant inquiry under *Younger* is whether claims *can* be asserted, not whether they have been asserted.

Here, Plaintiffs' Motion takes issue with the portion of the Court's Order and Opinion dismissing Plaintiffs' facial challenge of Rule 7.1(e) and as-applied challenge of Rule 7.1(c). *See* ECF No. 62-1 at 2–3. While their arguments are ambiguous,[3] Plaintiffs' position appears to be that those two challenges should not have been dismissed under *Younger* because Defendants' dismissal of charges against Mr. Hawkins based upon Rules 7.1(c) and 7.1(e) in the disciplinary proceeding purportedly means that there is no longer an ongoing state judicial proceeding for those challenges. *See id.*

In addition to being a repeat of Plaintiffs' prior arguments, these arguments are plain wrong. As the Court correctly concluded, "Defendants' dismissal of the charges against Hawkins premised upon some of the challenged provisions of the Rules of Professional Conduct does *not* nullify the existence of parallel state proceedings in which their federal claims could be presented." *See* ECF No. 60 at 9 (emphasis added). Rather, the Court correctly held that the relevant inquiry is not whether claims, such as the challenges at issue here, have been asserted and are pending in

---

[3] As noted in Footnote 2, *supra*, Plaintiffs appear to misconstrue the Court's Order and Opinion, and they conflate the law on whether there is an ongoing state judicial proceeding under *Younger*, with the law on when *Younger* abstention extends to third-parties.

an ongoing state judicial proceeding, but whether they *can be asserted* in the ongoing state proceeding. "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been *or could be presented* in ongoing state judicial proceedings that concern important state interests." *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984) (emphasis added) (citing *Middlesex*, 457 U.S. at 432–37); *see also Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 54 (4th Cir. 1989) (citing *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir.1986)) (finding that district court erred by not abstaining and recognizing that the *Younger* "abstention condition is merely that there be a pending state proceeding in which an *opportunity* to raise the constitutional challenge will be available to the federal plaintiff" (emphasis added)).

As such, the Court correctly concluded that Plaintiffs have ample opportunity to raise all of their constitutional claims—including Plaintiffs' facial challenge of Rule 7.1(e) and as-applied challenge of Rule 7.1(c)—in the ongoing state attorney disciplinary proceeding. *See* ECF No. 60 at 7 (citing *Bieber v. S.C. Comm'n on Lawyer Conduct*, No. 6:08-cv-002215, 2008 WL 4442629, at *3 (D.S.C. Sept. 24, 2008) ("Nothing in the disciplinary rules bars Plaintiff from raising his First Amendment challenges."). The Court also correctly concluded that Plaintiffs—whose burden it is to show a clear state-law prohibition against raising the claims in the state proceeding—had failed to "set forth any law or other obstruction to their ability to raise these claims." *Id.* (citing *Middlesex*, 457 U.S. at 436; *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 78 (2d Cir. 2003); *Ohio Civ. Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986)).

Accordingly, the Court should reject Plaintiffs' argument that their facial challenge of Rule 7.1(e) and as-applied challenge of Rule 7.1(c) should not have been dismissed under *Younger*, and should deny Plaintiffs' Motion.

2.  Inquiry into whether claims are "sufficiently intertwined" relates to whether *Younger* extends to claims of third-parties not directly involved in a pending state proceeding, *not* to whether there is an ongoing state proceeding.

Finally, to the extent Plaintiffs are challenging the Court's findings and conclusions relating to whether claims were "sufficiently intertwined," those arguments fail as well.[4]

