IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Hawkins and HawkLaw, PA, ) | Civil Action No.: 3:21-cv-01319-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| The South Carolina Commission on ) | |
| Lawyer Conduct and the South Carolina ) | |
| Office of Disciplinary Counsel, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs' Motion for Reconsideration (ECF No. 63) of this court's Order (ECF No. 60) granting Defendants' Motion to Dismiss based on the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine (ECF No. 26). For the reasons set forth below, the court **DENIES** Plaintiffs' Motion for Reconsideration. (ECF No. 62.)

## I.     RELEVANT BACKGROUND

Plaintiffs John Hawkins ("Hawkins") and HawkLaw, PA ("HawkLaw") filed this action against Defendants, the South Carolina Commission on Lawyer Conduct (the "Commission") and the South Carolina Office of Disciplinary Counsel (the "ODC"), pursuant to 42 U.S.C. § 1983 challenging the constitutionality of South Carolina's Rules of Professional Conduct for attorneys and requesting declaratory and injunctive relief. (ECF No. 1.) Plaintiffs, a licensed South Carolina attorney and a law firm organized under the laws of South Carolina, allege that Defendants have implemented and attempted to enforce various rules regulating their commercial speech in violation of the First and Fourteenth Amendments. (*Id.* at 1.) Specifically, Plaintiffs aver that South Carolina Rule of Professional Conduct 7.1(e) is facially unconstitutional and unconstitutional as applied to Plaintiffs; that portions of Rule 7.2(a) are facially unconstitutional

1

and unconstitutional as applied to Plaintiffs' television advertisements; Rule 7.1(c) is facially unconstitutional and unconstitutional as applied to Plaintiffs' advertisements; and that Defendants' "selective enforcement" of Rule 7.1 and 7.2 to particular advertisements is unconstitutional. (ECF No. 1 at 4–12 ¶¶ 20–71.)

On October 11, 2021, Defendants filed a Motion to Dismiss based on the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny and pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. (ECF No. 26.) Plaintiffs filed a Response in Opposition (ECF No. 28) to which Defendants filed a Reply (ECF No. 29). On December 9, 2021, the court heard oral arguments on the Motion to Dismiss. (*See* ECF No. 38.) On February 17, 2022, the court issued an Order granting Defendants' Motion to Dismiss based on the *Younger* abstention doctrine and dismissing the action. (ECF No. 60.) On March 15, 2022, Plaintiffs filed the instant Motion for Reconsideration (ECF No. 62) to which Defendants filed a Response in Opposition (ECF No. 63).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376,

1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). A motion for reconsideration "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion").

### III.   ANALYSIS

Plaintiffs limit their Motion for Reconsideration to the portions of the Order dismissing Plaintiffs' facial challenges to South Carolina Rule of Professional Conduct 7.1(e) and their as applied challenges to Rule 7.1(c) related to the use of the phrase "expect more" in attorney advertising. (ECF No. 62 at 1.) Plaintiffs contend that the court should reconsider its previous ruling because "there are no pending charges or investigations in the state court action related to those two claims[,]" and, therefore, those claims "are not 'intertwined' with any state court proceedings because there are no state court proceedings related to those claims." (*Id.*)

The court finds that Plaintiffs' Motion fails to allege any intervening change in law, new evidence, or clear error of law or manifest injustice. Instead, Plaintiffs restate their previous arguments that there are no pending investigations or charges related to the relevant provisions of the Rules of Professional Conduct and that the court's obligation to hear and decide a case is "virtually unflagging." (ECF No. 62-1 at 2.) The court carefully evaluated and addressed these claims in its previous Order and, upon review, did not commit clear error in its ruling.

Ultimately, Plaintiffs fail to show that the court committed a clear error of law or manifest injustice, or that they are otherwise entitled to relief under Rule 59(e).  Consequently, the court declines to allow Plaintiffs to rehash previously considered arguments or to reconsider its prior ruling based on Plaintiffs' disagreement with the result.  *Hutchinson*, 994 F.2d at 1082.  As such, the court finds that reconsideration is not warranted, and Plaintiffs' Motion must be denied.

### IV.    CONCLUSION

Based upon the foregoing, the court **DENIES** Plaintiffs' Motion for Reconsideration. (ECF No. 62.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 11, 2022
Columbia, South Carolina