It is well established that the *Younger* abstention doctrine may extend to the claims of third-parties who are not directly involved in any pending state proceeding in some circumstances, as the Court thoroughly explained in its Order and Opinion. *See* ECF No. 60 at 8–9 (citing *Spargo*, 351 F.3d at 82). In *Spargo*, the Second Circuit Court of Appeals analyzed whether the *Younger* abstention doctrine applied to the constitutional challenges to certain state rules of judicial conduct brought by a state judge and two political supporters. After it determined the *Younger* abstention doctrine applied to the state judge's claims, the court considered whether the claims of the political supporters were "sufficiently intertwined" with those of the state judge to make abstention applicable to all of the claims. *Id.* at 75–82. Ultimately, the court concluded that, because the judicial conduct rules did not apply to the political supporters, their claims were "entirely derivative" of the state judge's claims. *Id.* at 83. As such, the court found that the legal analysis of the plaintiffs' claims was "unavoidably intertwined and inseparable[,]" and the case presented "one of the narrow circumstances in which *Younger* may properly extend to bar claims of third-parties who are not directly involved in the pending state action." *Id.* at 84; *see also Citizens for a Strong*

---

[4] Plaintiffs' Motion makes three references to the term "intertwined":

(1) First, it states that the "two claims are not 'intertwined' with any state court proceedings because there are no state court proceedings related to those claims." ECF No. 62.
(2) Second, and in what appears to be a misstatement, it states that the Court "dismissed Plaintiffs' facial challenge to Rule 7.1(e) and as applied challenge to Rule 7.1(c) reasoning these claims were 'sufficiently intertwined' with other claims." ECF No. 62-1 at 2.
(3) Third, it states that, "Because these two issues were dismissed and resolved by Defendants, these two issues cannot be 'intertwined' with anything currently pending in the state court matter." *Id.*

*Ohio v. Marsh*, 123 F. App'x 630, 635–36 (6th Cir. 2005) (affirming district court's dismissal of federal matter based on *Younger* abstention, and consideration of "non-parties" to a state court proceeding named as plaintiffs in the case); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1230 (10th Cir. 2004) (holding that, "when in essence only one claim is at stake and the legally distinct party to the federal proceeding is merely an alter ego of a party in state court, *Younger* applies" (citations omitted)); *Colonial First Props., LLC v. Henrico Cnty. Va.*, 236 F. Supp. 2d 588, 601 (E.D. Va. 2002) ("Under the derivative abstention doctrine, *Younger* abstention may be appropriate in cases where the plaintiff in the federal proceeding is not a party to the state proceeding, so long as there is a sufficient nexus between the federal plaintiff and those named as defendants in the pending state court proceeding.").

Based on this jurisprudence, the Court correctly rejected Plaintiffs' argument that *Younger* abstention is not appropriate because HawkLaw, PA, was not a party to any pending state court proceeding. *See* ECF No. 60 at 8 (citing ECF No. 28 at 9)). The Court found that, like the political supporters in *Spargo*, HawkLaw, PA, is not subject to the Rules of Professional Conduct, and, therefore, "its claims are 'entirely derivative'" of Mr. Hawkins' claims. *Id.* at 8–9. In other words, the Court found that "Plaintiffs' claims are 'unavoidably intertwined and inseparable' and this case fits into one of the narrow circumstances where it is appropriate to extend *Younger* abstention to all of Plaintiffs' claims." *Id.* at 9.

Accordingly, to the extent Plaintiffs are challenging the Court's findings and conclusions relating to whether claims were "sufficiently intertwined," the Court should reject those arguments and deny Plaintiffs' Motion.

### III.  CONCLUSION

For the reasons set out above, Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel, respectfully ask that the Court deny the Motion for Reconsideration filed under Rule 59(e) of the Federal Rules of Civil Procedure by Plaintiffs, John Hawkins and HawkLaw, PA.

Respectfully submitted,

s/ Sara S. Svedberg
Susi P. McWilliams, Fed. ID No. 3351
smcwilliams@nexsenpruet.com
Angus H. Macaulay, Fed. ID No. 5248
amacaulay@nexsenpruet.com
Sara S. Svedberg, Fed. ID No. 11928
ssvedberg@nexsenpruet.com
Brittany N. Clark, Fed. ID No. 12981
bclark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Counsel for Defendants, the South Carolina Commission on Lawyer Conduct and the South Carolina Office of Disciplinary Counsel*

March 29, 2022
Columbia, South Carolina